Robert M. Herz
Law Office of Robert Herz, P.C.
425 G. Street, Suite 600
Anchorage, Alaska 99501
907-277-7171 Phone
907-277-0281 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT BROWN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FRANK PETERSON, Individually and )<br>In His official capacity as a City of Kodiak )<br>Police Officer; JEFF HOLDEN, Individually)<br>and in his official capacity as a City of )<br>Kodiak Police Officer; CITY OF KODIAK; )<br>and JOHN AND JANE DOES 1-10, )<br>)<br>Defendant. )<br>_____) | Case No.:   A05-0002 CV. (TMB) |

## MOTION TO RE-OPEN DISCOVERY

The parties appeared before the court on June 12, 2007 for a status hearing. At that time the parties summarized that the original closing date for discovery had been February 19, 2007. This date was extended to April 19, 2007 on December 21, 2006 by stipulation. At the status hearing, Mr. Koziol indicated the counsel had been so far cooperative with one another, had gotten along" and that three depositions had been taken. Undersigned counsel disclosed at the June 12 hearing that serious health issues arose for counsel beginning mid-February that persisted to late May and that through no fault of his own or his clients, this prevented counsel from diligently pursuing discovery during this period of time. Counsel had just resumed full time work two weeks earlier.

At that time undersigned counsel indicated that plaintiffs were requesting that under the circumstances the court should allow for discovery to be reopened. Plaintiff suggested

that no prejudice would inure to defendants. Mr. Koziol responded that defendants had submitted one notice of expert, and that the expert notice deadline for plaintiff had lapsed. Mr. Koziol also indicated that defendants wanted some notice of the scope of plaintiffs proposed discovery and some indication of what kind of experts would be called in this case. Plaintiff indicated that use of force would not be an issue at trial and so the notice of expert provided by defendant on that issue was moot.

The court indicated that the parties should attempt to identify what work should done and attempt to work out a schedule. The court requested the parties to meet and confer with plaintiff to file a status report with the court by June 23, 2007 with a proposed adjusted schedule. See Docket at # 47. The parties discussed the principal issue, that being the reopening of discovery, and by June 22 were unable to reach an agreement.

Since that time undersigned counsel has determined the following areas comprise the scope of discovery work plaintiff would like to undertake at this time. In particular, plaintiff seeks to obtain through requests for production the following:

1. Complete personnel file(s) for Officer Peterson, including any files at the city human resources office and any separate files maintained at the police department
2. Complete personnel file(s) for Douglas Croyle, including any files at the city human resources office and any separate files maintained at the police department
3. Complete training records and training file for Peterson
4. Complete training records and training file for Croyle
5. Complete internal investigation report regarding Officer Peterson and 16 year old J.M. from 2006, including all files maintained by Kodiak P.D., and any and all files maintained separately by the city of Kodiak
6. Current training manual for dispatchers at the Kodiak P.D.
7. 2003 training manual for dispatchers
8. Dispatcher Douglas Croyle's personal log books for the 60 day period surrounding this incident. These "personal" log books are kept and maintained by Kodiak P.D.
9. Radio logs for time period surrounding this incident
10. All computer records generated as a result of this call/incident.
11. Any internal police correspondence, such as emails, memorandums or letters, generated as a result of this incident
12. Department policy and procedures manual that was in effect in 2003 (the same manual is used by both sworn and civilian personnel). All employees receive the manual when hired.

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

Plaintiff proposes that these materials be produced within the next 30 days. Sometime within sixty days of receipt of these complete materials, and on dates and times convenient to defendants and counsel, plaintiff would propose taking the depositions of defendant Frank Peterson and witness Douglas Croyle. Plaintiff would propose reserving on the issue of taking other depositions dependin on what facts and/or issues become apparent following production of documents proposed above an the content and nature of the depositions provided by Mr. Peterson and Mr. Croyle.

Plaintiff intends to retain one or two experts on issues related to the legal standards and reasonableness of the stop of Mr. Brown's vehicle and entry into Mr. Brown's home under the circumstances, and on issues related to dispatcher record keeping, dispatcher duties, work performance and training. Plaintiff would propose giving notice of these experts and provide report within 60 days after completion of the depositions of Mr. Peterson and Mr. Croyle.

DATED at Anchorage, Alaska, this 23rd day of August 2007.

THE LAW OFFICES OF ROBERT HERZ, P.C.
s/ Robert M. Herz
425 G. Street, Suite 600
Anchorage, Alaska 99501
Phone 907-277-7171
Fax 907-277-0281
rmherz@gci.net
AK Bar No. 8706023

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

**CERTIFICATE OF SERVICE**
I hereby certify that on August 23, 2007, a copy of the foregoing Mtn. To Reopen Discovery was served electronically to Frank Koziol,
s/ Robert Herz