FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
907-258-7706

Counsel for Defendants
FRANK PETERSON, JEFF HOLDEN,
AND CITY OF KODIAK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT BROWN,<br><br>        Plaintiff,<br><br>vs.<br><br>FRANK PETERSON, Individually and in His official capacity as a City of Kodiak Police Officer; JEFF HOLDEN, Individually and in his official capacity as a City Kodiak Police Officer; CITY OF KODIAK; and JOHN AND JANE DOES 1-10,<br><br>        Defendants. | Case No. 3:05-CV-0002 [TMB]<br><br><br><br><br><br><br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . i

LIST OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . 1

PLAINTIFF'S REQUESTED RELIEF . . . . . . . . . . . . . . . . 4

LEGAL STANDARD APPLICABLE . . . . . . . . . . . . . . . . . . 6

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    I.   PLAINTIFF HAS NOT ACTED WITH DUE DILIGENCE.   9

    II.  PLAINTIFF'S ATTORNEY HAS NOT BEEN
        GROSSLY NEGLIGENT. . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 13

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

## LIST OF EXHIBITS

Exhibit

| | |
|---|---|
| A | Defendants' Disclosure of Expert Witness and Report dated March 5, 2007 |
| B | Defendants' Initial Disclosures dated June 16, 2006 |
| C | Log notes from <u>State of Alaska v. Brown</u>, 3KO-S03-012 CR |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

COMES NOW Defendants FRANK PETERSON, JEFF HOLDEN, and CITY OF KODIAK, by and through their attorney FRANK S. KOZIOL, and, hereby submit their opposition to Plaintiff's Motion to Re-Open Discovery dated August 23, 2007 as follows:

## INTRODUCTION

After the close of discovery, Plaintiff has moved to reopen discovery to conduct depositions, submit requests for production, and add two experts to a final witness list never filed. Plaintiff has not acted with due diligence and his request should be denied.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in January, 2005. On March 15, 2005, the Court ordered discovery stayed only as to Defendant Peterson's deposition until he returned from military service. All other discovery was permitted to proceed.[1]

In a Status Report dated March 17, 2006, the Court and opposing counsel were informed that Defendant Peterson had returned from Iraq and that the stay of proceedings as to his deposition could be lifted.

The parties submitted a Scheduling and Planning Conference Report on May 1, 2006. A Scheduling and Planning

---

[1] Order Regarding Defendant Peterson's Motion for Stay of Proceedings at 2.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 1 of 14

Order dated May 18, 2006 was issued, adopting the dates proposed by the parties. Discovery was to be completed by February 19, 2007.

Defendants filed a Motion to Compel Discovery Compliance and requested a status conference on December 14, 2006 because of the difficulty in speaking to Plaintiff's counsel and scheduling depositions. Defense counsel had no communication with Plaintiff's attorney for approximately two months despite repeated efforts to contact him.

The Motion to Compel was resolved by the parties by a stipulation to extend discovery deadlines dated December 21, 2006. Plaintiff's attorney explained his non-availability as follows in the stipulation:

> However, on November 1, 2006 Mr. Herz' secretary of the last four years began employment at another office, and shortly after that Mr. Herz fell ill for a significant period of time in November. Mr. Herz is a sole practitioner and with no one in the office answering telephones, or opening mail, Mr. Koziol's attempts to schedule the desired depositions simply could not be accomplished, and with no one in Mr. Herz' office no calls or messages could be or were returned.

In the stipulation, the parties agreed to a new discovery deadline of April 19, 2007, with a final witness list disclosing all lay and expert witnesses be due 45 days prior to

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 2 of 14

the close of discovery or March 5, 2007. Expert disclosure reports were due the same time as the naming of the experts, as per the original Scheduling and Planning Order.[2]

The Court adopted the new discovery deadline of April 19, 2007 in an Order dated December 26, 2007.

Defendants complied with the deadline for filing a final witness list.[3] Plaintiff failed to file a timely final witness list and has still not filed a final witness list.

