Robert M. Herz
Law Office of Robert Herz, P.C.
425 G. Street, Suite 600
Anchorage, Alaska 99501
907-277-7171 Phone
907-277-0281 Facsimile

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT BROWN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FRANK PETERSON, Individually and )<br>In His official capacity as a City of Kodiak )<br>Police Officer; JEFF HOLDEN, Individually)<br>and in his official capacity as a City of )<br>Kodiak Police Officer; CITY OF KODIAK; )<br>and JOHN AND JANE DOES 1-10, )<br>)<br>Defendant. )<br>_____) | Case No.:    A05-0002 CV. (TMB) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO RE-OPEN DISCOVERY**

In accordance with this court's request made at the hearing on August 24, 2007 for legal authority in support of plaintiff's underlying motion and in accordance with Local Rule 7.1, plaintiff submits the following legal authority in support of his motion to reopen discovery.

**Standard for Reopening Discovery**

Discovery deadline in Mr. Brown's case passed without completion of discovery, due to health problems of Mr. Brown's counsel. The district court has broad discretion in granting or denying the motion to change discovery deadlines. *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006) (district court acted well within its sound

discretion when it denied employee's motion to reopen discovery). This is so even in cases where the plaintiff seeks to reopen discovery after a defendant files a summary judgment motion.[1] In such a case, the district court has the same broad discretion as it does over Rule 16 motions. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir.2001)(upholding the grant of summary judgment and noting that the court reviews for abuse of discretion a district court's denial of a request to reopen discovery).

Civil Rule 16(b) provides that the pretrial schedule for discovery shall not be modified "except upon showing of good cause and by leave of the district judge." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.1992) ("The scheduling order ' control[s] the subsequent course of the action' unless modified by the court."). The "good cause" standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he unable to meet the timetable set forth in the order. *Id.* There does not appear to be a different standard for extending discovery deadlines as opposed to reopening discovery. In the absence of a pending summary judgment motion, a motion to extend discovery and a motion to reopen discovery are both motions to amend the scheduling order under Rule 16. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002) (finding the trial judge did not abuse his discretion in denying a Rule 16 motion to extend discovery). Plaintiff found no cases that made that distinguished factually between where discovery had closed prior to the Rule 16 motion, and where discovery was still open.[2]

---

[1] Many of the cases on reopening discovery deal with Plaintiffs who make motions for additional discovery after a summary judgment motion has been filed by the defendant. In such cases, the district court abuses its discretion only if "the movant diligently pursued its previous discovery opportunities, **and** if the movant can show how allowing additional discovery would have precluded summary judgment." *Id.* (quotation omitted). *See Also Institute For Wildlife Protection; et al. v. FWS*, 174 Fed.Appx. 363 (9th Cir. 2006) ("Even if Appellants diligently pursued prior discovery opportunities, they do not show how additional discovery in this case would have precluded summary judgment.")

[2] There does appear to be a slightly different standard once a summary judgment motion has been filed. Once a summary judgment motion has been filed, the moving party has to make a motion under Rule 56(e) and demonstrate due diligence (which is essentially the same as a good cause showing under Rule 16) <u>and</u> has to show how the requested discovery would defeat summary judgment. Under Rule 16(e) there is also a difference

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

The cases seem clear that in the face of a Rule 16 motion, a district court may permit at its discretion for good cause shown additional discovery. Certainly the standard for reopening discovery earlier in the case, under Rule 16, should not be as high or higher than after a summary judgment motion has been filed. Plaintiff found no case that indicates legitimate medical issues are not good cause for extending discovery deadlines and allowing a court to reach the merits of a plaintiff's claims.

The Supreme Court discusses, in the context of excusable neglect, the equitable considerations and balancing of concerns in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380 (1993). This case was recently interpreted by the Ninth Circuit in *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004). These cases deal with "excusable neglect" under Civil Rule 4. These cases conclude that the determination of whether neglect is excusable is an equitable one, taking account of relevant circumstances surrounding the party's omission. The equitable nature of the "good cause" concept is similar.

**Defendant's Claim of Prejudice**

The Defendants' claim of prejudice from timely disclosure of their one expert seems calculated to seek a litigation advantage as a result of counsel's health issues. If discovery is not reopened plaintiff's case is in peril and may ultimately be dismissed as a consequence. The lack of simultaneous disclosure of experts does not actually prejudice the defendant if discovery is reopened. Rather, both parties will be on equal footing and have ample access to the other's experts. Dismissals with prejudice or defaults are drastic sanctions, termed "extreme" by the Supreme Court, *National Hockey League,* 427 U.S. 639, 643 (1976), and are to be reserved for comparable cases. It would be very harsh to dismiss Mr. Brown's case when his counsel has failed to complete discovery because of unavoidable medical problems,

---

between extending and reopening when a party seeks to modify a scheduling order AFTER a final pretrial conference. At that point, the schedule can be modified only to "prevent manifest injustice."

and has worked diligently since his return to work to identify the necessary discovery to proceed.[3]

**Conclusion**

This court has complete discretion pursuant to Rule 16(b) (rather than Rule 56(e) or 16(e) because no summary judgment motion has been filed) to make any amendment to the scheduling order requested as long as the court finds good cause. Counsel's unavoidable medical problems present good cause under the circumstances.

DATED at Anchorage, Alaska, this 4th day of September 2007.

THE LAW OFFICES OF ROBERT HERZ, P.C.
s/ Robert M. Herz
425 G. Street, Suite 600
Anchorage, Alaska 99501
Phone 907-277-7171
Fax 907-277-0281
rmherz@gci.net
AK Bar No. 8706023

CERTIFICATION

The undersigned certifies that on the ___4TH___ day of ___SEPT___, ___2007___, a true copy of this document was served on the following attorneys: _electronically on Atty. Frank Koziol_ by RH

---

[3] Note that one of the grounds for relief from a judgment or order under Rule 60(b) is excusable neglect. As discussed in *Johnson, supra*, prejudice is not the deciding factor in the Ninth Circuit. The Fifth Circuit has a four-part test that includes prejudice to the defendant: (1) the explanation for the failure to complete discovery; (2) the importance of the discovery; (3) potential prejudice in allowing the discovery; and (4) the availability of a continuance to cure such prejudice." *Reliance Insurance Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253 (5th Cir. 1997) *quoting Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990).) Even if this test were applied, the court should allow discovery to be re-opened in this case.

See also, *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004). While the Pincay court did not expressly address the difference between excusable neglect and good cause, it would stand to reason that a party who has good cause did not neglect the case. Legitimate medical incapacity is not neglect. Thus if the court agrees that the delay here is due to health problems of counsel, it need not determine if there was neglect, and whether it was it excusable. Rule 16 does not use the phrase "excusable neglect" but only "good cause." As the dissent in *Pincay* noted, "how could circumstances beyond one's control be neglect?" *Pincay*, 389 F.3d at 862.