Robert M. Herz
Law Office of Robert Herz, P.C.
425 G. Street, Suite 600
Anchorage, Alaska 99501
907-277-7171 Phone
907-277-0281 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FRANK PETERSON, Individually and ) <br> In His official capacity as a City of Kodiak ) <br> Police Officer; JEFF HOLDEN, Individually) <br> and in his official capacity as a City of ) <br> Kodiak Police Officer; CITY OF KODIAK; ) <br> and JOHN AND JANE DOES 1-10, ) <br> ) <br> Defendant. ) <br> _____) | Case No.:   A05-0002 CV. (TMB) |

**REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY**

Plaintiff, Scott Brown, has requested that this Court modify the Rule 16 scheduling order and allow additional discovery in this case, due to medical incapacity of his counsel. As indicated in the Motion, Docket at 52, the parties have been unable to comply with the Court's request that the parties attempt to work out a schedule for what work needed to be done, and the Defendants now challenge the veracity of counsel's statements about his health preventing the completion of discovery.

Defendants argue that Mr. Brown's counsel has not been diligent, because he failed to conduct discovery during the time that Defendant Peterson was deployed on active military

duty. Defendant Peterson acknowledged in his Motion for a Stay of all Proceedings that he is the primary focus of the lawsuit as the first officer to enter Mr. Brown's home, and to initiate Mr. Brown's arrest. Memo in Support of Motion for Stay Docket at 2, p. 2 of 7.[1] The Court allowed, in response to Mr. Brown's objection to staying the entire case, that some "limited" discovery could proceed. Docket at 11, p. 2. But the Court made it clear that the discovery deadlines would be extended for a reasonable time after Mr. Peterson's return. There was no additional discovery conducted by either party while Defendant Peterson was deployed.

Upon Defendant Peterson's return from military service, the Court was notified and the stay was lifted. Docket at 15. Mr. Peterson filed his answer on April 5, 2006. Docket at 16. The parties held their Rule 26(j) meeting and filed a report on May 1, 2006. Docket at 20. The Court then issued its scheduling order on May 22, 2006. Docket at 22. It is significant that despite the allowance of "limited" discovery during the stay, no scheduling meeting was held and no scheduling order was entered, and so none of the parties, including the City and Mr. Holden, engaged in discovery until after the scheduling order was entered in May of 2006.[2] Thus discovery in this case was open, for all practical purposes, from approximately May 1, 2006 until April 19, 2007, or approximately 11 months. (See Opp. at 9 where Defendants assert Mr. Brown has had 27 months to take the requested depositions.)

During the 11 months, Plaintiff's counsel had two unforeseeable and serious health issues arise. See Herz Affidavit, attached as Exhibit 1. In the fall of 2006, Mr. Herz developed pneumonia and was unable to work. Exhibit 1, ¶ 5. Due to this illness, and the fact that Defendants had not yet taken Mr. Brown's deposition, in December of 2006 the parties agreed to extend the discovery deadline for two months, until April 19, 2007. Docket

---

[1] Defendant Peterson originally requested an 18-month stay of all proceedings, which the Court declined to issue, preferring instead to have the trigger for the end of the stay be Mr. Peterson's return. Docket at 11. Defendants allege no reason why an additional few month delay now would prejudice Defendants.

[2] Federal Civil Rule 26(d) provides that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).

at 40.[3] Counsel for defendants was informed at that time of Mr. Herz' absence from work and ill health due to pneumonia.

Unfortunately, Mr. Herz then suffered a back injury in mid-February and was unable to come to the office or complete any of his planned work.[4] By the time he was able to come to work for even short periods of time, at the end of April, the discovery deadline had passed. Mr. Herz returned to work part time, slowly adding tolerance to sitting over approximately five weeks, until he was able to work full time again by mid June. Exhibit 1, ¶8.

The parties have been discussing the reopening of discovery with each other and with the Court since Mr. Herz has returned to work full-time. See Docket at 43-52. Mr. Herz asked the Court to reopen discovery as soon as it became clear the parties would not reach agreement and as soon as he returned from a trial in Seward in another case. Docket at 49. Mr. Herz concedes that discovery did not proceed during the time of his illnesses, but that is precisely the reason that additional discovery is needed. That discovery did not proceed as scheduled due to counsel's ill health cannot fairly be characterized as "lack of diligence."

The additional discovery sought by Plaintiff involves Mr. Peterson and his interaction with Mr. Croyle, the police dispatcher. The gravamen of the case, as acknowledged by defendants, is against Mr. Peterson and concerns his actions as a police officer. Mr. Brown still seeks Mr. Peterson's personnel file because it was withheld by Defendants in initial disclosures, putatively because a Kodiak borough ordinance exempts it from public review. The fact that there are sensitive personnel issues in the file, or that there is a "public"

---

[3] Defendants' now challenge the veracity of Mr. Herz' statement that he had health problems that prevented him from working, and cite to the stipulation, drafted by Defendants that Mr. Herz was ill in November of 2006. Docket 55 at 2. But Defendants also acknowledge that they were unable to complete discovery because they were unable to communicate with Mr. Herz "for approximately two months despite repeated efforts to contact him." Id. This occurred during the time Mr. Herz was suffering from pneumonia. See Exhibit 1.

