IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANK PETERSON, Individually, and in his official capacity as City of Kodiak Police Officer; CITY OF KODIAK; and JOHN AND JANE DOES 1-10,<br><br>    Defendants. | Case No. 3:05-cv-0002-TMB<br><br><u>ORDER</u> |

On August 23, 2007, Plaintiff filed a Motion to Reopen Discovery. A Memorandum of Law in support of that motion was filed on September 4, 2007. Defendants filed an opposition to the motion the following day.

This case began with the filing of a Complaint on January 3, 2005. Defendant Frank Peterson moved to stay all proceedings on February 7, 2005, as he was out of the country on active military duty. On March 15, 2005, the request for a stay was granted in part and denied in part. Specifically, the court ordered that:

> Defendant Peterson's deposition and trial is hereby stayed until such time as he returns form military service. Limited discovery, however, may proceed against Defendants Holden and the City of Kodiak. . . . Furthermore, discovery in this matter shall be extended to a reasonable time following Peterson's deactivation from military service.

Docket 11 at 2.

It appears that no Scheduling and Planning Order was done and the case was reassigned to the undersigned in January 2006. The court ordered that a Status report be filed by Defendants regarding Peterson's military status on March 8, 2006. Defendants reported on March 14, 2006, Defendant Peterson had returned from Iraq and that "the current stay of proceedings can be lifted." The stay was lifted on March 20, 2007, and Defendant Peterson was directed to file an Answer. It is unclear what, if any discovery was conducted while the stay was in place. However, it appears

1

EXHIBIT A

there may have been some confusion as to the scope of the stay in the absence of a Scheduling Order.

Based upon the parties' submissions, a Scheduling Order was entered on May 22, 2006. That order set February 19, 2007, as the close of discovery. Defendants filed a Motion to Compel and requested a status conference on December 14, 2006 because they were having difficulty communicating with Plaintiff's counsel and scheduling depositions. That issue was resolved by way of stipulation in which the parties sought to extend the discovery deadline to April 19, 2007, which the court approved.

Defendants complied with the new deadlines, including the filing of witness lists and disclosure of their expert report. Plaintiff did not comply with the new deadlines, due to the illness of Plaintiff's counsel. At a status conference on June 12, 2007, Plaintiff's counsel stated he needed additional time for discovery, which Defendants opposed. The parties were unable to resolve this issue, leading to Plaintiff's present Motion to Reopen Discovery.

The Court has reviewed the submissions of the parties. The better practice would have been for Plaintiff to seek to extend discovery due to his ill health and not make the present motion after Defendants have made their disclosures. Nevertheless, the Court concludes that the Plaintiff should have an opportunity to complete discovery.

Therefore, discovery will close 90 days from the date of this order. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due 45 days prior to the close of discovery. Dispositive motions will be due 120 days from the close of discovery. No motions in limine will be filed at this time. The Court will address the filing of such motions in a trial preparation order.

Finally, the Court will look with disfavor upon any additional requests to extend discovery in this case. IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 4th day of October, 2007.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge