FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
TEL: 907-258-7706
FAX: 907-258-7707
koziol@gci.net

Counsel for Defendants
FRANK PETERSON AND JEFF HOLDEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT BROWN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:05-CV-0002 [TMB] |
| FRANK PETERSON, Individually and in His official capacity as a City of Kodiak Police Officer; JEFF HOLDEN, Individually and in his official capacity as a City Kodiak Police Officer; CITY OF KODIAK; and JOHN AND JANE DOES 1-10, | ) ) ) ) ) ) ) PROPOSED ) MEMORANDUM IN SUPPORT OF ) DEFENDANTS PETERSON'S AND ) HOLDEN'S MOTION FOR |
| Defendants. | ) SUMMARY JUDGMENT |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Ex. A

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . i

LIST OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . vii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . 1

    I. EVENT FACTS. . . . . . . . . . . . . . . . . . . . 1

    II. UNDERLYING LEGAL PROCEEDINGS. . . . . . . . . . 9

SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . 13

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . 15

    I. NO COLLATERAL ESTOPPEL AGAINST DEFENDANTS FOR ANY DECISION BY THE STATE COURT. . . . . . . . . . . . . . . . 15

        A. Introduction. . . . . . . . . . . . . . . . 15

        B. No Collateral Estoppel Because Defendants Were Not Parties To The Criminal Proceedings, Did Not Have The Opportunity To Litigate The Issue Of Qualified Immunity, And No Final Judgment Was Obtained. . . . . . . 16

        C. Conclusion. . . . . . . . . . . . . . . . . 22

    II. NO FOURTH AMENDMENT VIOLATION OCCURRED WITH THE ENTRY INTO THE HOME. . . . . . . . . . 22

        A. Introduction. . . . . . . . . . . . . . . . 22

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

    B.    Hot Pursuit. . . . . . . . . . . . . . . . 23

    C.    Imminent Destruction Of Evidence. . . . . 24

    D.    Peterson Had Reasonable Suspicion To Believe That Plaintiff Brown Had Committed A DUI And, Therefore, Was Lawfully Making An Investigatory Stop When Plaintiff Brown Fled. . . . . . 25

    E.    Peterson Could Lawfully Enter Plaintiff's Residence Without A Warrant Based Upon Investigatory Stop Authority While In Hot Pursuit. . . 28

    F.    Peterson Could Lawfully Enter Plaintiff's Residence Without A Warrant Based Upon Probable Cause To Arrest Plaintiff For Driving Under The Influence. . . . . . . 30

III.  THE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY FOR THE WARRANTLESS ENTRY INTO THE HOME. . . . . . . . . . . . . . . . . . . . . 32

    A.    Introduction. . . . . . . . . . . . . . . 32

    B.    No Constitutional Right Was Violated By Officer Peterson, And Later, Officer Holden's Entry To The Home. . . . . . . 35

    C.    The Law Was Not Clearly Established that Officer Peterson Was Prohibited From Pursuing Plaintiff Into His Home. . . . 39

    D.    Plaintiff's First Cause Of Action: Unlawful Entry, Seizure And Arrest Under 42 U.S.C. § 1983 Should Be Dismissed. . . . . . . . . . . . . . . . 41

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE,
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

IV. EXCESSIVE FORCE CLAIMS SHOULD BE DISMISSED. . . 42

    A.    Introduction. . . . . . . . . . . . . . . . 42

    B.    Ninth Circuit Cases. . . . . . . . . . . . 44

    C.    Other Cases. . . . . . . . . . . . . . . . 45

    D.    No Constitutional Violation Occurred By The Officers' Use Of The Pepper Spray. . 46

    E.    The Law Was Not Clearly Established That Pepper Spray Could Not Be Used Under The Totality Of The Circumstances. . . . . . . 48

V. MEDICAL CARE WAS NOT DENIED IN VIOLATION OF 42 U.S.C. § 1983. . . . . . . . . . . . . . . . . 49

    A.    Introduction. . . . . . . . . . . . . . . . 49

    B.    Plaintiff's Foot Condition Did Not Constitute A Serious Medical Condition. . 50

    C.    Deliberate Indifference Cannot Be Shown. 51

VI. STATE CLAIMS SHOULD BE DISMISSED. . . . . . . 51

    A.    Introduction. . . . . . . . . . . . . . . . 51

    B.    Third Cause Of Action: Invasion Of Privacy Should Be Dismissed. . . . . . . . . . . . 52

        1.    Introduction. . . . . . . . . . . . 52

        2.    There Can Be No Reasonable Expectation Of Privacy Nor An Expectation Of No Arrest. . . . . . . . . . . . . . . . 52

