area. Peterson then returned to try to place handcuffs on the man but he resisted. A struggle ensued and Holden arrived to help place the handcuffs. Holden again pepper sprayed the man because of his resistance to being handcuffed.[20]

Peterson's scene tape captured these events.[21] The man refused Peterson's request to come out of the bathroom. His wife pleaded with him to come out telling him she was scared but he still refused.[22] The man claimed he was not driving recklessly and asserted he was not even driving.[23] When the man emerged from the bathroom he was told to sit down but refused.[24] When confronted by Peterson that he was swaying while standing and when asked how much had he to drink, the man at first denied any drinking then said he was drinking in the bathroom.[25] The tape confirms that the man picked up a bottle of beer, was told to put it down, and refused, was told he would be pepper sprayed if he did not put it down and replied "Go ahead". The wife told

---

[20] Exhibit L at 2.

[21] Exhibit N, audio scene recording, (to be submitted once the Court rules on the Motion to Permit Submission).

[22] Exhibit O, transcript of audio scene recording at Tr. 2-3.

[23] Exhibit O at Tr. 5.

[24] Exhibit O at Tr. 6.

[25] Exhibit O at Tr. 6-9.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 6 of 65

the man "Scott, don't. Don't. Please don't", referring to drinking the beer. The man then drank the beer, was told he was under arrest and was pepper sprayed.[26]

Holden responded to the scene. He saw the man and Peterson in the kitchen. Peterson had the man by an arm but a struggle was occurring as Peterson was trying to handcuff the man. The man broke free from Peterson. Holden grabbed the man's arm but the man jerked his arm from Holden. Holden then pepper sprayed the man for 1-2 seconds, the man stopped resisting, and handcuffs were placed on him.[27]

Peterson identified the man as Plaintiff Scott Brown at the police station.[28] At approximately 6:50 p.m., Plaintiff Brown provided a breath sample which registered a Breath Alcohol concentration of .185.[29] Peterson's difficulty in having Brown blow into the Datamaster was video-recorded.[30] An obviously drunk Brown was belligerent, threatening, obnoxious, and

---

[26] Exhibit O at Tr. 9.

[27] Exhibit J at Tr. 25-26, 57-60.

[28] Exhibit L at 3.

[29] Exhibit L at 5-6.

[30] Exhibit P, videotape recording of the holding room (to be submitted once the Court rules on the Motion to Permit Submission).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 7 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

insulting through most of the tape recording.[31]

Plaintiff Brown had an explanation for all the evidence against him. He blamed the spraying gravel and the fishtailing on a sticking throttle.[32] He denied drinking any alcohol prior to entering the bathroom.[33] He denied knowing the police officer was following him until he was in the bathroom.[34] He went into the house, not because the police were chasing him but because he had to urinate and defecate.[35] He denied running into the house and termed Peterson a "liar" for so stating.[36] While in the bathroom, he drank 3/4ths of a fifth of Jack Daniels which he had kept hidden because his wife did not like him to drink.[37] He drank the Jack Daniels because he was stressed out due to having previously sprained his ankle and was in pain, and he had an argument with his brother and wanted

---

[31] Exhibit Q, transcript of videotape recording of the holding room.

[32] Exhibit R at Tr. 2-4.

[33] Exhibit R at Tr. 7.

[34] Exhibit R at Tr. 6.

[35] Exhibit S at Tr. 56-57.

[36] Exhibit S at Tr. 135. However, a neighbor, Tammy Hulsey, saw Plaintiff running into the house. Exhibit AR at Tr. 34-35.

[37] Exhibit R at Tr. 6-8.

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 8 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

"stress relief."[38] He drank the beer after the Jack Daniels despite the Officer's warning about being pepper sprayed because he needed something to chase down the Jack Daniels which was causing him to burp.[39]

II. UNDERLYING LEGAL PROCEEDINGS.

Plaintiff's journey in the state criminal process can fairly be described as a legal odyssey. Though the State prosecutor tried mightily to convict him of something, all efforts failed. Plaintiff remains a presumed innocent man, though the current litigation will perhaps determine whether or not he is blameless.

