to litigate an issue because of a ruling adverse to the State in a prior criminal prosecution." Likewise, Defendants are unaware of any contrary authority.

Furthermore, the State judge's opinion was likely wrong. The State judge believed it important to decide whether or not the dispatcher conveyed to Peterson that an intoxicated driver was involved. The State judge concluded that Peterson was mistaken in believing this was stated to him by the dispatcher. As a result, the State judge ruled out DUI as a basis for the entry to the home.[85]

In issuing the order, the State judge did not consider State v. Prater,[86] which held that an investigative stop made in objective reliance on a police dispatcher's bulletin is justified if the dispatcher who broadcast the bulletin possessed reasonable suspicion of imminent public danger justifying the stop, even if the police officer did not have such knowledge. Thus, it was not important for the State judge to resolve the issue of whether or not the REDDI report was conveyed to Peterson. With the dispatcher having reasonable suspicion supporting an investigative stop, Peterson was justified in entering the home without a warrant.[87]

---

[85] Exhibit Z at Tr. 4.

[86] 958 P.2d 1110, 1113 (Alaska App. 1998).

[87] See, Argument II D supra.

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 21 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

C.  Conclusion.

No collateral estoppel effect should be given to any State court ruling on the issue of whether the Defendants violated Plaintiff's Fourth Amendment rights.[88]

II. NO FOURTH AMENDMENT VIOLATION OCCURRED WITH THE ENTRY INTO THE HOME.

A.  Introduction.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Police may arrest without a warrant for misdemeanors committed in their presence but not outside their presence.[89] However, police are authorized in Alaska to arrest for Driving While Intoxicated based upon probable cause even if committed outside their presence.[90]

Nevertheless, when an entry is made in a home

---

[88] Also, no collateral estoppel should be applied as to Plaintiff's ultimate acquittal on the non-DWI charges. A judgment of acquittal means only that the "proof was not sufficient to overcome all reasonable doubt of the guilt of the accused." It, therefore, "does not constitute an adjudication on the preponderance-of-the-evidence burden applicable to civil proceedings." One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 235 (1972).

[89] AS 12.25.030(a)(1), (2).

[90] AS 12.25.033.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 22 of 65

additional protections are afforded. Under the Fourth Amendment, such searches and seizures without a warrant are presumptively unreasonable.[91] However, this presumption can be overcome by a showing of one of the well-delineated exceptions to the warrant requirement.[92]

Two of the exceptions are hot pursuit of a fleeing criminal and imminent destruction of evidence.[93]

B. Hot Pursuit.

In Welsh v. Wisconsin,[94] the Supreme Court held that the need to ascertain a suspect's blood alcohol level did not justify a warrantless entry into a residence to effect an arrest for driving under the influence in Wisconsin. The Court invalidated the arrest because "an important factor to be considered when determining whether any exigency exists is the gravity of the underlying offense for which the arrest is being made."[95] At the time, Wisconsin classified a first offense for DUI as a noncriminal, civil forfeiture offense for which no

---

[91] Payton v. New York, 445 U.S. 146, 152 (1980).

[92] Katz v. United States, 389 U.S. 347, 357 (1967).

[93] Minnesota v. Olson, 495 U.S. 91, 100 (1990).

[94] 466 U.S. 740, 753-754 (1984).

[95] Id. at 753.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 23 of 65

imprisonment was possible.[96]

Most courts have limited <u>Welsh's</u> holding to non-jailable offenses and have rejected any extension to misdemeanors where imprisonment is possible.[97]

The California Supreme Court has allowed the hot pursuit of DUI suspects into their homes without a warrant. Most jurisdiction are in accord since DUI is now considered a serious offense.[98]

C. Imminent Destruction Of Evidence.

The question presented is whether the metabolization of alcohol qualifies as imminent destruction of evidence justifying a warrantless entry into a home.

Most courts have held that the dissipation of blood-alcohol evidence can constitute an exigent circumstance justifying a warrantless entry to the home.[99] A defendant's blood alcohol level will diminish while the police obtain a warrant and the defendant may corrupt the evidence during the

---

[96] <u>Id.</u> at 754.

[97] <u>People v. Thompson</u>, 135 P.3d 3, 10-11 (Cal. 2006) (listing cases).

[98] <u>Id.</u> (listing jurisdictions that permit hot pursuit of DUI suspects).

