Due Process clause.[170]

Plaintiff's foot condition can best be described as a sprain. This would not qualify as a serious medical condition.[171]

C.    Deliberate Indifference Cannot Be Shown.

Plaintiff's injury was, at most, an ankle sprain.    The Defendants could have reasonably been suspicious about the seriousness of the injury since Plaintiff alternated complaints about which ankle was causing the pain and that there was a dramatic improvement of his condition as Plaintiff sobered up, as shown on the videotape.    Later, when Plaintiff again complained, medical attention was provided and pain medication was obtained for Plaintiff.

Under these circumstances, no reasonable jury would conclude there was deliberate indifference to Plaintiff's medical needs.

VI.    STATE CLAIMS SHOULD BE DISMISSED.

A.    Introduction.

In addition to the two § 1983 claims[172], Plaintiff has

---

[170] <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 106 (2d Cir. 2000).

[171] <u>See</u>, <u>Davis v. Jones</u>, 936 F.2d 971, 972-973 (7th Cir. 1991) (No reasonable person would believe that a one-inch cut would constitute a serious injury).

[172] The first § 1983 claim is against the officers, whereas the second is against the City of Kodiak for alleged inadequate

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 51 of 65

asserted nine more causes of action.[173]  All of these claims
should be dismissed as to the two officers.  The City of Kodiak
will address claims against it in a separate motion.

> B.  Third Cause Of Action: Invasion Of Privacy
>     Should Be Dismissed.

>     1.  Introduction.

Under Alaska law, two elements are required to
establish an invasion of privacy claim:

(a) that plaintiff had a reasonable expectation of
privacy, and

(b) that defendant intruded in a manner highly
offensive to a reasonable person.[174]

Plaintiff cannot satisfy either element.

> 2.  There Can Be No Reasonable Expectation
>     Of Privacy Nor An Expectation Of No
>     Arrest.

The invasion of privacy principle cannot shield a
person from investigations by the police unless the
investigation is carried out in an offensive manner.  There must
be an exceptional prying into another's private affairs to

---

training, supervision, custom, practices, policies.  Complaint
dated January 3, 2005 at 6-7.

[173] Complaint dated January 3, 2005 at 7-10.

[174] T.C. Greywolf v. Carroll, M.D., 151 P.3d 1234, 1244-1245
(Alaska 2007) (citations omitted).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary
Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 52 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

constitute a highly offensive intrusion.   The orderly performance of a police officer's duties does not constitute an unreasonable manner of intrusion nor and intrusion for an unwarranted purpose.[175]

Given the reported alcohol-fueled reckless driving by Plaintiff and Plaintiff's resistance to the officer's order to not drink the beer after he had consumed whiskey, Plaintiff could not have had any reasonable expectation of privacy from detainment and arrest.

Therefore, the invasion of privacy claim should be dismissed.

C.   Fourth Cause Of Action: Assault And Battery Should Be Dismissed.

1.   Introduction.

Alaska statutes give police officers a privilege to use reasonable force in making arrests.[176]  If the entry to the house was lawful, the officers were privileged to use reasonable force to arrest Plaintiff because, at the time of the arrest, probable cause existed to believe that Plaintiff had committed the crime of DWI.

The officers used reasonable force in arresting

---

[175] Id. at 1245.

[176] Samaniego v. City of Kodiak, 2 P.3d 78, 83 (Alaska 2000) (citations omitted).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 53 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Plaintiff. Any excessive force claim made under state law would be analyzed in the same manner as any federal claim.[177]

        2.     No Assault and Battery was Committed Because The Officers Were Privileged To Use Reasonable Force.

Peterson was making a lawful arrest based upon probable cause when he first used force against Plaintiff. Peterson was privileged in his use of reasonable force and no assault and battery occurred. Holden was also privileged in his use of force for the same reason as Peterson.

Therefore, the assault and battery claim should be dismissed.[178]

        D.     Fifth Cause Of Action: False Arrest Should Be Dismissed.

        1.     Introduction.

The elements of a false arrest charge are:

(a) a restraint upon the plaintiff's freedom, and

---

[177] Sheldon v. City of Ambler, 178 P.3d 459, 463-464 (Alaska 2008) (adopting the Saucier test).

