FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
907-258-7706

Counsel for Defendant
CITY OF KODIAK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SCOTT BROWN,                                )
                                            )
               Plaintiff,                   )
                                            ) Case No. 3:05-CV-0002 [TMB]
          vs.                               )
                                            )
FRANK PETERSON, Individually and )
in His official capacity as a               )
City of Kodiak Police Officer;              )
JEFF HOLDEN, Individually and in )
his official capacity as a City             )
Kodiak Police Officer; CITY OF              )
KODIAK; and JOHN AND JANE DOES   ) MEMORANDUM IN SUPPORT OF
1-10,                                       ) CITY OF KODIAK'S MOTION FOR
               Defendants.                  ) SUMMARY JUDGMENT
                                            )

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . i

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . 1

SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . . 2

APPLICABLE SECTION 1983 LAW . . . . . . . . . . . . . . . . . 4

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 7

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

i

INTRODUCTION

Plaintiff has asserted against the City of Kodiak, in his Second Cause of Action, inadequate training, supervision, custom, practices, and policies under § 1983.[1]  This appears to be the only independent claim against the City.  Plaintiff's Eleventh Cause of Action is for respondeat superior liability.[2]  However, if the officers are not liable for the underlying tort claims then neither is the City on an agency theory.  City will rely upon the officers' assertions of no liability for the underlying tort claims.

This Motion for Summary Judgment will address Plaintiff's Second Cause of Action.

STATEMENT OF THE CASE

City incorporates by reference the officers' Statement of the Case as set forth in the Officers' Motion for Summary

---

[1] Complaint dated January 3, 2005 at 7.

[2] Id. at 10.  City views the respondeat superior claim to be limited to State claims since such liability does not exist under § 1983.  See, this memorandum infra.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant City of Kodiak's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002  [TMB]
Page 1 of 8

Judgment.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[3]  The moving party need not present evidence; it needs only point out the lack of any genuine dispute as to material fact.[4]  Once the moving party has met this burden, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[5]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences

---

[3] <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

[4] <u>Id.</u> at 323-325.

[5] <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986).

Memorandum in Support of Defendant City of Kodiak's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002  [TMB]
Page 2 of 8

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

must be drawn in favor of the non-movant.[6]  However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[7]

Summary judgment is appropriate if the Court finds that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[8]

A dispute over a "genuine" material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the nonmoving party.[9]  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an

---

[6]  Id. at 255.

[7]  Id. at 248-249.

[8]  Fed. R. Civ. P. 56(c).

[9]  Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant City of Kodiak's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002   [TMB]
Page 3 of 8

otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[10]   The nonmoving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial.[11] However, mere allegations of factual dispute, without more, will not defeat an otherwise proper motion.[12]

### APPLICABLE SECTION 1983 LAW

To sustain an action under § 1983, a plaintiff must show: (1) that the conduct complained of was committed by a person acting under color of state law and (2) that this conduct deprived the plaintiff of a constitutional right.[13]

Municipal bodies can be sued under § 1983.  However,

---

[10] Id. at 247-248.

[11] Celotex Corp. v. Catrett, 477 U.S. at 322-323.

[12] Angel v. Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir. 1981) ("A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported by factual data.").

[13] Parratt v. Taylor, 451 U.S. 527, 535 (1981).

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant City of Kodiak's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002  [TMB]
Page 4 of 8

such entities do not have respondeat superior liability. Municipal bodies can be liable for wrongs resulting from the enforcement of a municipal policy or custom.[14]

Section 1983 municipal liability may be imposed when (1) the enforcement of a municipal policy or custom was (2) "the moving force" of the violation of federally protected rights.[15]

A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee.[16]

Inadequate supervision may be a basis for § 1983 liability against a municipality.  However, the deficiency must be sufficiently inadequate as to constitute "deliberate indifference" to the right of persons with whom the police

---

[14] <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690-691 (1978).

[15] <u>City of Canton v. Harris</u>, 489 U.S. 378, 385-391 (1989).

[16] <u>Davis v. City of Ellensburg</u>, 869 F.2d 1230, 1233 (9th Cir. 1989).

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant City of Kodiak's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002   [TMB]
Page 5 of 8

encounter.[17]

　　　　When a subordinate employee engages in a single illegal incident, a supervisory official's failure to investigate, or discipline that employee, or take other corrective steps, is insufficient to constitute a de facto policy of acquiescence or encouragement of the wrongful conduct.[18]

<u>ARGUMENTS</u>

　　　　Plaintiff has alleged that the City has established a custom and practice or procedure that allows police officers to enter residences without warrant and consent.[19]　There is no evidence to support this allegation.

　　　　At most, this case presents a single incident of two officers entering a home without a warrant and consent.　This is insufficient to establish a custom or practice and insufficient

---

[17]　<u>Id.</u> at 1235.

[18]　<u>Santiago v. Fenton</u>, 891 F.2d 373, 382 (1st Cir. 1989).

[19]　Complaint dated January 3, 2005 at 7 paragraph 33.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant City of Kodiak's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002　[TMB]
Page 6 of 8

to establish a failure to supervise.

As a result, the § 1983 claim against the City should
be dismissed.[20]

CONCLUSION

For the aforementioned reasons, the City should be
granted summary judgment as set forth in the accompanying order.

LAW OFFICE OF FRANK S. KOZIOL
Attorney for Defendant City
of Kodiak

Dated: 5/19/08                    By:  /s Frank S. Koziol
                                       Law Office of Frank S. Koziol
                                       618 Christensen Drive
                                       Anchorage, Alaska 99501
                                       Phone: 907-258-7706
                                       Fax: 907-258-7707
                                       Email: koziol@gci.net
                                       ritagutierrez.koziol@gci.net
                                       ABA No. 7210054

---

[20] City does not believe that any other § 1983 claim is
asserted against it.  For example, Plaintiff's expert Edward Mott
found no deficiency in the City's use of force policy.
Exhibit AT at 19-20, attached to the Officers' Motion for Summary
Judgment.  If any other § 1983 claim is being made, City will
respond in a reply brief.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant City of Kodiak's Motion for Summary
Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002  [TMB]
Page 7 of 8

THIS IS TO CERTIFY that a copy of the foregoing was
served electronically and by U. S. Mail upon:


Robert M. Herz, Esq.
425 "G" Street, Suite 600
Anchorage, Alaska 99501


/s Frank S. Koziol 5/14/08

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Memorandum in Support of Defendant City of Kodiak's Motion for Summary
Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002  [TMB]
Page 8 of 8