IN THE DISTRICT COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KODIAK

STATE OF ALASKA, )
)
Plaintiff, )
)
vs. )
)
SCOTT BROWN, )
)
Defendant. )
_____ )   Case No. 3KO-03-12 CR

VRA CERTIFICATION. I certify that this document and its attachments do not contain (1) the name of a victim of a sexual crime listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any crime unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.



## MOTION TO SUPPRESS EVIDENCE

Scott Brown, by counsel, moves the court to suppress all evidence that was obtained after the unconstitutional entry into his home on January 4, 2003. This motion is made pursuant to Evidence Rule 412, as well as the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Alaska Constitution. It is supported by the following memorandum and the attached exhibits.

### MEMORANDUM IN SUPPORT

Facts

The following four paragraphs are quoted verbatim from the report of Kodiak Police Officer Frank Peterson:

> On Saturday, 1-4-2003, at approximately 1653 hours, the Kodiak Police Department received a telephone call from Laurie Skonberg reporting a golden colored flat-bed pickup truck had just left the Safeway parking lot at a high rate of speed. She stated she saw the vehicle spray gravel all over a

JAMIN, EBELL
SCHMITT & MASON
323 CAROLYN STREET
KODIAK, AK 99615
(907) 486-6024

000315

3-18

Ex. U, p. 1 of 7

woman standing in front of the store. Skonberg stated she followed the pickup truck and observed it lose control and do a "360" on Selief Lane. She stated she saw the vehicle go up Pillar Mountain Road.

Another woman called and did not give her name. She stated she was in the Safeway parking lot when a golden colored pickup truck with dualies back sprayed gravel on her. She stated the passenger in the vehicle had dark hair and appeared to be scruffy from not shaving. The caller stated the driver of the vehicle had blond colored hair.

I headed toward the gravel pit on Pillar Mountain. I was near the water tanks on Pillar Mountain Road when I observed two vehicles coming down Pillar Mountain Road. I noted the second vehicle was a gold colored flat-bed pickup truck, bearing Alaska license "DWT484." I turned my vehicle around and followed the vehicle. I rounded the corner on Pillar Mountain Road, which turned into Maple Street. I observed the vehicle turn onto Madsen Road. I illuminated my overhead lights and followed the vehicle. I observed the vehicle turn onto Purtov Road and followed it. I observed the vehicle pull into the driveway of 1219 Purtov.

I observed a man jump from the driver side of the vehicle who I later identified as Scott Brown. I jumped out of my vehicle and yelled to the man to stop. I yelled several times and the man did not stop. The man entered the residence and started to shut the door. I was directly behind the man when he closed the door. I entered the residence and followed Brown through the residence to the what I assumed was the bathroom. I yelled through the door that I was the Kodiak Police and Brown needed to exit. I tried to open the door and felt resistance on the other side like he was holding the door closed. Brown's wife, Beverly, was present and asked that she be allowed to try and get him out of the bathroom.

As noted in this report, Officer Peterson did not have a warrant and did not have permission to enter the Brown house. These facts are confirmed by the attached affidavit of Beverly Brown and of Scott Brown. Mr. Brown's affidavit also establishes that

MOTION TO SUPPRESS EVIDENCE - page 2 of 7
State v. Scott Brown
3KO-S03-12 CR

JAMIN, EBELL
SCHMITT & MASON
323 CAROLYN STREET
KODIAK, AK 99615
(907) 486-6024

000316

he had immediate need to use the bathroom and headed straight for it. Hence, when Officer Peterson made his warrantless entry of the house, the only thing he knew about Mr. Brown was that there were reports he had been driving erratically. Officer Peterson himself did not observe any erratic driving. Further, at the point of entry Officer Peterson had not had any personal contact with Mr. Brown for purposes of making any assessment of alcohol consumption.

Legal Issues

Before getting into the constitutional issues, brief mention of Alaska's statutes on the arrest process is appropriate. The uncontested facts make it clear that when he entered the house Officer Peterson had not seen a crime committed in his presence. Hence, he had none of the grounds for a warrantless arrest under AS 12.25.030. Further, there was nothing to indicate the involvement of alcohol and hence no probable cause to believe that Mr. Brown had been operating his vehicle while intoxicated. Therefore, there were no grounds for a warrantless arrest under AS 12.25.033. Lastly, it is clear that Officer Peterson did not ask for permission to enter and then did not announce his authority and the purpose of his entry. This means that when he essentially broke into the Brown house, he did so in violation of AS 12.25.100.

This review of the statutory authority demonstrates that, at the best, Officer Peterson was merely investigating a possible crime when he entered the house. A relevant question here is: did Officer Peterson have probable cause to believe Mr. Brown was

JAMIN, EBELL
SCHMITT & MASON
323 CAROLYN STREET
KODIAK, AK 99615
(907) 486-6024

MOTION TO SUPPRESS EVIDENCE - page 3 of 7
State v. Scott Brown
3KO-S03-12 CR

000317

Ex. U, p. 3 of 7

driving while intoxicated? The answer is no since all he had was hearsay reports of erratic driving.[1]

Both the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Alaska Constitution protect the sanctity of the home. They use essentially the same language: "The right of the people to be secure in their . . . houses . . ., against unreasonable searches and seizures, shall not be violated . . ."

