IN THE TRIAL COURTS FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

STATE OF ALASKA,               )
                               )
                Plaintiff,     )
                               )
        vs.                    )
                               )
SCOTT BROWN,                   )
                               )
                Defendant.     )
                               )
Case No. 3KO-03-12 CR          )

FILED
STATE OF ALASKA
THIRD DISTRICT
AT KODIAK
03 MAR 20 PM 4: 11
CLERK, TRIAL COURTS
BY _____
DEPUTY CLERK

VRA CERTIFICATION

I certify that this document and attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is used to identify the place of the crime or an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

District Attorney, State of Alaska
424 Marine Way, Suite 202
Kodiak, Alaska 99615
486-5744

## OPPOSITION TO MOTION TO SUPPRESS

First, the state notes that the defendant claims to speak for the state, saying certain facts are "uncontested." On page 3 of the supporting memorandum, defendant represents that it is uncontested that Officer Peterson did not see "a crime committed in his presence."

From the state's point of view, this is an odd use of rhetoric to persuade the court. Officer Peterson did indeed see the defendant driving, did observe a crime being committed in his presence--he saw the crime being committed and literally chased the defendant as he simultaneously perpetuated the crime and eluded the

1

000311

3-20

**Ex. V, p. 1 of 4**

investigation.[1]  But what is most surprising--the defendant goes
beyond mere factual misstatement and actually represents that the
state does not contest the mischaracterization.

Second, the cases cited by defendant, <u>Haskins v.
Municipality of Anchorage</u>, 22 P.3rd 31 Ak. App. 2001) and <u>Welsh v.
Wisconsin</u>, 466 U.S. 740 (1984), are not hot pursuit cases.  Our
facts involve the "hot pursuit" exception to the search warrant
requirement.  Officer Peterson chased the defendant to his home,
lights flashing, yelling for him to stop and following him into the
house when the defendant wouldn't obey.  Officer Peterson should
have fearlessly followed him into the bathroom.  Unfortunately,
Officer Peterson couldn't bring himself to execute this last duty.
This final barrier frustrated Officer Peterson.  It also provided
the defendant with a strange alibi for his crime.  Defendant
presently claims he became subject to a bizarre gastrointestinal
crisis, that for some reason required him to evacuate his bowels
while he gulped down alcohol.  In other words, Defendant now
proffers an "I drank after I drove" defense.

Turning to the suppression issue, Defendant needs to
address Alaska case law directly on point rather than "almost on
point."  <i>See</i> Supporting Memorandum, p. 4.  One such DWI case,

---

[1]A review of the facts indicates that additional charges may
be required.

2

000312

**Ex. V, p. 2 of 4**

District Attorney, State of Alaska
424 Marine Way, Suite 202
Kodiak, Alaska 99615
486-5744

Wilson v. State, 680 P.2d 1173, 1177 (Alaska App. 1984), resulted in the following commentary from the Alaska Court of Appeals:

> Wilson contends that his arrest was illegal because the arresting officers failed to procure a warrant before entering the greenhouse to arrest him. We are satisfied that the officers were in hot pursuit of Wilson when they entered the greenhouse and therefore did not need a warrant. See Erickson v. State, 507 P.2d 508, 515 (Alaska 1973)

Alaska's approach to the hot pursuit doctrine, in the DUI context, coincides with case law elsewhere. For instance, just last year, the Ohio Supreme Court held that the police, who were in hot pursuit of a DUI misdemeanant, were authorized to pursue the defendant into his home. The Ohio Supreme Court found no basis to distinguish between the pursuit of a felon, authorized in United States v. Santana, 427 U.S. 38 (1976), and pursuit of a misdemeanant. Middletown, Ohio v. Flinchum, 765 N.E.2d 330, 332 (Ohio 2002).

Finally, the state requests an evidentiary hearing so that it may put some people under oath. Representations already made stretch credibility and the state has concerns regarding perjury. Most importantly, the state wishes to establish the underlying facts so that it is clear to the court that the hot pursuit doctrine applies in this case. The state also asks that the evidentiary hearing be scheduled several weeks in the future so

District Attorney, State of Alaska
424 Marine Way, Suite 202
Kodiak, Alaska 99615
486-5744

3

that it will have sufficient time to subpoena persons.

Dated at Kodiak, Alaska on March 20, 2003.

GREGG D. RENKES
ATTORNEY GENERAL

J. MICHAEL GRAY
DISTRICT ATTORNEY

By: _____
Joseph S. Slusser #8206063
Assistant District Attorney

THE UNDERSIGNED HEREBY CERTIFIES THAT ON
THE _20_ DAY OF _MARCH_ , 20 _03_
THE ATTACHED DOCUMENTS WERE HAND DELIVERED  JES IM
ON THE ATTORNEYS OF RECORD

District Attorney, State of Alaska
424 Marine Way, Suite 202
Kodiak, Alaska 99615
486-5744

4

000314

**Ex. V, p. 4 of 4**