IN THE DISTRICT COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KODIAK

STATE OF ALASKA,           )
                           )
              Plaintiff,   )
                           )
        vs.                )
                           )
SCOTT BROWN,               )
                           )
              Defendant.   )
_____)  Case No. 3KO-03-12 CR

VRA CERTIFICATION. I certify that this document and its attachments do not contain (1) the name of a victim of a sexual crime listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any crime unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

### REPLY TO OPPOSITION TO MOTION TO SUPPRESS EVIDENCE

Scott Brown, by counsel, replies to the state's opposition to his motion to suppress. The opposition fails on procedural and substantive grounds.

Procedurally, the state presents nothing under oath to challenge Officer Peterson's admissions[1] or to challenge the sworn statements of the Browns. The unsupported allegations of counsel are not the type of "detailed statement of the material facts disputed by the responding party, as well as any additional material facts that can be provided by the party" within the meaning of CR 42(c)(2)(B). Before the 1993 amendments to Rule 42 it was the established law in Alaska that before a party was entitled to an evidentiary hearing, it was necessary to make an initial showing by affidavit that there was a factual dispute.[2] There is no indication that this law has changed. Hence, as a predicate

---

[1] Which are admissible under ER 801(d)(2).

[2] Selig v. State, 750 P.2d 834, 837 (Alaska App. 1988).

JAMIN, EDELL
SCHMITT & MASON
323 CAROLYN STREET
KODIAK, AK 99615
(907) 486-6024

000305

3-21

Ex. W, p. 1 of 6

to scheduling what appears to be a request for a fishing expedition type of evidentiary hearing, the court should require sworn statements or other admissible evidence that demonstrates a material issue of fact.

Further, the reply's statement that an evidentiary hearing is needed "to put some people under oath" does not comply with the intent of CR 42(e)(2). There are two aspects of this. First, it does not identify "the people." Second, it does not provide the estimate of time needed to submit the evidence.

Substantively the motion at least establishes the exception to the warrant requirement upon which the state relies - hot pursuit. While Wilson v. State[3] briefly mentions that the police may make a warrantless entry into a greenhouse while in hot pursuit, it is not relevant authority in this case for two significant reasons. First, greenhouses are not given constitutional protection. On the other hand, protection of the home is expressly mentioned in both constitutions. This is a major distinction.

Second, in Wilson the arresting officers observed the erratic driving, they then watched as Wilson nearly lost control of his truck, then they watched as he hit one of the patrol cars and then they saw him run a red light.[4] All of these personal observations gave the officers probable-cause to believe Wilson was driving recklessly and that he left the scene of an accident. Reckless driving is a misdemeanor.[5] Reasonably assuming that a

---

[3]   680 P.2d 1173, 1177 (Alaska App. 1984)

[4]   Id. at 1177

[5]   AS 28.35.040(b).

REPLY TO OPPOSITION TO MOTION TO SUPPRESS EVIDENCE - page 2 of 6
State v. Scott Brown
3KO-S03-12 CR

JAMIN, EBELL
SCHMITT & MASON
323 CAROLYN STREET
KODIAK, AK 99615
(907) 486-6024

000306

police officer was driving the patrol car which Wilson hit, his failure to stop is also a misdemeanor.[6] Hence the officers had probable cause to pursue and arrest Wilson under AS 12.25.030(a)(1).

Furthermore, to justify the hot pursuit issue in Wilson the court relied on Erickson v. State.[7] However, felony drug offenses were involved in Erickson. This is consistent with the warrantless search exception when the police are "in hot pursuit of a fleeing felon."[8]

The state's request that the court adopt the approach announced in City of Middleton v. Flinchum[9] is misplaced. As the court in that case noted, the arresting officers personally observed reckless driving. Here is what they saw:

> On April 23, 1999, Middletown police officers observed appellant Thomas Flinchum's car stopped at a red traffic light. When then light changed, appellant spun the car's tires. The officers then observed appellant stopping his car and then rapidly accelerating, causing the car to fishtail as it made a right turn. At this point, the officers decided to follow appellant. The officers attempted to approach appellant's vehicle twice, but on both attempts, appellant fled from the police.[10]

---

[6] AS 28.35.050 and AS 28.35.060.

[7] 507 P.2d 508, 515 (Alaska 1973).

[8] Schraft v. State, 544 P.2d 834, 840 (Alaska 1975)[citation omitted].

[9] 765 N.E.2d 330 (Ohio 2002).

