Transcripti of Evidentiary Motion to Suppress                                    April 03, 2003

Page 1

```
 1            IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
 2                       THIRD JUDICIAL DISTRICT
 3                                      )
    STATE OF ALASKA,                    )
 4                                      )
              Plaintiff,                )
 5                                      )
         v.                             )
 6                                      )
    SCOTT R. BROWN,                     )
 7                                      )
              Defendant.                )
 8                                      )
 9   Case No. 3KO-03-12CR
10                            VOLUME I
11       TRANSCRIPT OF EVIDENTIARY HEARING ON MOTION TO SUPPRESS
12                                       Kodiak, Alaska
                                         April 3, 2003
13                                       9:31 o'clock a.m.
14   APPEARANCES:
15
16   FOR THE PLAINTIFF:          JOSEPH S. SLUSSER, ESQ.
17                               Assistant District Attorney
18                               424 Marine Way, Suite 202
19                               Kodiak, Alaska
20
21   FOR THE DEFENDANT:          ALAN L. SCHMITT, ESQ.
22                               Jamin, Ebell, Schmitt & Mason
23                               323 Carolyn Street
24                               Kodiak, Alaska
25
```

000509

Kodiak Reporting & Transcription                              EXHIBIT D   1-877-486-6221

Ex. Z

Transcripti of Evidentiary Motion to Suppress                                April 03, 2003

Page 2

1                    P R O C E E D I N G S
2    3KOA03-52
3    09:31:39
4         THE CLERK: On record
5         (This portion not requested)
6    11:51:13
7         THE COURT: All right. If counsel wanted to make some
8    findings and conclusions here since I've heard the evidence and
9    have reviewed authority, including the authority and argument in
10   your briefing. This is a situation where there is a warrantless
11   entry into the defendant's residence, a building obviously a
12   residence. There's no dispute about that and the real issue is
13   whether there's any exception to the search warrant requirement
14   that would permit the officer to enter the residence without
15   permission and without a warrant. And to gather evidence and
16   use the evidence in this prosecution.
17        The state is claiming the hot pursuit exception to the
18   warrant requirement, and I'll note that what we have here is a
19   particular protection recognized in the law and that is the
20   protection of a residence. It happened to be the defendant's
21   residence, but it was a residence obvious to the officer.
22   Protections of home are given special attention in the law, in
23   particularly, in reviewing Fourth Amendment concerns.
24        The first question I think I need to address is whether the
25   hot pursuit exception to the warrant requirement applies only to

Kodiak Reporting & Transcription                    000510 EXHIBIT D    1-877-486-6221

Transcripti of Evidentiary Motion to Suppress

April 03, 2003

Page 3

1  fleeing felons. And I think the answer to that is, no, it does
2  not; that is, it may apply to other offenses.
3      The Schraft (ph) case from the Alaska Supreme Court in
4  relying upon U.S. Supreme Court cases speaks of this, a hot
5  pursuit of a fleeing felon. But I think that the case law in
6  this state, even, makes it readily apparent that the hot pursuit
7  exception can apply to lesser offenses. It does not require a
8  grave offense or a serious offense, and that's apparent from the
9  circumstances in Wilson where the offenses that the officers
10 observed and were pursuing the defendant for were what looked
11 like looting and reckless driving, failure to stop after an auto
12 accident, running a red light, but I don't see felonies there.
13     And other cases in this state as well as in other
14 jurisdictions, state and federal, where there has been
15 discussion about whether the hot pursuit exception was
16 satisfied, but those decisions did not seem to be based upon the
17 characterization of the offense. And I don't see that how an
18 offense is characterized, at least with what we have here,
19 misdemeanors, makes a difference in the outcome and the
20 analysis.
21     LaFave (ph) in his summary, this is LaFave, Search and
22 Seizure, Third Supplement 2002, discusses in his summary other
23 state courts that have addressed the hot pursuit doctrine. And
24 DUI is an offense where there may be, under some circumstances,
25 according to LaFave, a warrantless entry in the suspect's home.

