IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KODIAK

S..        ALASKA,                    )
                                      )
                    Plaintiff,        )
                                      )
vs:                                   )
                                      )
SCOTT BROWN,                          )
                                      )
                    Defendant.        )
_____      )    Case No. 3KO-S03-012 CR

## ORDER

Defendant Scott Brown seeks dismissal of the June 5, 2003 indictment.    He claims that the grand jury was improperly influenced through the presentation of irrelevant evidence,  inappropriate  speculation,  and  unsupported opinions and that the state failed to present sufficient evidence to obtain an indictment for assault in the third degree.

### Admissibility of Evidence

Evidence presented to the grand jury should be evidence that would be admissible at trial.   Criminal Rule 6(r). However,  any  error  in  admitting  irrelevant  evidence, hearsay, inappropriate testimony, or responses to leading questions before the grand jury is harmless if the remaining evidence is sufficient to support the indictment.  Blume v. State, 797 P.2d 664, 666 n 1 (Alaska App. Ct. 1990).   Brown claims:

*Alaska Court System*                    000101

                                              8-11

First, Maudean Magnuson's testimony concerns a Safeway parking lot incident and is not relevant because she failed to provide enough facts to connect the truck she saw in the Safeway parking lot with the truck observed by Laura Skonberg on Selief Lane a half hour later. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence." Evidence Rule 401. ~~Here, the state fails to make clear how the evidence is relevant.~~ However, the grand jury could reasonably infer from Magnuson's testimony that Skonberg had knowledge of the truck before she encountered it on Selief Lane. ~~As such, the state's failure to connect the evidence was a harmless error.~~

Second, the state improperly asked Magnuson to speculate as to what would have happened had she stepped in front of the truck. A lay witness may provide opinion testimony if it is (a) rationally based on her perception and (b) helpful to a clear understanding of her testimony or the determination of a fact issue. Evidence Rule 701. Here, Magnuson's opinion was rationally based on her perception of the Safeway incident and provided the grand jury with a clearer understanding of her testimony.

Third, the state improperly solicited opinion testimony from Skonberg and failed to lay a foundation to establish

State v. Brown
3KO-S03-12 CR
Page 2 of 4

that she was competent to offer opinions. " A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Evidence Rule 602. Thus, "where relevancy requires, a foundation must be laid as to the witness' personal knowledge of the facts to which the observed facts are being compared." 1 McCormick, Evidence, 5th ed., 1999 § 11, n 28. Skonberg's opinions as to how fast the truck was traveling, what would have happened had the truck struck her car at that speed, and what injuries the car's occupants would have been sustained were based on experience common to every adult. From her testimony, it was clear that Skonberg was driving a car at the time of the incident. As such, she has experience driving a car and she has a basis for estimating the speed in which a car or truck may be traveling. See Id. It was unnecessary for the prosecutor to lay a foundation. Even if a foundation was required, failure to lay one was a harmless error.

Sufficiency of Evidence

Brown claims that the state did not present evidence about "serious physical injury," a necessary element to the charge of third degree assault. "The grand jury shall find an indictment when all the evidence taken together, if unexplained or uncontradicted, would warrant a conviction of

State v. Brown
3KO-S03-12 CR
Page 3 of 4

Alaska Court System

ÜÜ∪103

Ex. AK, p. 3 of 4

the defendant." Criminal Rule 6(q). There is a presumption that the grand jury acted on sufficient evidence. Murray v. State, 778 P.2d 237, 238 (Alaska App. Ct. 1989). In determining the legal sufficiency of evidence presented to the grand jury, the court views the evidence in the light most favorable to the state and decides whether substantial evidence supports the conclusion that no reasonable doubt exists as to the defendant's guilt. Mudge v. State, 760 P.2d 1046, 1049 (Alaska App. Ct. 1988).

Here, Skonberg testified that she recognized the truck as the one her mother told her about, that it approached her at a high rate of speed, fishtailed a bit, and ran a stop sign. That she had safety concerns that truck would hit her car and injure herself or her children. And that at the speed the truck was traveling, the injuries would have been serious. Viewing Skonberg's testimony in the light most favorable to the state, the state has presented substantial evidence that would support the conclusion that Skonberg was in fear of serious physical injury.

The motion is DENIED.

DATED this 11 day of August, 2003, at Kodiak, Alaska.

WILLIAM H. FULD
SUPERIOR COURT JUDGE

*Court issues this opinion which was drafted in July only to explain why the pre-empt is not timely. Judge Suddock decided the issue August 9 although never assigned the case.

State v. Brown
3KO-S03-12 CR
Page 4 of 4

Alaska Court System

000104