IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT

STATE OF ALASKA, )
 )
Plaintiff, )
 )
VS. )
 )
SCOTT BROWN, )
 )
Defendant. )
_____ )

Case No. 3KO-03-0012CR

### ORDER

Defendant challenges the validity of his indictment for assault in the third degree, recklessly placing Laurie Skonberg in fear of imminent physical injury from a dangerous instrument, his truck. In testimony before the grand jury, Maudean Magnuson testified that on January 4, 2003, she was approaching a parked old, gold flatbed truck, and was about to walk in front of it, when the driver gunned the engine and sprayed her with pebbles. She then entered a grocery store, encountered her daughter, Laurie Skonberg, and described the incident to her.

A half hour later, Ms. Skonberg was stopped at a stop sign with her two children. She saw an old, gold flatbed truck approaching the opposing stop sign at a speed she estimated in excess of forty miles per hour, fishtailing slightly, failing to slow for the stop sign, continuing at cruise speed through the intersection, and losing control just past her vehicle, undergoing a three hundred sixty degree uncontrolled rotation

000105

8-7

**Ex. AL, p. 1 of 3**

on the roadway. She testified that as the vehicle approached, she was afraid: "At the rate of speed he was going and ran through the stop sign, I was concerned that he could hit us and injure myself or the kids". Tr.9-10.

Defendant complains that Ms. Magnuson testified the truck might be a Chevrolet or an International, when the truck seen by Ms. Skonberg and later located by the Kodiak police was a Dodge. Ms. Magnuson clearly revealed her uncertainty regarding the truck's make. The grand jury could reasonably infer that the vehicles seen by the two women were the same, given that both were old, gold flatbeds, in proximate locales in the late afternoon, each being outrageously driven.

The first incident is not irrelevant to the second. Ms. Magnuson conveyed her account of the incident to her daughter. Ms. Skonberg therefore recognized the approaching gold flatbed as a vehicle prone to reckless behavior. Her state of mind is in issue; it is an element of the offense that she be in fear of imminent physical injury. That she was warned in advance is therefore relevant, on the issue of her reasonable apprehension when she observed the approaching truck.

Ms. Skonberg's speed estimate was lay opinion admissible under AER 701, as an opinion rationally based on her perception, and helpful to a clear understanding of why she was placed in fear. She testified that she could perceive the vehicle as scantly in control, and closing fast towards a stop sign that would require a deceleration to a stop. A

000106

reasonable grand jury could chose to credit her testimony that under all the facts and circumstances, she was placed in apprehension of a possible collision. Her apprehension was additionally validated by the near immediate loss of control once the vehicle was past her.

The evidence presented to the grand jury, and the legitimate inferences there from, *Williams v. State*, 855 P.2d 1337 (Alaska 1993), are sufficient to uphold the indictment. Defendant's motion to dismiss is denied.

DATED this ___ day of August, at Kodiak, Alaska.

JOHN E. SUDDOCK
Superior Court Judge

I CERTIFY THAT A COPY OF THE ABOVE WAS:
___ MAILED TO
___ DEPOSITED IN DISTRIBUTION TRAY
CLERK'S OFFICE, KODIAK

DEPUTY CLERK         DATE

000107

Ex. AL, p. 3 of 3