IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KODIAK

STATE OF ALASKA, )
)
    Plaintiff, )
)
vs. )
)
SCOTT R. BROWN, )
)
    Defendant. )
_____ )
    Case Nos. 3KO-03-373 CR

## DECISION REGARDING ORDER DISMISSING INDICTMENT

The court dismissed the Indictment for Perjury on October 24 and here are the reasons.

Two women observed Scott Brown vehicle allegedly operate in a reckless manner. These were separate acts of driving. A vehicle description was noted and Officer Peterson observed the vehicle and followed it to Mr. Brown's home. Mr. Brown went into his home and shut the door. Mrs. Brown then observed a Kodiak Police Officer open the door and run after Mr. Brown.

Judge Hopwood heard a motion to suppress and decided the entry into the home was a clear violation of Mr. Brown's fundamental Fourth Amendment rights.[1] The State of Alaska is collaterally estopped from re-litigating the suppression issue since the three elements of collateral estoppel are met.[2] The privity requirement is satisfied since the

---

[1] See Exhibit "D" attached to motion to dismiss.
[2] The elements of collateral estoppel are "(1) the issue decided in a prior adjudication was precisely the same as that presented in the action in question; (2) the prior litigation must have resulted in a final

Case No. 3KO-S03-373 CR
Decision Regarding Order Dismissing Indictment
Page 1 of 4

government's representative in both case is the District Attorney.[3] *Briggs v. State, Department of Public Safety* instructs this court that where the state does not appeal a ruling to suppress evidence, the ruling is a final judgment when the state had the opportunity to appeal a reasoned opinion where the parties were fully heard.[4] This is the same situation the current controversy. Judge Hopwood full heard both parties before issuing a reasoned opinion. Furthermore, the decision was subject to appeal, but the state chose to amend the indictment by removing the DUI charge from count 3 in 3KO-03-13CR. Finally, Judge Hopwood's factual findings in the DUI case are being invoked to bar a possible contrary finding of fact.[5] Judge Hopwood's opinion is binding on the parties and it is a final judgment that was not appealed.

The same fact situation was used to indict Mr. Brown for perjury based on Mr. Brown's testimony at the DMV hearing that he only started drinking after arriving home. The district attorney used evidence that was obtained after a flagrant violation of the Alaska and United States Constitutions.

Alaska Evidence Rule 412 allows illegally obtained evidence to be used in a prosecution for perjury only if the "prosecution shows that the evidence was not obtained in substantial violation of rights." For example, an officer who failed to obtain a Glass Warrant ten days after the decision came down requiring a warrant to record a

---

judgment on the merits; and (3) there must be 'mutuality' of parties[.]"*Briggs v. State, Department of Public Safety* 713 P.2d 1078, 1081 (Alaska 1987).
[3] See *State v. Combs*, 64 P.2d 135 (2003).
[4] *Briggs*, 732 P.2d at 1082.
[5] *Id.* n6.

Case No. 3KO-S03-373 CR
Decision Regarding Order Dismissing Indictment
Page 2 of 4

000468

**Ex. AO, p. 2 of 4**

conversation acted in good faith and the evidence was admitted in a perjury prosecution.[6]

Here, Mr. Brown was in his home and the Officer entered to question Mr. Brown. The Officer did not ask for permission and none was given. The Officer did not seek a warrant. Judge Hopwood concluded the Officer did not have any knowledge of a suspected DUI. This was not a technical violation of a court created right. This was a substantial violation of a fundamental constitutional right. "A door of the home represents a firm constitutional barrier whether or not it is open."[7] On January 4, Officer Peterson crossed that barrier; if his subsequent observations are admitted in a perjury prosecution the court would be ignoring the language of Evidence Rule 412(2), which requires the prosecutor to show by a preponderance of the evidence that substantial rights were not violated. The prosecution has failed to meet this burden.

On the other issues raised by the defense, the court finds that even if Evidence Rule 412 burden was satisfied, it was error to ignore Judge Hopwood's findings. Officer Peterson testified he was in "hot pursuit" based on a report of a possible drunk driver. The law and facts found by Judge Hopwood are binding on the prosecutor. Thus, the prosecutor should have told the grand jury that this was not a legal search but under Evidence Rule 412, in his opinion, the officer was allowed to testify in a perjury prosecution. The court agrees there was no obligation to call a friendly defense witness.

---

[6] *State v. Wortham*, 657 P.2d 856 (Alaska App. 1983), affirmed 666 P.2d 1042 (Alaska 1983).
[7] *State v. Spietz*, 531 P.2d 521, 525 (Alaska 1975).

Case No. 3KO-S03-373 CR
Decision Regarding Order Dismissing Indictment
Page 3 of 4

000469

whose testimony was cumulative, as grand jury proceedings cannot be turned into mini-trials.[8]

When the court considers the evidence remaining, it is insufficient to support the inference that Mr. Brown consumed alcohol before he entered his house.

### Conclusion

The evidence obtained after the entry into Mr. Brown home and his illegal arrest was suppressed by Judge Hopwood in 3KO-03-12CR; it is not admissible in a perjury case. Without this evidence there is only speculation that Mr. Brown lied at the license revocation hearing. The indictment is dismissed.

DATED this 5 day of November, 2003, at Kodiak, Alaska.

William H. Fuld
SUPERIOR COURT JUDGE

I CERTIFY THAT A COPY OF THE ABOVE WAS:
___ MAILED TO
_X_ DEPOSITED IN DISTRIBUTION TRAY
CLERK'S OFFICE, KODIAK    DA/Schmitt

11/5/03

---

[8] *Coleman v. State*, 553 P.2d 40, 48 (Alaska 1976).

Case No. 3KO-S03-373 CR
Decision Regarding Order Dismissing Indictment
Page 4 of 4

000470

Ex. AO, p. 4 of 4