Defendants complied with the disclosure requirement for experts by serving on Plaintiff an expert report of Steven Jimerfield. Service occurred on March 5, 2007. Mr. Jimerfield concluded that no excessive force was used by either Officer Peterson or Officer Holden.[4] Plaintiff provided no expert reports.

An Order Re Certification of Readiness For Trial was issued on May 23, 2007. The parties were not able to certify the information requested and Defendants requested a status conference in a pleading dated May 30, 2007.

A status conference was held on June 12, 2007. As a

---

[2] Scheduling and Planning Order dated May 18, 2006 at 2.

[3] See, Defendants' Final Witness List dated March 5, 2007.

[4] Exhibit A.

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 3 of 14

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

result of this conference, the parties were to meet and Plaintiff's attorney was to submit a status report on or before June 23, 2007 regarding pretrial and trial dates.[5]

Plaintiff's attorney filed a Status Report on June 22, 2007 and informed the Court that the parties have been unable to reach any agreement on the reopening of discovery. Plaintiff's attorney stated he would file an appropriate motion for relief by July 1, 2007.

Plaintiff did not file an appropriate motion for relief by July 1, 2007. On August 13, 2007, Plaintiff filed a motion for extension of time to file the appropriate motion for relief. The Court then set a hearing for August 24, 2007 to discuss this Motion for Extension of Time.

One day before the hearing, Plaintiff's attorney filed a Motion to Re-Open Discovery. At the August 24, 2007 hearing, the Court instructed Defendants to file their opposition to the Motion to Re-Open Discovery.

PLAINTIFF'S REQUESTED RELIEF

Since this case was filed, Plaintiff has not sent any discovery requests to Defendants nor has Plaintiff set and taken

---

[5]Minutes of the United States District Court dated June 12, 2007.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 4 of 14

any depositions.[6]

In Plaintiff's Motion to Re-Open Discovery, Plaintiff requests voluminous documentary discovery from Defendants. Requests are made for the personnel records including training records of Defendant Peterson and dispatcher Douglas Croyle. In Defendants' Initial Disclosures dated June 16, 2006 Defendants stated that it was withholding the personnel file of Defendant Peterson pursuant to Kodiak Municipal Code 2.36.020(a) which renders such documents confidential.[7] Plaintiff never sought to obtain these documents either by stipulated agreement or by motion.[8] More specifically, Plaintiff is seeking documents involving a minor and Defendant Peterson.[9] Since a juvenile is involved, these documents are of heightened confidentiality.

Defendants have provided voluminous discovery to Plaintiff. 1,540 pages have been provided less excisions.[10]

Also, Plaintiff seeks to take the depositions of Defendant Peterson and dispatcher Croyle. Defendants note that

---

[6] Affidavit of Frank S. Koziol.

[7] Exhibit B, Defendants' Initial Disclosures dated June 16, 2006 at 11.

[8] Affidavit of Frank S. Koziol.

[9] Motion to Re-Open Discovery at 2, Request No. 5.

[10] Affidavit of Frank S. Koziol. See also, Exhibit B.

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 5 of 14

both these witnesses testified at Plaintiff's criminal trial.[11] Plaintiff then wants to reserve the right to take other depositions depending upon the discovery obtained.[12] In Defendants' view, this is an open ended request to take depositions without limitation.

Finally, Plaintiff wants to add "one or two" experts on issues related to the entry into Plaintiff's home and on issues related to the dispatcher's job. In an effort to preempt any prejudice to Defendants insofar as Defendants have already supplied an expert report on use of force, Plaintiff asserts:

"Plaintiff indicated that use of force would not be an issue at trial and so the notice of expert provided by defendant on that issue was moot."[13]

Plaintiff does not explain how he intends to make use of force moot.

### LEGAL STANDARD APPLICABLE

Plaintiff has cited no legal authority in support of his Motion to Re-Open Discovery. The applicable law requires Plaintiff to meet a high standard in order to have discovery

---

[11]Exhibit C.

[12]Motion to Re-Open Discovery at 3.

[13]Motion to Re-Open Discovery at 2.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 6 of 14

reopened.