[4] Defendants argue to this Court that Plaintiff should be denied additional discovery because Mr. Herz had no heath issues from December of 2006 until mid-February of 2007. Docket at 55. While Mr. Herz could have sought to complete discovery before his incapacity in mid-

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

disclosure ban, is not a basis for exemption to disclosure under the rules of discovery.[5] There was no basis for completely withholding the documents from Mr. Brown in a case where Mr. Peterson's actions against him are at issue.

Mr. Brown has not made "an open ended request to take depositions without limitation" as asserted by Defendants. Rather Mr. Brown requested only that the Court not foreclose the option of more depositions if Mr. Peterson and Mr. Croyle's depositions indicate that there is additional discovery needed that is relevant to the claims against the Defendants in this case.

Defendants also assert to this court that Mr. Brown will not be prejudiced by a lack of additional discovery because both Mr. Peterson and Mr. Croyle testified in a criminal proceeding against Mr. Brown. Obviously the focus of that testimony sought to establish the elements of the crimes charged against Mr. Brown, and did not address the factual issues that now arise in this civil case for unlawful stop of a vehicle and unlawful entry into Mr. Brown's home. Denying additional discovery will seriously hamper, if not completely derail, Mr. Brown's case against Defendant Peterson for illegally entering Mr. Brown's home.

Because this entire case was effectively stayed due to lack of activity by all parties during Defendant Peterson's active military service, the question this court must answer is whether there is good cause to allow some additional discovery where counsel for Mr. Brown

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

---

February, he obviously did not know he was going to be unable to conduct discovery from mid-February until April 19th when discovery closed.

[5] Defendant alleges that there are heightened concerns about Mr. Peterson's file because of some involvement between "a minor and Defendant Peterson." Docket 55, at 5. The evidence in the file apparently demonstrates that Mr. Peterson, as the DARE officer at Kodiak High School was involved in a relationship with a 16-year-old Kodiak High School student. The relationship, at a minimum, involved thousands of sexually explicit emails and hours of telephone calls between the two. Apparently, Peterson was demoted as a result of the relationship, barred from the High School, required to obtain sexual offender type counseling but allowed to remain with the Department. Defendants may seek to excise the name of the minor, or request a confidentiality agreement at the time of the disclosures if they wish to protect the identity of the minor. Furthermore, the Court may entertain an appropriate motion to limit the use of certain evidence if it becomes an issue at trial. A police personnel file

suffered medical incapacity that prevented him from accomplishing all discovery within an 11 month time frame, including the last two months of discovery, when Plaintiff's counsel was unable to come to work due to a back injury.

The parties agree that the legal standard for this Court to reopen discovery is a finding of good cause. Opp at 7-8 (Docket at 55) and Memorandum in Support of Motion to Re-Open Discovery (Docket at 54). Defendants have asserted that Mr. Brown had 27 months to conduct discovery and so the Court, like the Court in *Matrix*, should deny any additional discovery. However, Plaintiff did not have the same amount of time at issue in *Matrix*, and Plaintiff's counsel, unlike the lawyer in *Matrix*, was unable to work during significant portions of the discovery period. In *Matrix* the lawyer was simply filling in until new counsel could be appointed, and cited to his age and ill-health as general reasons why he had not taken any action to begin discovery. Mr. Herz was capable of pursuing this case when he took it, and his general health does not normally preclude him from diligently representing his clients. In this case, however, the timing of discovery and two unforeseen health problems prevented him from finishing discovery before the deadline.

/ / /

/ / /

/ / /

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

---

generally is essential to a claim of police officer misconduct and contains relevant information.

## Conclusion

Mr. Brown respectfully requests that this Court allow additional discovery as detailed at page 3 of Docket 52. During this time Mr. Brown will complete the requested additional discovery, all of which is narrowly tailored to the personnel records of the two key police department employees, and the other police records clearly connected to the incident at issue. Mr. Brown agrees with the Defendants' request that dispositive motions be due 120 days after the closing of this additional discovery. (Docket 55 - Opposition at 13).

DATED at Anchorage, Alaska, this 23rd day of August 2007.

THE LAW OFFICES OF ROBERT HERZ, P.C.
s/ Robert M. Herz
425 G. Street, Suite 600
Anchorage, Alaska 99501
Phone 907-277-7171
Fax 907-277-0281
rmherz@gci.net
AK Bar No. 8706023

**CERTIFICATE OF SERVICE**
I hereby certify that on Sep 12, 2007, a copy of the foregoing Reply To Reopen Discovery was served electronically to Frank Koziol,    s/ Robert Herz