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

C.  Fourth Cause Of Action: Assault And Battery Should Be Dismissed. . . . . . . 53

   1.  Introduction. . . . . . . . . . . . 53

   2.  No Assault and Battery was Committed Because The Officers Were Privileged To Use Reasonable Force. . . . . . . 54

D.  Fifth Cause Of Action: False Arrest Should Be Dismissed. . . . . . . . . . . . . . . 54

   1.  Introduction. . . . . . . . . . . . 54

   2.  There Was Proper Legal Authority For The Arrest. . . . . . . . . . . . . 55

E.  Sixth Cause Of Action: Malicious Prosecution Should Be Dismissed. . . . . . . . . . . 55

   1.  Introduction. . . . . . . . . . . . 55

   2.  Probable Cause Existed For The Prosecution And There Was No Malice. 56

F.  Seventh Cause Of Action: Abuse Of Process Should Be Dismissed. . . . . . . . . . . 59

   1.  Introduction. . . . . . . . . . . . 59

   2.  There Is No Ulterior Purpose Or Wilful Act. . . . . . . . . . . . . . . . . 59

G.  Eighth Cause Of Action: Negligence Should Be Dismissed. . . . . . . . . . . . . . . . 60

H.  Ninth Cause Of Action: Emotional Distress Claim Should Be Dismissed. . . . . . . . 60

FRANK S. KOZIOL
ATTORNEY AT LAW
818 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

|   |   |   |   |
|---|---|---|---|
|   |   | 1. Introduction. . . . . . . . . . . . . 60 |   |
|   |   | 2. Plaintiff Cannot Meet The Requirements For An IIED Claim. . . . . . . . . . . 61 |   |
|   | I. | Tenth Cause Of Action: Punitive Damages Should Be Dismissed. . . . . . . . . . . 62 |   |
|   | J. | Eleventh Cause Of Action: Respondeat Superior Should Be Dismissed. . . . . . . 62 |   |
|   | K. | Defendants Have State Immunity For State Claims. . . . . . . . . . . . . . . . . . 63 |   |
|   |   | 1. Introduction. . . . . . . . . . . . . 63 |   |
|   |   | 2. State Law Immunity Should Be Found.  64 |   |
| IV. | CONCLUSION. . . . . . . . . . . . . . . . . . 65 |   |   |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

LIST OF EXHIBITS

Exhibits

| | |
|---|---|
| A | Transcript[1] of the deposition of Douglas Croyle taken on April 9, 2008 |
| B | Douglas Croyle's handwritten notes |
| C | Transcript of recorded call made to dispatch by Laurie Skonberg |
| D | Excerpts of Transcript of Grand Jury Proceedings of testimony of Laura Skonberg on March 23, 2003 |
| E | Excerpts of Transcript of Grand Jury Proceedings of testimony of Laura Skonberg on June 5, 2003 |
| F | Register of Incidents/Offenses |
| G | Citizen Report DWI - REDDI dated January 4, 2003 |
| H | Kodiak Police Department dispatch log dated January 4, 2003 |
| I | Transcript of the deposition of Frank Peterson taken on April 1, 2008 |
| J | Transcript of the deposition of Jeffrey H. Holden taken on April 2, 2008 |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

---

[1]Citations to transcripts (of recordings, depositions, or proceedings) cited throughout this memorandum will be to the Exhibit and then the actual transcript page.

-vi-

K       Excerpts of Transcript of Grand Jury Proceedings of testimony of Maudean Magnuson on June 5, 2003

L       Kodiak Police Department Narrative Report, Case No. 200300101

M      Police car video cam videotape[2]

N      Frank Peterson scene audiotape

O      Transcript of police tape, Officer Peterson

P      Holding room videotape

Q      Transcript of processing tape of Scott Brown, January 4, 2003

R      Transcript of DMV Administrative Hearing - Scott Brown testimony on February 14, 2003

S      Transcript of the deposition of Scott Brown taken on January 16, 2007

T      Misdemeanor Complaint dated January 6, 2003 and Affidavit by Police Officer in Support of Complaint dated January 4, 2003 in State of Alaska v. Brown, 3KO-03-12 Cr.