Plaintiff was originally charged with Driving While Intoxicated, based upon the affidavit of Peterson which included a Breathalyzer result of .185.[40]

A motion to suppress was filed asserting that an unlawful warrantless entry into Plaintiff's house occurred.[41]

The motion was opposed[42] and a reply brief[43] was filed.

---

[38] Exhibit R at Tr. 6-7.

[39] Exhibit R at Tr. 9.

[40] Exhibit T.

[41] Exhibit U.

[42] Exhibit V.

[43] Exhibit W.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 9 of 65

An evidentiary hearing was ordered[44] and held with Plaintiff's brother Damon Brown, wife Beverly Brown, and Peterson testifying[45]. Plaintiff chose not to testify.

The State judge ruled from the bench at the conclusion of the hearing, granting the motion to suppress.[46] An order was

---

[44] Exhibit X.

[45] Exhibit Y.

[46] Exhibit Z. The State judge concluded that Peterson was not told by the dispatcher of the report by Skonberg that the driver was drunk. The State judge emphasized that Peterson did not put this fact in his police report nor in his probable cause affidavit. Exhibit Z at Tr. 4. As a result, the State judge found no hot pursuit exception to the warrant requirement based upon a DWI. Exhibit Z at Tr. 4, 8. In so concluding, the State judge disregarded the testimony of Peterson that he was told by the dispatcher what the dispatcher had been told by Skonberg. Unfortunately, the State judge was not shown a DMV Notice and Order of Revocation signed by Peterson and notarized January 7, 2003 (three days after the incident) wherein Peterson refers to the vehicle involved in the incident as a REDDI vehicle. Exhibit AA at 2. This confirms Peterson's belief that he was told by the dispatcher and just made a mistake in failing to include the fact in his report and affidavit. Further confirming Peterson's belief is that the dispatcher, Croyle, testified he told Peterson that it was a REDDI call. Exhibit A at Tr. 45-46. Additional support is found in the testimony of Holden, who asserts that Peterson told him it was a REDDI call at the police station before both left to look for the vehicle. Exhibit J at Tr. 19-20. Neither Croyle nor Holden were called by the prosecutor to testify at the evidentiary hearing.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 10 of 65

then issued.[47]

The prosecutor filed a motion for reconsideration, asserting a new legal theory justifying the warrantless entry.[48] The State judge denied the motion, stating the new legal theory could not be raised in a motion for reconsideration but must be asserted in a normal motion.[49] The prosecutor chose not to continue his efforts to undue the ruling granting the motion to suppress. This, as it turned out, was an error fatal to much of the prosecutor's later efforts to convict Plaintiff of something.

Plaintiff was then indicted for Assault in the Third Degree and Tampering with Physical Evidence.[50] The DWI charge, a misdemeanor, was then added to the charges in the indictment.[51]

Given the State judge's ruling suppressing certain evidence and the prosecutor's decision not to try to have the decision reversed, the prosecutor chose to drop the DWI charge and substitute another misdemeanor, reckless endangerment.[52]

---

[47] Exhibit AB.

[48] Exhibit AC.

[49] Exhibit AD.

[50] Exhibit AE.

[51] Exhibit AF.

[52] Exhibit AG.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 11 of 65

Plaintiff then began chipping away at the three charges against him. He moved to dismiss the first two counts of the indictment (Assault in the Third Degree and Tampering with Physical Evidence). This motion was granted, based upon insufficient evidence presented as to the first count and previously suppressed evidence presented as to the second count. The State judge issued two separate orders.[53]

The prosecutor regrouped and obtained a new indictment charging Assault in the Third Degree but abandoning the Tampering with Physical Evidence charge.[54] This charge survived Plaintiff's further attempt to have it dismissed.[55]

Then another indictment was obtained, asserting perjury.[56] However, this indictment was ultimately dismissed, based upon the earlier suppression ruling.[57]

Plaintiff then tried to have dismissed the misdemeanor reckless endangerment charge, arguing prosecutorial vindictiveness due to the prosecutor's losing on the suppression

---

[53] Exhibits AH and AI.

[54] Exhibit AJ.

[55] Exhibits AK and AL.

[56] Exhibit AM.