[99] <u>People v. Thompson</u>, 135 P.3d at 11-12 (listing cases). <u>Accord</u>: <u>State v. Robinson</u>, 163 P.3d 1208, 1213 (Idaho App. 2007).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
<u>Brown v. Peterson, et al.</u>, Case No. 3:05-cv-0002 [TMB]
Page 24 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

interim by ingesting more alcohol. These reasons have persuaded most courts to permit warrantless entries to homes to arrest DUI defendants.[100]

   D. Peterson Had Reasonable Suspicion To Believe That Plaintiff Brown Had Committed A DUI And, Therefore, Was Lawfully Making An Investigatory Stop When Plaintiff Brown Fled.

A predicate for any entry into a home based upon hot pursuit or imminent destruction of evidence is reasonable suspicion and/or probable cause.

"Probable cause" is a reasonable belief from the facts and circumstances that an offense has occurred and that the suspect has committed it.[101] "Reasonable suspicion" requires lesser proof. It has been described as "a particularized and objective basis" for suspecting the person stopped of criminal activity.[102]

Peterson had a reasonable suspicion that the driver was intoxicated.[103] Peterson was told that a citizen had

---

[100] People v. Thompson, 135 P.3d at 11-13.

[101] See, Brinegar v. United States, 338 U.S. 160, 175-176 (1949).

[102] Ornelas v. United States, 517 U.S. 690, 695-696 (1996).

[103] This was also Peterson's subjective belief. Exhibit I at Tr. 196. Plaintiff's expert, James Ellar, agrees that Peterson

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 25 of 65

reported the vehicle as a REDDI and that it had been driven recklessly. He was told the vehicle, a gold flat bed truck, was going up Pillar Mountain Road. Six minutes after being dispatched Peterson saw such a vehicle coming down Pillar Mountain Road. That Peterson received the dispatch as a REDDI is supported not only by his own testimony but that of two other witnesses. Therefore, Peterson could make an investigatory stop of the vehicle.

An investigatory stop requires specific and articulable facts which create "a reasonable suspicion that imminent public danger exists."[104] The danger created by an intoxicated driver satisfies this test.[105]

An officer may rely upon information which he received from a dispatcher in formulating reasonable suspicion.[106] A two part test has been employed to determine the reliability of the

---

had reasonable suspicion to believe that the driver was intoxicated. Exhibit AS at Tr. 26. Plaintiff's other expert, Edward Mott also agrees that Peterson had reasonable suspicion to believe that the driver was intoxicated. Exhibit AT at Tr. 52-53. However, Mr. Mott changed his mind when questioned by Plaintiff's attorney. Exhibit AT at Tr. 103-104.

[104] Effenbeck v. State, 700 P.2d 811, 812 (Alaska App. 1985) (citation omitted).

[105] Id.

[106] Id.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 26 of 65

informant and the information provided to the dispatcher: (1) the underlying circumstances showing reason to believe that the informant is a credible person, and (2) the underlying circumstances showing the basis of the conclusions reached by the informant.[107]

Peterson could reasonably rely upon two citizen informants as credible persons. Furthermore, the citizen informants appeared to have personal knowledge of the reckless driving. While the statement of one of the informants that the driver was intoxicated is conclusory, it is a fact that lay witnesses have always been permitted to so testify in court and can be relied upon by the officer.[108]

The Alaska Supreme Court has approved the reliance by police officers on REDDI reports so long as there are "some indicia of reliability."[109] Reasonable suspicion may be based on a telephoned report that the driver may be driving while intoxicated.[110]

---

[107] Effenbeck, 700 P.2d at 812-813 (citing Aguilar v. Texas, 387 U.S. 108 (1964)).

[108] Id. at 813.

[109] Saltz v. State, Department of Administration, Division of Motor Vehicles, 126 P.3d 133, 136-138 (Alaska 2005).

[110] Goodlataw v. State, 847 P.2d 589 (Alaska App. 1993); See also, Walton v. State, 700 P.2d 810 (Alaska App. 1985), where the court upheld an investigative stop based solely on a REDDI report

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 27 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Even if Peterson was only told he was being sent out on a reckless driving and not a REDDI, so long as the dispatcher received the report of an intoxicated driver, reasonable suspicion is established to support an investigatory stop for DUI. The dispatcher's knowledge is attributable to Peterson.[111]

E. Peterson Could Lawfully Enter Plaintiff's Residence Without A Warrant Based Upon Investigatory Stop Authority While In Hot Pursuit.

A respected legal authority has approved a negative answer to the question as to whether a police officer who confronts a citizen on a public street, without probable cause but with grounds to stop, is barred from pursuing that suspect into private premises when the person seeks sanctuary in response to the officer's response to stop.[112] A federal appeals court reasoned as follows:

> We are of the opinion that the Supreme Court's recent decision in United States v. Santana, 427 U.S. 38 (1976) requires a

---

that the defendant driver had been "all over the road" and "ran people off the road."