[178] Even if the force used was deemed excessive, Defendants would be entitled to qualified immunity based upon the same arguments advanced against the federal claim of excessive. The qualified immunity test would be the same.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 54 of 65

(b) without proper legal authority.[179]

      While Plaintiff was restrained by his arrest, the police had proper legal authority to arrest him.

          2.    There Was Proper Legal Authority For The Arrest.

      As shown previously, the police did not need a warrant to enter Plaintiff's home based upon reasonable suspicion and/or probable cause. Prior to Plaintiff's arrest, probable cause was clearly established given Plaintiff's refusal to not drink the beer and his obviously intoxicated state when the officer issued this order.

      Therefore, the false arrest claim should be dismissed.

          E.    Sixth Cause Of Action: Malicious Prosecution Should Be Dismissed.

          1.    Introduction.

      The elements of a malicious prosecution claim are: (1) a criminal prosecution instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; and (4) "malice" or a primary purpose other than that of bringing an offender to justice.[180]

---

[179] Waskey v. Municipality of Anchorage, 909 P.2d 342, 345 (Alaska 1996).

[180] Greywolf, 151 P.3d at 1241 (citations omitted).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 55 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
818 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Plaintiff can satisfy the first two elements but not the other two.

### 2. Probable Cause Existed For The Prosecution And There Was No Malice.

Peterson initiated a criminal prosecution for DWI. This charge was dismissed but not for lack of probable cause. Rather, it was dismissed based upon the failure to have a warrant for entry into the home and the evidence thereafter obtained was suppressed. Probable cause existed for the DUI prosecution including the breathalyser test result of .185.

Furthermore, Plaintiff went to trial on two counts, Assault in the Third Degree and Reckless Endangerment. Obviously, there was probable cause to support these charges or the trial court would have dismissed the charges prior to trial.

Finally, there is no evidence that Peterson was motivated by malice in bringing the original charge. Decisions as to the continued prosecution of Plaintiff were made by State of Alaska officials and not City of Kodiak employees.

Plaintiff does allege that Peterson gave false testimony before the grand jury.[181] The false testimony assertion appears to relate to Peterson's testimony that he received a REDDI report prior to the entry to Plaintiff's

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

---

[181] Complaint dated January 3, 2005 at 8.

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 56 of 65

home.[182]

There is ample support for Peterson's testimony.  The
transcript of the tape of the initial call reveals the caller
reported drunk driving.  The dispatcher testified he told
Peterson that it was a REDDI call.  All Plaintiff has to counter
this evidence is that Peterson failed to note the dispatcher's
statement in his police report.  However, Peterson did note it
in the DMV Notice and Order of Revocation signed by Peterson
dated January 7, 2003 wherein Peterson refers to the vehicle
involved in the incident as a REDDI vehicle.[183]

Nevertheless, even if Peterson lied to the grand jury,
such testimony is absolutely privileged.

In <u>Briscoe v. LaHue</u>,[184] the United States Supreme Court
ruled that police officers who testify at criminal trials are
absolutely immune from 42 U.S.C. § 1983 liability for damages
arising out of their allegedly perjurious testimony.  In doing
so, the court applied common law witness immunity.

The common law immunity is designed to eliminate any
apprehension a witness may have that his testimony might result

---

[182] Complaint dated January 3, 2005 at 5 paragraphs 18 and
19.

[183] Exhibit AE at 2.

[184] 460 U.S. 325 (1983).

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary
Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 57 of 65

in liability.[185]   The court stated:

> A witness who knows that he might be forced
> to defend a subsequent lawsuit, and perhaps
> to pay damages, might be inclined to shade
> his testimony in favor of the potential
> plaintiff, to magnify uncertainties, and
> thus deprive the finder of fact of candid,
> objective, and undistorted evidence.[186]

This immunity has been extended to grand jury

testimony.[187]   There is no reason to believe the Alaska Supreme

Court would not apply a similar rule.[188]

Therefore, the malicious prosecution claim should be

dismissed.

---

[185] Id. at 329-333.

[186] Id. at 333.