Haskins v. Municipality of Anchorage[2] is almost on point. In that case two officers received a report of a hit-and-run and began investigating. They learned that the suspect vehicle was in the driveway of Mr. Haskins' house. They knocked on the door and were met by Ms. Haskins. In response to their questions, she said she had not been driving recently but that her husband had just arrived home. She then invited them in but directed that they wait upstairs while she went downstairs to get her husband. They did not wait but followed Ms. Haskins where they found Mr. Haskins. Based on what they heard and saw, they arrested him for driving while intoxicated. The Court of Appeals ruled that this was not a consensual search. Because there was no reason to believe that Mr. Haskins was armed, the court also ruled that the officers did not have grounds for a protective search. Accordingly, all evidence obtained after the unconstitutional search was suppressed. That is what should happen here.

---

[1] cf. Saucier v. State, 869 P.2d 483 (Alaska App. 1994), where the officer's own observations of erratic driving coupled with an admission of alcohol consumption were held to be insufficient to establish probable cause for an arrest.

[2] 22 P.3d 31 (Alaska App. 2001)

MOTION TO SUPPRESS EVIDENCE - page 4 of 7
State v. Scott Brown
3KO-S03-12 CR

JAMIN, EBELL
SCHMITT & MASON
323 CAROLYN STREET
KODIAK, AK 99615
(907) 486-6024

000318

Ex. U, p. 4 of 7

There is no question that,

> It is well established that all warrantless entries are presumptively unlawful; they can be justified only if they come within a recognized exception to the warrant requirement. The burden of proving that a warrantless entry is justified is on the state. Of those several areas in which an individual's privacy receives protection by the Fourth Amendment to the United States Constitution, "[i]n none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home...." "[P]hysical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed."[3]

Alaska has recognized these exceptions:

> (i) A search of abandoned property;
> (ii) A search in hot pursuit of a fleeing felon;
> (iii) A search, with probable cause, to avoid destruction of a known seizable item.
> (iv) A search of a movable vehicle;
> (v) An 'inventory' search;
> (vi) A search pursuant to voluntary consent;
> (vii) A 'stop and frisk search;
> (viii) 'emergency aid'; and
> (ix) A search incident to an arrest.[4]

Some of these exceptions have been restated under the heading "exigent circumstances" as follows:

> (1) emergency entries;
> (2) entries to preserve evidence;
> (3) entries to make a protective search undertaken to safeguard the officers themselves while carrying out a legal investigation; and

---

[3] Zinn v. State, 656 P.2d 1206, 1207-1208 (Alaska App. 1982)[citations omitted].

[4] Schraft v. State, 544 P.2d 834, 840-841 (Alaska 1975)[citations omitted].

MOTION TO SUPPRESS EVIDENCE - page 5 of 7
State v. Scott Brown
3KO-S03-12 CR

JAMIN, EBELL
SCHMITT & MASON
323 CAROLYN STREET
KODIAK, AK 99615
(907) 486-6024

000319

(4) entries in hot pursuit.[5]

It is the state's burden to prove, by a preponderance of the evidence, that Officer Peterson's conduct fell within one of these exceptions.[6] It is clear that none of the exceptions fit the facts of this case. Indeed, the Supreme Court has ruled that a warrantless entry into a home to arrest an individual for driving while intoxicated is unconstitutional.[7] Further, there is clear authority in Alaska for obtaining search warrants when there is probable cause to believe that the offense of driving while intoxicated has occurred.[8]

It has long been recognized in Alaska that, "A door of the home represents a firm constitutional barrier whether or not it is open."[9] On the afternoon of January 4, 2003, Officer Peterson illegally crossed that barrier. The proper remedy is to suppress all evidence which he subsequently obtained.

---

[5] Johnson v. State, 662 P.2d 981, 985 (Alaska App. 1983)[citations omitted] (although the mention of "hot pursuit" omits the reference to "of a fleeing felon" qualification, it still exists as it is clearly an element in Gray v. State, 596 P.2d 1154, 1165 (Alaska 1979) - the case which was cited for the reference.

[6] Gallmeyer v. State, 640 P.2d 837, 841 (Alaska App. 1982)

[7] Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091 (1984)

[8] eg. St. John v. State, 715 P.2d 1205, 1211 (Alaska App. 1986) and Meyers v. Municipality of Anchorage, 838 P.2d 817 (Alaska App. 1992).

[9] State v. Spietz, 531 P.2d 521, 525 (Alaska 1975)

MOTION TO SUPPRESS EVIDENCE - page 6 of 7
State v. Scott Brown
3KO-S03-12 CR

JAMIN. EBELL
SCHMITT & MASON
323 CAROLIN STREET
KODIAK, AK 99615
(907) 486-6024

000320

DATED this 18TH day of March, 2003, at Kodiak, Alaska.

JAMIN, EBELL, SCHMITT & MASON
Attorneys for Defendant

_/s/ Alan L. Schmitt_
Alan L. Schmitt, Alaska Bar #8211145

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following by hand this 18 day of March, 2003.

District Attorney's Office
424 Marine Way, Suite 202
Kodiak, Alaska 99615

_/s/ Linda S. Brown_
JAMIN, EBELL, SCHMITT & MASON

7269\01 motion to suppress.wpd

JAMIN, EBELL
SCHMITT & MASON
323 CAROLYN STREET
KODIAK, AK 99615
(907) 486-6024

MOTION TO SUPPRESS EVIDENCE - page 7 of 7
State v. Scott Brown
3KO-S03-12 CR

000321

Ex. U, p. 7 of 7