[10] Id. at 331

REPLY TO OPPOSITION TO MOTION TO SUPPRESS EVIDENCE - page 3 of 6
State v. Scott Brown
3KO-S03-12 CR

JAMIN, EBELL
SCHMITT & MASON
323 CAROLYN STREET
KODIAK, AK 99615
(907) 486-6024

000307

Ex. W, p. 3 of 6

No similar personal observations exist in this case. A much more relevant case is <u>State v. Bolte</u>.[11] In it the police made a warrantless home entry to make an arrest after the officers personally observed multiple motor vehicle offenses but had no information that alcohol was involved. The court stated:

> Absent probable cause to believe Bolte was intoxicated, the officer's pursuit could be justified by his observation that Bolte had probably committed a number of motor vehicle offenses, including reckless driving, N.J.S.A. 39:4-95, speeding, N.J.S.A. 39:4-99, failure to maintain a single lane, N.J.S.A. 39:4-88b, as well as eluding, N.J.S.A. 2C:29-2b, and resisting arrest, N.J.S.A. 2C:29-2a. The last two violations are disorderly persons offenses and the others are motor vehicle infractions. We hold that these offenses, individually and in the aggregate, are within the category of "minor" offenses held by the Welsh Court to be insufficient to establish exigent circumstances justifying a warrantless home entry.[12]

Several other jurisdictions allow hot pursuit arrests of DWI suspects in their home. However, in each there was either firm evidence of alcohol or a concession by the defendant that probable cause for an arrest existed before the home entry.

In <u>State v. Paul</u>[13] the defendant approached the arresting officer in an auto parts store. The officer noticed a strong odor of alcohol and other indicia of intoxication. He later saw the defendant driving and followed him home. On the way there were multiple traffic violations. The court held that the officer had probable cause to arrest for DWI

---

[11]    560 A.2d 644 (New Jersey 1989).

[12]    Id. at 654

[13]    548 N.W.2d 260 (Minnesota 1996).

REPLY TO OPPOSITION TO MOTION TO SUPPRESS EVIDENCE - page 4 of 6
State v. Scott Brown
3KO-S03-12 CR

JAMIN, EBELL
SCHMITT & MASON
323 CAROLYN STREET
KODIAK, AK 99615
(907) 486-6024

000308

**Ex. W, p. 4 of 6**

before he entered the home and that his hot pursuit justified the warrantless entry into the home.

In Bennett v. Coffman[14] the police responded to a phone call from the proprietor of a bar who complained that Bennett had recently left the bar in a state of extreme intoxication. Later the police saw the defendant driving left of the center line. It was held that since the officers had probable cause to make the arrest before the defendant entered his home, they were allowed to do so without a warrant under the hot pursuit exception.

In Kirksville v. Guffey[15] the police began following the defendant after observing traffic violations. A chase through city streets ensued during which the defendant drove over 100 miles an hour. The defendant conceded grounds for an arrest before he entered his house. The court then held that the hot pursuit exception authorized the warrantless entry into the home.

In conclusion, the state has failed to show that an evidentiary hearing is needed. Mr. Brown has submitted clear evidence that Officer Peterson did not have personal knowledge of any erratic driving or otherwise have probable cause to believe that an alcohol related offense had occurred. From a procedural perspective, an evidentiary hearing is unwarranted. From a substantive perspective, the law is clear that the police cannot enter a home in hot pursuit unless they have probable cause for an arrest before

---

[14]   361 S.E.2d 465 (West Virginia 1987)

[15]   740 S.W.2d 227 (Missouri 1987)

REPLY TO OPPOSITION TO MOTION TO SUPPRESS EVIDENCE - page 5 of 6
State v. Scott Brown
3KO-S03-12 CR

JAMIN, EBELL
SCHMITT & MASON
323 CAROLYN STREET
KODIAK, AK 99615
(907) 486-6024

000309

the entry. Those facts simply do not exist here and the court must grant the motion to suppress.

DATED this 21st day of March, 2003, at Kodiak, Alaska.

JAMIN, EBELL, SCHMITT & MASON
Attorneys for Defendant

*[signature]*
Alan L. Schmitt, Alaska Bar #8211145

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following by hand this 21st day of March, 2003.

District Attorney's Office
424 Marine Way, Suite 202
Kodiak, Alaska 99615

*[signature]*
JAMIN, EBELL, SCHMITT & MASON

7269\01 reply to opposition to motion to suppress.wpd

JAMIN, EBELL
SCHMITT & MASON
323 CAROLYN STREET
KODIAK, AK 99615
(907) 486-6024

REPLY TO OPPOSITION TO MOTION TO SUPPRESS EVIDENCE - page 6 of 6
State v. Scott Brown
3KO-S03-12 CR

000310

Ex. W, p. 6 of 6