Kodiak Reporting & Transcription

000511 EXHIBIT D   1-877-486-6221

Transcript of Evidentiary Motion to Suppress                                April 03, 2003

Page 4

1    The question then is, well, are there any offenses for
2    which the officer had a basis to arrest the defendant. Was
3    there probable cause to arrest the defendant. And the state
4    concedes that reckless driving is not one of the possibilities,
5    but they're relying upon eluding and DUI.
6        I'll address DUI first. The officer, Officer Peterson,
7    testified that he had received a report through dispatch that
8    someone calling had said there might be an intoxicated driver.
9    However, notably, and particularly notably in this case, Officer
10   Peterson did not mention that in his police report and he did
11   not mention it in his probable cause affidavit which accompanied
12   the DUI misdemeanor complaint. And I think that's remarkable in
13   this case because it was prosecuted -- well, the defendant in
14   his home was arrested for DUI. The case was prosecuted that way
15   by filing a DUI complaint. And until March 27, there was no
16   other offense discussed.
17       I would fully expect an officer who arrested a person for
18   DUI and prepared a report in a probable cause affidavit for DUI
19   to have mentioned that kind of a report through dispatch. And I
20   think the officer is mistaken, and I find that he did not have
21   that report before he made the arrest. He did not have it in
22   the pursuit, and he did not have that information from dispatch
23   before he entered the residence. So DUI is not a basis or he
24   would not have had probable cause to arrest for DUI.
25       Eluding, I've gone over the elements of eluding, and I find

Kodiak Reporting & Transcription                    000512 EXHIBIT D   1-877-486-6221

1  in this circumstance that the officer did not have probable
2  cause or reason to believe that the defendant had committed
3  eluding in this situation. It requires a person operating a
4  vehicle knowingly fail to stop as soon as practical when was
5  signaled. He was signaled and I do find the defendant was aware
6  of the overhead lights on a police vehicle before he stopped the
7  vehicle.
8      However, the distance between the two vehicles, the
9  officer's and the defendant's, was not short. According to that
10 video, it looked like it was a block or more, and the
11 defendant's vehicle didn't even come into view on the video
12 until the officer turned onto Purtov, and it was -- the
13 defendant's vehicle was already down close to and beginning to
14 pull into his own parking area in front of his house.
15     There's no evidence from which one can conclude the
16 defendant knew before he himself was turning onto Purtov that
17 the overhead lights were on and one could not conclude that the
18 defendant knew at that point that the officer was signaling the
19 defendant to stop. And it might very well be that the defendant
20 was concerned that he didn't want to be found with alcohol in
21 the vehicle, if he did have alcohol in the vehicle, or he didn't
22 want the officer to find evidence that he was driving under the
23 influence of alcohol, if he was. But that's a different
24 question from eluding.
25     The defendant, I find, was in fact wanting to get out of

1  the car, get away from the car and get into the safety of his
2  own home if the officer were after him. But I don't think he
3  knew that, and I don't think that when and where and how he
4  stopped the vehicle constitute failing to stop his vehicle as
5  soon as practical and in a reasonably safe manner. There's no
6  basis for arresting him for eluding at that point then.
7      So, there being no offenses the state relies upon that
8  would justify a warrantless arrest, the question is, well, the
9  officer wanted to question him and can the officers make
10 warrantless entry into a residence for that questioning. The
11 state refers to that as an investigatory detention and applies
12 the hot pursuit exception to that circumstance. The state
13 concedes no authority in Alaska on the point, and I have to
14 conclude that the hot pursuit exception does not apply to that
15 circumstance. And I'm not finding any authority where is does
16 apply.
17     Furthermore, the discussion in U.S. Supreme Court cases and
18 in Alaska Supreme Court cases about the Fourth Amendment,
19 warrantless entries hot pursuit provides extra protection for
20 residences, requires some type of hot or immediate or continuous
21 pursuit for an offense. If there's some particular offense that
22 was committed, and what I'm seeing in this situation is the
23 officer wanted to talk to him more to find out some more
24 information based upon these calls that were made to the police
25 department and given to the officer through dispatch.