Federal Rule of Civil Procedure 16 authorizes the court to enter pretrial scheduling orders, which set dates for the completion of discovery, the hearing of dispositive motions, trial, and other matters. Subsection (b) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the court. The Court's Scheduling and Planning order further states that a deposition sought to be taken after the close of discovery can be had only upon a showing of good cause.[14]

The good cause requirement primarily considers the diligence of the party seeking the amendment. If the party was not diligent, the inquiry should end.[15] Although the existence of prejudice to the opposing party might supply additional reasons to deny the motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification.[16]

The Ninth Circuit has held there was no due diligence (1) where a movant failed to depose a witness during the twenty-seven months between the start of litigation and the discovery

---

[14] Scheduling and Planning Order dated May 18, 2006 at 3.

[15] Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

[16] Id.

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 7 of 14

FRANK S. KOZIOL
ATTORNEY AT LAW
518 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

cutoff, (2) where the movant failed to conduct discovery despite a one month continuance, and (3) where the movant had ample opportunity to conduct discovery but failed to do so.[17]

The Ninth Circuit emphasized that the district courts need to be able to control or limit discovery in order to advance the progress of their trial dockets:

> "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one."[18]

If due diligence is lacking, discovery will be denied even if the supplemental discovery may reveal highly probative evidence.[19]

Age and ill health are not an adequate excuse for a lack of due diligence. If an attorney is unable to assume the responsibilities of managing a case, other counsel should be sought. The court and the other parties are entitled to rely upon his appearance in the case as an indication that the attorney is able competently to perform the duties required of

---

[17] Cornwell v. Electra Central Credit Union, 439 F.3d 1018, 1026 (9th Cir. 2006) (citations omitted).

[18] Id. at 1027.

[19] Id.

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 8 of 14

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

him.[20]

Furthermore, an attorney's ordinary negligence is attributable to the client and only upon a showing of gross negligence would the client not be responsible for his attorney's actions.[21]

Finally, Plaintiff's motion does not cite but should cite Rule 6(b) entitled "Enlargement" of time.  Since Plaintiff did not file his motion within the time frame originally prescribed, Plaintiff must show his failure to act was based upon excusable neglect.  See, Rule 6(b)(2).

## ARGUMENTS

I. PLAINTIFF HAS NOT ACTED WITH DUE DILIGENCE.

Plaintiff has had 27 months to conduct discovery except for the taking of Defendant Peterson's deposition.[22] Plaintiff has had 13 months to take the deposition of Defendant Peterson.[23] Plaintiff conducted no discovery.  No discovery requests were sent and no depositions were taken by Plaintiff.

---

[20]See, Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 676 (D.C. Cal. 2003).

[21]Id. at 674.

[22]January, 2005 when the Complaint was filed until April, 2007 when discovery closed.

[23]March, 2006 when Plaintiff was informed of Defendant Peterson's return from Iraq to April, 2007 when discovery closed.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002   [TMB]
Page 9 of 14

Discovery deadlines were extended by stipulation once in November, 2006 due to a brief illness of Plaintiff's attorney and his loss of a secretary. Even after that extension, Plaintiff failed to conduct discovery.

Plaintiff failed to file a final witness list as required. Plaintiff let the discovery deadline pass without filing a motion to enlarge the time for either filing a final witness list or to conduct further discovery. Defendants complied with the deadlines by filing their final witness list and disclosed to Plaintiff its use of force expert along with his report.

Plaintiff was to file his motion to reopen discovery by July 1, 2007 but ignored this representation to the Court and filed the motion on August 23, 2007 only after this Court set a hearing the following day.

Plaintiff's attorney's excuse is a summary assertion that he had "serious health issues . . . beginning mid-February that persisted to late May . . . and this prevented counsel from diligently pursuing discovery during this period of time."[24]

Ill health is not an adequate excuse for a lack of due

---

[24]Motion to Re-Open Discovery at 1.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 10 of 14

diligence.[25] Plaintiff's attorney could have sought the assistance of other counsel or informed the Court within the discovery period of an inability to do so. Neither was done.

Furthermore, there were other periods of time wherein Plaintiff's attorney does not claim an inability to conduct discovery due to ill health. No explanation was given as to why discovery was not conducted during these time frames.[26]

Under controlling Ninth Circuit precedent, Plaintiff had ample opportunity to conduct discovery and did not do so. His Motion to Re-Open Discovery should be denied.