U      Motion to Suppress Evidence dated March 18, 2003

---

[2] Defendants will file a motion to permit the submission of exhibits M, N, and P. Therefore, these exhibits are not attached hereto. These exhibits will be provided to the Court and Plaintiff once a ruling is made.

FRANK S. KOZIOL
ATTORNEY AT LAW
616 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

| | |
|---|---|
| V | Opposition to Suppress Evidence dated March 20, 2003 |
| W | Reply to Opposition to Motion to Suppress Evidence dated March 21, 2003 |
| X | Order dated April 1, 2003 |
| Y | Transcript of Proceedings regarding Evidentiary Hearing on Motion to Suppress dated April 3, 2003 |
| Z | Transcript of Evidentiary Hearing on Motion to Suppress |
| AA | DMV Notice and Order of Revocation dated January 4, 2003 |
| AB | Order to Suppress Evidence dated April 3, 2003 |
| AC | Motion for Reconsideration dated April 7, 2003 |
| AD | Order dated April 9, 2003 |
| AE | Indictment dated March 27, 2003 |
| AF | Information Adding Misdemeanor Count to Indictment dated April 3, 2003 |
| AG | Corrected Information Amending and Supplanting Count III only dated April 25, 2003 |
| AH | Order Dismissing Indictment dated May 14, 2003 |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

| | |
|---|---|
| AI | Order Suppressing Evidence Relative to Count II dated May 14, 2003 |
| AJ | Superceding Indictment dated June 5, 2003 |
| AK | Order dated August 11, 2003 |
| AL | Order dated August 7, 2003 |
| AM | Indictment dated June 19, 2003 in State v. Brown, 3KO-S03-373 Cr. |
| AN | Order Dismissing Indictment dated October 24, 2003 in State v. Brown, 3KO-03-373 Cr. |
| AO | Decision Regarding Order Dismissing Indictment dated November 5, 2003 in State v. Brown, 3KO-03-373 Cr. |
| AP | Log notes regarding evidentiary hearing dated June 11, 2003 |
| AQ | Verdict dated December 11, 2003 |
| AR | Transcript of deposition of Tammy Hulsey taken on April 2, 2008 |
| AS | Transcript of deposition of James L. Ellar taken on April 7, 2008 |
| AT | Transcript of deposition of Edward O. Mott taken on April 8, 2008 |
| AU | Harveston v. Cunningham, 216 Fed.Appx. 682, WL 34424 (C.A.9 (Wash.)) |
| AV | Transcript of deposition of Cary Bradbury taken on April 2, 2008 |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

## INTRODUCTION

Defendants Frank Peterson (Peterson) and Jeffrey Holden (Holden), police officers with the City of Kodiak, hereby move for summary judgment on all claims asserted against them. Claims against the City of Kodiak will be discussed in the City's separate Motion for Summary Judgment.

## STATEMENT OF THE CASE

### I. EVENT FACTS.

On January 4, 2003 at 4:51 p.m., a Kodiak Police Department dispatcher, Douglas Croyle (Croyle), received a telephone call from Laurie Skonberg (Skonberg).[3]

The transcript of the telephone call shows that Skonberg reported a gold flat bed truck that (1) slid through the Safeway parking lot, throwing rocks on a lady in the parking lot, and (2) when Skonberg followed the vehicle, she saw it traveling 45-50 mph, "going sideways and fishtailing", "out of control and very reckless", and did a 360 degree turn in front of her. She also told the dispatcher "They appear to be drunk." Finally, Skonberg told the dispatcher that the vehicle was going up Pillar Mountain and she would be surprised if the vehicle

---

[3] Exhibit A at Tr. 10-11, 42-43 and Exhibit B, Croyle's handwritten notes at 11120.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 1 of 65

made it back down.[4]

At 4:53 p.m., Croyle spoke to Kodiak Police Officer Peterson at the police station. Croyle told Peterson he received a REDDI (Report Every Drunk Driver Immediately) report and that the vehicle, a gold flat bed truck was being driven recklessly. Peterson was told the vehicle was headed up Pillar Mountain Road.[5] Contemporaneously with telling Peterson of the REDDI report, Croyle entered the call as a REDDI on the register of incidents/offenses.[6] Immediately thereafter, Croyle began typing the complaint card wherein he entered the caller's information as a "Citizen Report DWI-REDDI."[7] Further confirming that Croyle viewed the call as a REDDI, Croyle dispatched a State of Alaska Trooper to the scene telling the

---

[4] Exhibit C at Tr. 2-4. Skonberg testified at a grand jury proceeding that the vehicle ran a stop sign. Exhibit D at Tr. 2, Tr. 14. However, this was not mentioned in the call to dispatch. Skonberg further testified that the vehicle, when it went through the stop sign, was going over 40 mph and that it did an uncontrolled 360 degree turn two car lengths behind her after it had passed her in the opposite direction. She was concerned that the vehicle may have injured herself and her children. Exhibit E at Tr. 9-10.