[57] Exhibits AN and AO.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 12 of 65

motion. This motion was denied.[58]

This left two charges for trial, Assault in the Third Degree and Reckless Endangerment. A jury acquitted Plaintiff of both charges.[59]

Having freed himself from the criminal charges, Plaintiff took the offensive, not by suing the State of Alaska or its prosecutors, but by filing suit against the two police officers involved in the investigation and their employer.

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[60] The moving party need not present evidence; it needs only point out the lack of any genuine dispute as to material fact.[61] Once the moving party has met this burden, the non-moving party must set forth evidence of specific facts

---

[58] Exhibit AP.

[59] Exhibit AQ.

[60] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[61] Id. at 323-325.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 13 of 65

showing the existence of a genuine issue for trial.[62] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[63] However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[64]

Summary judgment is appropriate if the Court finds that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[65]

A dispute over a "genuine" material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the nonmoving party.[66] "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

---

[62] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-249 (1986).

[63] Id. at 255.

[64] Id. at 248-249.

[65] Fed. R. Civ. P. 56(c).

[66] Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 14 of 65

requirement is that there be no genuine issue of material fact."[67] The nonmoving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial.[68] However, mere allegations of factual dispute, without more, will not defeat an otherwise proper motion.[69]

ARGUMENTS

I. NO COLLATERAL ESTOPPEL AGAINST DEFENDANTS FOR ANY DECISION BY THE STATE COURT.

A. Introduction.

Plaintiff Brown, in his Complaint, emphasizes that an Alaska State superior court judge held that the Defendants' entry into Plaintiff's house was illegal and suppressed evidence obtained as a result of that illegality.[70] Furthermore, Plaintiff cites to another Alaska State superior court judge's ruling which dismissed a perjury indictment. This State judge relied upon the earlier judge's finding of an illegal entry into

---

[67] Id. at 247-248.

[68] Celotex Corp. v. Catrett, 477 U.S. at 322-323.

[69] Angel v. Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir. 1981) ("A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported by factual data.").

[70] Complaint dated January 3, 2005 at 4.

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 15 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

the home in suppressing evidence that formed the basis of the perjury charge. As a result, the perjury charge was dismissed.[71]

Defendants expect that Plaintiff will attempt to use offensive collateral estoppel[72] in this case and assert that the Defendants are precluded from relitigating the issue of the unlawfulness of the entry into Plaintiff's home. Defendants will show that they are entitled to relitigate the issue and that collateral estoppel does not apply.

      B.    No Collateral Estoppel Because Defendants Were Not Parties To The Criminal Proceedings, Did Not Have The Opportunity To Litigate The Issue Of Qualified Immunity, And No Final Judgment Was Obtained.

Courts generally deny offensive collateral estoppel in § 1983 actions when the defendant was not a party to the prior action because there was not sufficient opportunity to litigate the particular issue in the prior criminal proceeding. Courts reason that the defendant did not control the litigation and,

---

[71] Id. at 5.

[72] Most collateral estoppel or preclusion issues are asserted by § 1983 defendants to preclude relitigation of an issue resolved in a prior case. However, occasionally a plaintiff will use offensive collateral estoppel to preclude the § 1983 defendant from relitigating an issue.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 16 of 65

therefore, cannot be held accountable for the result.[73]

In Lombardi v. City of El Cajon,[74] a state judge, in a prior case, suppressed evidence obtained by a search warrant because a police officer deliberately omitted material facts in his affidavit, which if included, would have negated probable cause for the warrant to be issued. Plaintiff then filed a § 1983 claim and sought collateral estoppel against the officer for a violation of his Fourth Amendment rights. The 9th Circuit refused to apply collateral estoppel because (1) the § 1983 claim raised a qualified immunity defense issue not determined by the state judge[75] and (2) suppression rulings not followed by convictions or acquittals were not final judgments under

---

[73] Federal courts generally apply state collateral estoppel law in determining issue preclusion. See, Lombardi v. City of El Cajon, 117 F.3d 1117, 1121 (9th Cir. 1997). Alaska collateral estoppel law has three requirements: (1) It must be asserted against a party or one in privity with a party to the first action; (2) The issue to be precluded must be identical to the decided in the first action; (3) The issue in the first action must have been resolved by a final judgment on the merits. State v. United Cook Inlet Drift Ass'n, 895 P.2d 947, 950-951 (Alaska 1995).