[111] State v. Prater, 958 P.2d 1110, 1113 (Alaska App. 1998).

[112] LaFave, Search and Seizure: A Treatise On The Fourth Amendment at § 9.2 at 12-13 (4th ed. 2007) (treatise author believes that a suspect who moves from a public to a private space has only himself to blame for a subsequent entry and would permit hot pursuit based upon an investigatory stop).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 28 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

> negative answer to this question. . . . We read the gravamen of the Court's holding in Santana to be that when a citizen has knowingly placed himself in a public place and valid police action is commenced in that public place, the citizen cannot thwart that police action by then fleeing into a private place. In the instant case, appellant and his companion were in a public place when Detective Jackson sought to effect a valid Terry stop and appellant then tried to thwart that stop by running into the building adjacent to the street and gaining his apartment before the pursuing policeman- six or seven strides behind- could catch him. Given these particular circumstances, we conclude the officers here should not have been forced to simply "shrug (their) shoulders and allow a crime to occur or a criminal to escape."[113]

Other courts have ruled similarly.[114] There is some contrary authority.[115]

---

[113] Edwards v. United States, 364 A.2d 1209, 1214 (D.C. App. 1976) (later, upon an en banc rehearing, police action upheld on the ground that there had been probable cause to arrest, 379 A.2d 976 (D.C. App. 1977)).

[114] United States v. Pace, 898 F.2d 1218, 1228-1229 (7th Cir. 1990), cert. denied, 497 U.S. 1030 (1990); United States v. Gomez, 633 F.2d 999, 1006 (2d Cir. 1980), cert. denied, 450 U.S. 994 (1981); People v. Rivera, 598 N.E.2d 423, 427 (Ill. App. 1992); Commonwealth v. Daniels, 421 A.2d 721, 724-725 (Pa. Super. 1980).

[115] State v. Beavers, 859 P.2d 9, 17 (Utah Ct. App. 1993).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 29 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

The Nebraska Supreme Court has permitted a warrantless entry into a home based upon reasonable suspicion of a DUI when done in hot pursuit.[116]

Therefore, Peterson could lawfully enter Plaintiff's residence without a warrant based upon reasonable suspicion.

    F.    Peterson Could Lawfully Enter Plaintiff's Residence Without A Warrant Based Upon Probable Cause To Arrest Plaintiff For Driving Under The Influence.

In Alaska, a police officer may arrest a person without a warrant for DUI if supported by probable cause and the violation is alleged to have occurred within eight hours of the arrest.[117] The constitutionality of the statute authorizing such warrantless arrests was upheld on the basis of exigent circumstances. The legislature could reasonably conclude that the risk of loss of evidence in a drunk driving case constitutes exigent circumstances.[118]

The report to Peterson of drunk driving occurred well within the eight hour time frame when Plaintiff Brown was arrested.

---

[116] State v. Penas, 263 N.W.2d 835, 837-838 (Neb. 1978) (DUI).

[117] AS 12.25.033.

[118] Proctor v. State, 643 P.2d 5, 7 (Alaska App. 1982).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 30 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Peterson had probable cause to arrest Plaintiff Brown for DWI.[119] An officer has probable cause for an arrest when the officer is "aware of facts and circumstances, based on reasonably trustworthy information, that are sufficient in themselves to warrant a reasonable belief that an offense has been or is being committed."[120] One court found that reasonable (probable) cause to believe that the defendant was under the influence of either drugs or liquor was established based upon erratic driving and the defendant fleeing from the officer into his home.[121] This would be the same basis as Peterson had to

---

[119] Peterson subjectively believed he had probable cause to arrest Plaintiff for DUI. Exhibit I at Tr. 198. If Plaintiff had stopped and not gone in the house, Peterson, though he believed he had probable cause to arrest, would not likely have done so. Rather, he would have had Plaintiff perform field sobriety tests and administered a portable breath test. Exhibit I at Tr. 267-268.

[120] Saucier v. State, 869 P.2d 483, 484 (Alaska App. 1994).

[121] State v. Penas, 263 N.W.2d 835, 837-838 (Neb. 1978); other cases are in accord: City of Kirksville v. Guffey, 740 S.W.2d 227, 229 (Mo. App. 1987), cert. denied, 485 U.S. 1035 (1988) (probable cause to arrest for DUI based upon erratic driving). See, State v. Nikola, 821 A.2d 110, 115 (N.J. Super. 2003), cert. denied, 834 A.2d 404 (2003) (report of reckless driving by citizen constituted "substantial evidence that someone had been driving defendant's car while in an impaired condition" prior to officer's entry into the home); see also, Stark v. New York State Department of Motor Vehicles, 104 A.D.2d 194, 195 (N.Y. App. 1984), aff'd in 481 N.E.2d 548 (1985) (police officer

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 31 of 65

establish probable cause to believe that Plaintiff Brown had committed DUI. Peterson had the additional basis of the REDDI report to support the probable cause belief.[122]

Peterson could reasonably believe that evidence would be destroyed (the metabolization of the DUI suspect's blood alcohol) or that the evidence would be contaminated by subsequent drinking if entry was not made into the home. This imminent destruction of evidence justifies the entry into the home without a warrant to make the arrest.