[187] Little v. Seattle, 863 F.2d. 681, 684 (9th Cir. 1988); see
also, 1A Schwartz, Section 1983 Litigation:  Claims and Defenses
§ 9.07(C) at 9-178 (4th ed. 2007) (Listing cases upholding
absolute immunity for grand jury testimony).

[188] See, Nizinski v. Currington, 517 P.2d 754, 756 (Alaska
1974) (defamatory testimony by a witness in a judicial
proceeding, and which is pertinent to the proceeding, is
absolutely privileged).

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary
Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 58 of 65

F.    Seventh Cause Of Action: Abuse Of Process
      Should Be Dismissed.

1.    Introduction.

Alaska law requires two elements for the prosecution
of an abuse of process claim:

(a) ulterior purpose independent from the process, and

(b) a willful act in the use of the process that is
not proper in the regular conduct of the proceeding.[189]

Plaintiff cannot satisfy either element.

2.    There Is No Ulterior Purpose Or Wilful
      Act.

There is no evidence that Peterson charged Plaintiff
with DWI for any purpose apart from his official duties.

Furthermore, actions taken in the regular course of
litigation including testifying before a grand jury or at trial
cannot form the basis of an abuse of process claim.[190]   Plaintiff
cannot show some separate act apart from the criminal
proceedings that would support an abuse of process claim and,
therefore, amount to a wilful act.[191]

Therefore, the abuse of process claim should be
dismissed.

---

[189] Greywolf, 151 P.3d at 1243 (citations omitted).

[190] Id. at 1244 (citation omitted).

[191] Id.

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary
Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 59 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
610 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

G.    Eighth Cause Of Action: Negligence Should Be Dismissed.

Defendants know of no state constitutional, state statutory, or common law basis for a negligence claim on the facts presented.

Unless some lawful basis exists, the negligence claim should be dismissed.

H.    Ninth Cause Of Action: Emotional Distress Claim Should Be Dismissed.

1.    Introduction.

Defendants believe that Plaintiff means to assert an intentional infliction of emotional distress claim (IIED) in this cause of action.  Otherwise, Defendants do not understand the cause of action asserted.

The elements of an IIED claim are that the defendant intentionally or recklessly engaged in extreme or outrageous behavior causing severe emotional distress or bodily harm to the plaintiff.[192]

In commenting on the conduct being extreme or outrageous, the Alaska Supreme Court has stated that a court may find liability for IIED only when "the conduct has been so outrageous in character, and so extreme in degree, as to go

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

_____

[192] Jones v. State of Alaska, Department of Corrections, 125 P.3d 343, 346 (Alaska 2005).
Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 60 of 65

beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[193] As to the severe emotional distress element, the court has stated that it must be "distress of such substantial quality or enduring quantity that no reasonable person in a civilized society should be expected to endure it."[194]

Plaintiff cannot meet this legal standard.

>    2.    Plaintiff Cannot Meet The Requirements
>          For An IIED Claim.

The conduct of the officers does not meet the required showing of extreme and outrageous behavior. Even if this Court was to conclude a warrant should have been obtained prior to entry to the house, such omission does not satisfy the standard.

Furthermore, Plaintiff cannot show extreme emotional distress. A tape of the holding cell interview shows Plaintiff drunk, obnoxious, and not in any emotional distress.[195]

Therefore, Plaintiff's claim for IIED should be dismissed.

---

[193] Lybrand v. Trask, 31 P.3d 801, 803 (Alaska 2001) (citation omitted).

[194] Fyffe v. Wright, 93 P.3d 444, 456 (Alaska 2004) (citations omitted).

[195] Exhibit P.

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 61 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

I.    Tenth Cause Of Action: Punitive Damages
      Should Be Dismissed.

Punitive damages may be awarded in state claims if the
plaintiff proves by clear and convincing evidence that the
defendant's conduct

(1) was outrageous, including acts done with malice or
bad motives; or

(2) evidenced reckless indifference to the interest of
another person.[196]

"Reckless indifference" has been held to mean
unreasonably disregarding a known risk of substantial physical
harm to another."[197]

The facts presented do not meet this standard and,
therefore, any punitive damage claim should be dismissed.