Transcript of Evidentiary Motion to Suppress                                April 03, 2003

Page 7

1    That doesn't constitute hot pursuit. It constitutes a
2    valid basis for wanting to question a person. And it is a valid
3    basis for temporarily detaining a person to question them, but
4    it is not a valid basis for making a warrantless entry into a
5    residence to accomplish that, and, therefore, the hot pursuit
6    exception is not satisfied.
7        In the Wilson case, an Alaska Supreme Court of Appeals case
8    that we've been discussing here, it seems to me that's
9    distinguishable for a couple of reasons. First of all, the
10   officers observed the commission of offenses in their presence,
11   there were multiple ones. Secondly, the defendant fled onto his
12   property to a green house which was obviously distinct from a
13   residence. And third, there was in fact there a pursuit that
14   was immediate and continuous from the scene of the offenses the
15   officers observed. All those things distinguish Wilson from
16   this case.
17       The New Jersey Supreme Court in Bolte (ph) at 560 A.2d 644,
18   pursuit of defendant to arrest him because they had themselves
19   observed reckless driving, failure to maintain a single lane,
20   and eluding. And in that case the state argued that people
21   shouldn't be able to retreat into their homes and bar the police
22   from following them because it would encourage eluding and the
23   Supreme Court there rejected that particular analysis and they
24   said there must be exigent circumstances in addition to hot
25   pursuit.

Transcript of Evidentiary Motion to Suppress                                April 03, 2003

Page 8

1   Now, I want to point out I'm not concluding the law in
2   Alaska relies -- requires exigent circumstances on top of hot
3   pursuit. I'm distinguishing -- I'm just referring to authority
4   and trying by analogy to determine whether or not the officers
5   could apply hot pursuit for detention purposes. And it seems to
6   me that the Bolte discussion requires -- it's clear that they
7   require in their analysis something more, and for the officers
8   to follow someone into their homes under those circumstance,
9   even though there is a possibility that people would be
10  encouraged to elude arrest.
11      LaFave kind of wraps this up not necessarily referring
12  specifically to the Bolte case, but in summarizing what's
13  happened in various state courts, LaFave has observed that for
14  DUI offenses, officers may in some circumstances make a
15  warrantless entry into a suspect's home. But the courts that
16  have allowed that, and I find that Alaska has seemed to require
17  these things, actual hot pursuit, a need to preserve evidence
18  such as the defendant's blood alcohol level, and the statutes
19  provide for criminal penalties. Okay. The third element
20  satisfied here for the offenses the state argues.
21      However, I've found there's no hot pursuit and there was no
22  need based upon the officer's information at the time to
23  preserve evidence because he didn't know about a DUI. He found
24  that when he entered the residence without the warrant and
25  confronted the defendant. Accordingly, a warrant was required

Kodiak Reporting & Transcription            UU0516 EXHIBIT D           1-877-486-6221

Transcripti of Evidentiary Motion to Suppress                              April 03, 2003

Page 9

1   for Officer Peterson's entry. He did not have it, and no other
2   circumstance permitted his entry without a warrant. And all
3   evidence then discovered or seized after his entry into the
4   residence must be suppressed and that will be the order.
5   Anything else?
6   12:07:45
7       (This portion not requested)
8       (Off record)
9   12:09:27
10              END OF REQUESTED PORTION

Kodiak Reporting & Transcription                    000517   EXHIBIT D    1-877-486-6221

TRANSCRIBER'S CERTIFICATE

1  I, Jacqueline Herter, hereby certify that the foregoing
2  pages numbered 1 through 9 are a true, accurate, and complete
3  transcript of proceedings in Case No. 3KO-03-12 CR, <u>State of</u>
4  <u>Alaska v. Scott R. Brown</u>, transcribed by me from a copy of the
5  digital sound recording 3KOA03-52 to the best of my knowledge
6  and ability.

8-21-03                              _____
Date                                 Jacqueline Herter, Transcriber

KODIAK REPORTING & TRANSCRIPTION
P.O. Box 3629; Kodiak, AK 99615; (907) 486-6221
E-mail: berter@ptialaska.net  Web Site: alaskacourtreporter.com

000518

EXHIBIT D