Prejudice to the Defendants, though not required to be shown, does add to the reasons for denying the motion. Plaintiff asserts that both Defendants Peterson and Holden unlawfully used force by pepper spraying Plaintiff and forcing him to walk on a bad ankle thereby committing assault and battery for which Plaintiff wants punitive damages.[27]

Though Plaintiff has asserted that no prejudice will occur to Defendants with the revealing of their expert report

---

[25] See, Matrix Motor Co., 218 F.R.D. supra at n.20.

[26] For example, from December, 2006 after Plaintiff's attorney's November, 2006 illness until mid-February, 2007 when Plaintiff's attorney asserts he became ill again.

[27] Complaint dated January 3, 2005 at 3, paragraphs 11, 12, and 14 and at 10 paragraph 54.

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 11 of 14

FRANK S. KOZIOL
ATTORNEY AT LAW
818 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

because Plaintiff asserts that the issue of use of force is "moot", Plaintiff has done nothing to make the issue moot. The only way to make the issue "moot" would be to dismiss all claims involving the Defendants' use of force. Plaintiff has not offered to do so.

Lack of significance of the proposed discovery, though not required to be shown, can be an additional reason for denying the motion. Plaintiff already has the sworn testimony of Defendant Peterson and dispatcher Croyle from the criminal trial. There is no showing that additional depositions are necessary. Similarly, the written discovery is not shown to be of any significance. Finally, the two proposed experts, though vaguely described, would not clearly help any jury in resolving any issue in this case.

For, all of the above-stated reasons, Plaintiff's Motion to Re-Open discovery should be denied.

<div style="margin-left:2em">II.   PLAINTIFF'S ATTORNEY HAS NOT BEEN<br>
      GROSSLY NEGLIGENT.</div>

Plaintiff's attorney has asserted that his problems in conducting discovery should not be visited upon his innocent client and that discovery should therefore be reopened.

Only if Plaintiff could show that his attorney was grossly negligent should Plaintiff not be bound by his

FRANK S. KOZIOL
ATTORNEY AT LAW
818 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 12 of 14

attorney's actions.[28]

Plaintiff's attorney has not been grossly negligent. Initial Disclosures were served. A Preliminary Witness List was filed. Plaintiff's attorney attended the depositions of Plaintiff and his wife. A stipulation to extend discovery was entered into by Plaintiff's attorney.[29]

Therefore, the lack of due diligence by Plaintiff's attorney is attributable to Plaintiff.

### CONCLUSION

Plaintiff's Motion to Re-Open Discovery should be denied.

The current deadline for the filing of dispositive motions is 120 days before trial.[30] Since no trial date has been set, no deadline can be calculated. Defendants suggest 120 days after the denial of Plaintiff's Motion to Re-Open Discovery or, if the Court grants the reopening, 120 days after any discovery has been concluded.

---

[28] See, Matrix Motor Co., supra at n.20.

[29] Affidavit of Frank S. Koziol.

[30] Scheduling and Planning Order dated May 18, 2006 at page 3.

FRANK S. KOZIOL
ATTORNEY AT LAW
818 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 13 of 14

DATED at Anchorage, Alaska, this 5th day of September, 2007.

LAW OFFICE OF FRANK S. KOZIOL
Attorney for Defendants Frank Peterson, Jeff Holden, and City of Kodiak

By: /s Frank S. Koziol
Law Office of Frank S. Koziol
618 Christensen Drive
Anchorage, Alaska 99501
Phone: 907-258-7706
Fax: 907-258-7707
Email: koziol@gci.net
ritagutierrez.koziol@gci.net
ABA No. 7210054

THIS IS TO CERTIFY that a copy of the foregoing was served electronically and by U. S. Mail upon:

Robert M. Herz, Esq.
425 "G" Street, Suite 600
Anchorage, Alaska 99501

/s Frank S. Koziol 9/5/07

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Defendants' Opposition to Plaintiff's Motion to Re-Open Discovery
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 14 of 14