[5] Exhibit A at Tr. 42-46, 98-99.

[6] Exhibit A at Tr. 53-54 and Exhibit F.

[7] Exhibit A at Tr. 101 and Exhibit G.

FRANK S. KOZIOL
ATTORNEY AT LAW
616 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 2 of 65

Trooper that two Kodiak police officers had been dispatched on a REDDI, as reflected in Croyle's radio logs.[8]

Prior to leaving the police station, Peterson told fellow Police Officer Holden of the REDDI call as received from Croyle.[9] Holden left the station three minutes after Peterson departed, believing he was looking for a drunk driver.[10] The officers divided up the areas where the gold flat bed truck may be located, with Peterson proceeding up Pillar Mountain Road and Holden searching at the base of the mountain.[11]

At 4:59 p.m., six minutes after he was dispatched from the station, Peterson saw the gold flat bed truck coming down Pillar Mountain Road and he reported to Croyle the license plate number.[12]

One minute later, Croyle described another call he received about the truck to Peterson.[13] The woman who was sprayed with rocks called dispatch. She reported that it was a

---

[8] Exhibit A at Tr. 110-111 and Exhibit H at 10464.

[9] Exhibit I at Tr. 119.

[10] Exhibit A at Tr. 102, Exhibit H at 10463, and Exhibit J at Tr. 19-20.

[11] Exhibit I at Tr. 119, 193-194 and Exhibit J at Tr. 19-20.

[12] Exhibit A at Tr. 103 and Exhibit H at 10463.

[13] Exhibit A at Tr. 104-105 and H at 10463-10464.

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 3 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

gold flat bed truck with duals on the back that sprayed her in the Safeway parking lot. The occupants of the vehicle motioned her to go in front of them but as she began to do so the vehicle was floored and went past her, covering her with rocks and also covering the front of the Safeway store. She described the driver as having bushy blondish hair and the passenger as having black hair and very dark stubble.[14]

Peterson turned his vehicle around, illuminated his overhead lights, and followed the vehicle. The vehicle pulled into a driveway and the driver (Plaintiff Brown) jumped from the vehicle. Peterson yelled several times for the man to stop but the man ran into the residence. Peterson was directly behind the man when he closed the outside door. Peterson then entered the residence and followed the man to a bathroom. At the bathroom, Peterson tried to open the door but the man was holding the door closed.[15]

A police video cam tape shows Peterson turning his vehicle around after the gold flat bed truck passed him. The tape shows Peterson following the truck to a residence. The tape shows someone exiting the driver's door. The passenger is

---

[14] Exhibit C at Tr. 2-3. This woman, Maudean Magnuson, testified if she had taken another step and turned in front of the vehicle, she would have been "flattened." Exhibit K at Tr. 6.

[15] Exhibit I at Tr. 207-208 and Exhibit L at 1.

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 4 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

then shown removing a case of beer from the vehicle.[16]

The man would not exit the bathroom despite the pleadings of his wife and Peterson. Finally, the man exited the bathroom and inquired why he was pulled over since he did nothing wrong. Peterson noticed the man had difficulty walking, swayed when he stood, had the odor of alcohol on his breath, had eyes that were bloodshot and watery, and his speech was slurred.[17]

The conversation continued as to whether he was intoxicated. The man stated that he drank after he came into the house. The man then grabbed a beer bottle near the refrigerator. Peterson told him not to drink it or he would be pepper sprayed. The man drank the beer and was pepper sprayed.[18] Even after he was pepper sprayed, the man continued to drink from the bottle. About half of a 16 ounce long necked Bud Lite was consumed.[19]

Peterson then grabbed the beer bottle from the man. Damon Brown, Plaintiff's brother, (the passenger from the vehicle) then entered the house. Peterson told him to leave the

---

[16] Exhibit M (to be submitted once the Court rules on the Motion to Permit Submission).

[17] Exhibit L at 1-2.

[18] Exhibit L at 2.

[19] Exhibit I at Tr. 211-212.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 (TMB)
Page 5 of 65