[74] 117 F.3d 1117, 1121 (9th Cir. 1997).

[75] The issue turned upon the objective reasonableness of the officer's conduct in light of clearly established law. Lombardi, 117 F.3d at 1121.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 17 of 65

California law.[76]

Similarly, the individual Defendants are asserting a qualified immunity defense which was not addressed in State court. Furthermore, after the suppression ruling, the prosecutor chose to dismiss the DWI charge rather than appealing the decision. This result should not be considered a final judgment since there was no decision on the merits of the charge.[77]

Additionally, collateral estoppel should not apply when a defendant is not a party nor in privity to any party in the earlier litigation.[78] In Kunzelman v. Thompson[79], the court

---

[76] Accord: Gutierrez v. Coughlin, 841 F.2d 484, 486 (2d Cir. 1988) (qualified immunity not decided in the prior proceeding); Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998) (objective reasonableness of officer's actions not decided in state court).

[77] The prosecutor's decision to dismiss the DWI charge against Plaintiff cannot be viewed as a final judgment. Alaska Rule of Appellate Procedure 202(b) defines appeals from final judgments in criminal cases by referring to AS 22.07.020. Subsection (c) excludes a dismissal by consent of all parties from being a final decision or judgment.

[78] The State of Alaska privity requirement has been defined as "a shorthand way of expressing assurance that the non-party has had adequate notice and opportunity to be heard, and that its rights and interests have been protected." Alaska Foods, Inc. v. Nichiro Gyogyo Kaisha, Ltd., 768 P.2d 117, 121 (Alaska 1989). The federal cases cited apply this principle.

[79] 799 F.2d 1178, 1178 (7th Cir. 1986).

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 18 of 65

denied offensive collateral estoppel because the defendant police officers were not parties to the prior criminal action and were not in privity because there was no evidence that the defendants had "any say or assisted in the actual prosecution decisions." See also, Bilida v. McLeod,[80] (state court ruling that warrantless seizure of pet racoon violated the Fourth Amendment not given collateral estoppel effect because § 1983 defendant officers' interests and incentives were not identical with the State's in the prosecution of plaintiff for failing to have a permit and officers had little control over the criminal proceeding).[81]

The prosecutor made the decision to only present the testimony of Peterson at the evidentiary hearing. If Peterson had control, as he does in this case, Croyle and Holden would have testified that Peterson knew of the REDDI report because Croyle told him and, according to Holden, Peterson repeated it him. Furthermore, Peterson would have presented the Notice and Order of Revocation form filled out shortly after the incident

---

[80] 211 F.3d 166, 170-171 (1st Cir. 2000).

[81] Accord: McCoy v. Hernandez, 203 F.3d 371, 374-375 (5th Cir. 2000) (warrantless search of home held unlawful in state court not given collateral estoppel effect); Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996), cert. denied, 519 U.S. 1113 (1997) (no collateral estoppel because officers were not parties to the criminal action and did not have a full and fair opportunity to litigate issue of probable cause).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 19 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

which indicates Peterson knew it was a REDDI report.[82] With this additional evidence, it is unlikely that the superior court judge would have eliminated DWI as a basis for entering the house.

One court has emphasized, in denying offensive collateral estoppel, that the burden in the state action was on the state to prove that an exception to the warrant requirement applied, but in a § 1983 action, the plaintiff has to establish the search was unlawful. <u>Tierney</u>.[83] Similarly, the State had to prove in the criminal proceeding an exception to the general requirement of obtaining a warrant, but in the present action, Plaintiff bears the burden of proving an unlawful search.

In <u>Harris v. Jones</u>,[84] the plaintiff prevailed on his motion to suppress, establishing that there was an illegal search of his vehicle where a gun was found. The Iowa Supreme Court held no collateral estoppel effect in a later civil suit, even though one of the officers testified at the suppression hearing. The court stated that all the officer could do was answer questions posed to him; he had no control over the litigation. The court then went on to state: "[w]e are aware of no case in which a person, sued individually, has been estopped

---

[82] Exhibit AA at 2.

[83] 133 F.3d at 196.

[84] 471 N.W.2d 818, 820 (Iowa 1991).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 20 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707