### III. THE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY FOR THE WARRANTLESS ENTRY INTO THE HOME.

A. Introduction.

Peterson and Holden have each been sued in their personal capacity, in addition to their official capacity.[123]

Qualified immunity protects government officials,

---

observed erratic driving and the driver "staggering" from the vehicle to his house constituted probable cause to believe DUI had been committed).

[122] Plaintiff's expert, James Ellar, also believed that Peterson could have lawfully arrested Plaintiff for DUI before Plaintiff's entry to the house. Exhibit AS at Tr. 26-27, though this testimony was changed during questioning by Plaintiff's counsel (at Tr. 65-66).

[123] See, Complaint dated January 3, 2005, caption and paragraphs 2 and 3.

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 (TMB)
Page 32 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

acting in their personal capacity, performing discretionary functions, from liability for civil damages, unless the official's conduct violates clearly established federal law which a reasonable person would have known. Harlow v. Fitzgerald.[124] The United States Supreme Court has emphasized that because qualified immunity is an immunity from suit and not just from liability, it should be resolved at the "earliest possible stage in litigation." Hunter v. Bryant.[125]

In Anderson v. Creighton,[126] the United States Supreme Court held that constitutional challenges to warrantless searches by law enforcement officers are subject to the defense of qualified immunity. This means that a warrantless search could be unreasonable and, thus, unconstitutional for Fourth Amendment purposes but objectively reasonable for the purpose of qualified immunity.

A law is "clearly established" when "the contours of the right . . . [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right."[127] This objective reasonableness standard "is intended

---

[124] 457 U.S. 800, 818 (1982).

[125] 112 S. Ct. 534, 536 (1991).

[126] 483 U.S. 635, 640-641 (1987).

[127] Id.

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 33 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

to provide government officials with the ability 'reasonably [to] anticipate when their conduct may give rise to liability for damages'".[128] The Ninth Circuit has stated that although police officers are responsible for keeping abreast of constitutional developments, they are not expected to do so to the same extent as law professors.[129]

In Saucier v. Katz, the Supreme Court determined a two-step analysis for qualified immunity claims.[130] First, a court must determine whether the alleged facts, in the light most favorable to the nonmoving party, show that the officer's conduct violated a constitutional right. If the court determines no constitutional right was violated, the inquiry ends and the officer is entitled to qualified immunity. However, if a violation occurred, the court must then determine whether the rights were "clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted".[131]

As to the second prong, the Ninth Circuit has stated

---

[128] Id. at 647.

[129] Ward v. San Diego County, 791 F.2d 1329, 1332 (9th Cir. 1986), cert. denied, 483 U.S. 1020 (1987).

[130] 533 U.S. 194, 201 (2001).

[131] Menotti v. City of Seattle, 409 F.3d 1113, 1152 (9th Cir. 2005) (quoting Saucier, 533 U.S. at 210-02).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 34 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

that a properly particularized question, not a general question marginally related to the facts, must be posed.[132]

The properly posed question in this case is as follows: Whether, at the time of the entry into the home it was clearly established that police officers could not, in hot pursuit, enter a home without a warrant, based upon reasonable suspicion/and or probable cause to believe the fleeing person had committed DWI?

        B.    No Constitutional Right Was Violated By Officer Peterson, And Later, Officer Holden's Entry To The Home.

The legal basis for Peterson's attempt to stop Brown from entering his home was, at a minimum, reasonable suspicion to believe Brown had committed DUI. Peterson had received a REDDI report coupled with a reckless driving description by of a gold flat bed truck. The truck was seen 6 minutes later in the area described by the citizen complainant.

It is believed that Brown will assert that Peterson was not actually told it was a REDDI dispatch because he did not record such fact in his police report or affidavit.[133] However,

---

[132] See, Camarillo v. McCarthy, 998 F.2d 638, 640 (9th Cir. 1993).

[133] This may be an awkward argument for Plaintiff to make since his expert, James Ellar, testified that Peterson was likely told of the REDDI report but simply forgot to put this fact in

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 35 of 65