J.    Eleventh Cause Of Action: Respondeat
      Superior Should Be Dismissed.

This claim is directed to the City of Kodiak.
Defendants are in agreement with the City of Kodiak that such
claims should be dismissed since there is no underlying basis
for the claim.

---

[196] AS 09.17.020(b)(1), (2).

[197] <u>Lamb v. Anderson</u>, 147 P.3d 736, 745 (Alaska 2006).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary
Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 62 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
61R CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

K.   Defendants Have State Immunity For State
     Claims.

     1.   Introduction.

AS 09.65.070(d)(2) immunizes municipalities or its
employees against tort suits "based upon the exercise or
performance or the failure to exercise or perform a
discretionary function . . . whether or not the discretion
involved is abused."[198]

     The Alaska Supreme Court has described policy-based
decisions (as distinguished from operational decisions) as
involving immunity for discretionary actions in a sovereign
immunity context.  This immunity has been described as not
qualified.  However, AS 09.65.070(d)(2) has also been
interpreted to express a type of official immunity.  "For
purposes of official immunity, 'discretionary' actions are those
that require 'personal deliberation, decision and judgment.'"[199]

     This type of discretionary function immunity, which
this Court described as discretionary function official
immunity, is qualified.  "Under a rule of qualified immunity, a
public official is shielded from liability only when
discretionary acts within the scope of the officials authority

---

[198] AS 09.50.250(1) contains an identical discretionary
function immunity provision applicable to the State of Alaska.

[199] See, Pauley v. Anchorage School District, 31 P.3d 1284,
1285-1286 (Alaska 2001).
Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary
Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 63 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

are done in good faith and are not malicious or corrupt."[200]

Where it is alleged that an official has violated a statute, qualified immunity may be overcome "if the officials have violated 'clearly established' law, unless the officials can prove that they non-negligently were not aware of the law."[201]

In Defendants' view, the immunity standard to be applied is similar to the standard applied to § 1983 claims. Defendants are entitled to qualified immunity for all state claims.

2.    State Law Immunity Should Be Found.

Plaintiff's State claims are primarily based upon the alleged unlawfulness of the entry to Plaintiff's home without a warrant.  However, just as with § 1983 immunity, Defendants would have state law qualified immunity for the entry based upon the same analysis as set forth previously.  This would also apply to the claim of excessive force.

The qualified immunity standard would be the same since the Alaska Supreme Court has recently adopted the Saucier test in Sheldon v. City of Ambler.[202]  Therefore, at a minimum,

---

[200] Id. at 1285-1286 (citations omitted).

[201] Integrated Res. Equity v. Fairbanks Boro., 799 P.2d 295, 301 (Alaska 1990).

[202] 178 P.3d 459, 463-464 (Alaska 2008).

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 64 of 65

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE,
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

the officers have qualified immunity for any state claim of unlawful entry to the house and of excessive force as previously set forth.

Therefore, Plaintiff's State claims should be dismissed on qualified immunity grounds.

IV.   CONCLUSION.

For the aforementioned reasons, Defendants should be granted summary judgment.

LAW OFFICE OF FRANK S. KOZIOL
Attorney for Defendants Frank
 Peterson and Jeff Holden


Dated __/__/2008          By:  /s Frank S. Koziol
                               Law Office of Frank S. Koziol
                               618 Christensen Drive
                               Anchorage, Alaska 99501
                               Phone: 907-258-7706
                               Fax: 907-258-7707
                               Email: koziol@gci.net
                               ritagutierrez.koziol@gci.net
                               ABA No. 7210054

THIS IS TO CERTIFY that a copy of the foregoing was served electronically and by U. S. Mail upon:

Robert M. Herz, Esq.
425 "G" Street, Suite 600
Anchorage, Alaska 99501


/s Frank S. Koziol __/__/08

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 65 of 65

Exhibits A-AV

TO BE FILED CONVENTIONALLY

ONCE THE COURT GRANTS

DEFENDANTS' PERMISSION TO

FILE THEIR OVER-LENGTH

SUMMARY JUDGMENT MEMORANDUM

FRANK S. KOZIOL
ATTORNEY AT LAW.
818 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707