Westlaw.

216 Fed.Appx. 682
216 Fed.Appx. 682, 2007 WL 34424 (C.A.9 (Wash.))
(Cite as: 216 Fed.Appx. 682)

Page 1

C
Harveston v. Cunningham
C.A.9 (Wash.),2007.
This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Ninth Circuit Rule 36-3. (Find CTA9 Rule 36-3)
United States Court of Appeals,Ninth Circuit.
Nathan Phillip HARVESTON, Plaintiff-Appellant,
v.
Charles CUNNINGHAM; Jane Doe Cunningham, wife; Vennessia Daniels, Defendants-Appellees.
No. 05-35073.

Argued and Submitted Sept. 15, 2006.
Filed Jan. 5, 2007.

Background: Arrestee brought action against city police officers, alleging civil rights violations. The United States District Court for the Western District of Washington, Franklin D. Burgess, J., granted summary judgment in favor of officers. Arrestee appealed.

Holdings: The Court of Appeals held that:
(1) warrantless entry of arrestee's home was proper;
(2) arrest was supported by probable cause; and
(3) officers did not use excessive force.

Affirmed.

Schroeder, Circuit Judge, filed dissenting opinion.

West Headnotes

[1] Civil Rights 78 €—1376(6)

78 Civil Rights
　78III Federal Remedies in General
　　78k1372 Privilege or Immunity; Good Faith and Probable Cause
　　　78k1376 Government Agencies and Officers
　　　　78k1376(6) k. Sheriffs, Police, and Other Peace Officers. Most Cited Cases
Officers' actions in entering arrestee's home without warrant did not violate arrestee's clearly established Fourth Amendment rights, and thus officers were entitled to qualified immunity; it was reasonable for officers to believe that injured occupant might require assistance, since officers had been notified that fight had broken out at home and had come out to street. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983.

[2] Civil Rights 78 €—1376(6)

78 Civil Rights
　78III Federal Remedies in General
　　78k1372 Privilege or Immunity; Good Faith and Probable Cause
　　　78k1376 Government Agencies and Officers
　　　　78k1376(6) k. Sheriffs, Police, and Other Peace Officers. Most Cited Cases
Actions of officers in making warrantless arrest did not violate arrestee's clearly established Fourth Amendment rights, since arrest was supported by probable cause, and thus officers were entitled to qualified immunity; arrestee presented no evidence to show that officers' belief that he was hindering their investigation was unreasonable. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983.

[3] Civil Rights 78 €—1376(6)

78 Civil Rights
　78III Federal Remedies in General
　　78k1372 Privilege or Immunity; Good Faith and Probable Cause
　　　78k1376 Government Agencies and Officers
　　　　78k1376(6) k. Sheriffs, Police, and Other Peace Officers. Most Cited Cases
Amount of force used by officers in making arrest did not violate arrestee's clearly established Fourth

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Ex. AU, p. 1 of 6**

216 Fed.Appx. 682                                                                                                    Page 2
216 Fed.Appx. 682, 2007 WL 34424 (C.A.9 (Wash.))
(Cite as: 216 Fed.Appx. 682)

Amendment rights, since such actions were objectively reasonable, and thus officers were entitled to qualified immunity as to arrestee's civil rights action; arrestee continued to resist officers until pepper spray was used, and officer guided arrestee's head into vehicle rather than intentionally bumping it. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983.

*682 Jack L. Burtch, Esq., Aberdeen, WA, for Plaintiff-Appellant.
John E. Justice, Esq., Law LymanDaniel Kamerrer, et al, Olympia, WA, *683 John Thomas Kugler, Esq., Burgess Fitzer, PS, Tacoma, WA, for Defendants-Appellees.

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding. D.C. No. CV-03-05402-FDB.

Before: SCHROEDER, Chief Circuit Judge, TALLMAN and BEA, Circuit Judges.

MEMORANDUM [FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**1 Nathan Phillip Harveston ("Harveston") appeals the district court's adverse summary judgment in favor of Westport, Washington, police officers Charles Cunningham and Vennessia Daniels. In this 42 U.S.C. § 1983 action, Harveston alleges the officers violated his constitutional rights by illegally entering his home on July 23, 2000, illegally arresting him, and using excessive force against him.

We review summary judgment de novo, and we may affirm for any reason supported by the record. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994). The district court's qualified immunity determination is also reviewed de novo. *Elder v. Holloway*, 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994). Qualified immunity is appropriate unless the evidence shows that (1) the officers violated Harveston's constitutional rights, and (2) the rights violated were clearly established. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

[1] Viewing the record in the light most favorable to Harveston, *see Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir.2001), we nonetheless conclude that no genuine issue of material fact exists as to whether Officer Daniels violated Harveston's rights under the Fourth Amendment when she entered his home without a warrant. *Seeid.* Warrantless searches are presumptively unreasonable under the Fourth Amendment, *Payton v. New York*, 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); however, the Supreme Court has held that "[l]aw enforcement officers may enter a home without a warrant to render emergency assistance *to an injured occupant* or to protect an occupant from imminent injury." *Brigham City v. Stuart*, --- U.S. ----, 126 S.Ct. 1943, 1947, 164 L.Ed.2d 650 (2006) (emphasis added). The need for emergency aid requires a determination that the officers had (1) "reasonable grounds to believe there [was] an emergency at hand and an immediate need for their assistance for the protection of life or property," and (2) "some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched." *United States v. Cervantes*, 219 F.3d 882, 888 (9th Cir.2000); *see also Brigham City*, 126 S.Ct. at 1948 (holding that *Cervantes's* additional inquiry into the officer's subjective motivation for entry is irrelevant).

We judge application of qualified immunity by examining the case from the "on scene perspective" of a reasonable police officer. *Saucier*, 533 U.S. at 205, 121 S.Ct. 2151; *Johnson v. County of L.A.*, 340 F.3d 787, 792 (9th Cir.2003). It is undisputed that while en route to investigate the noise complaint at Harveston's residence the officers were notified by radio that a fight had broken out and it had now "come out to the street." Neither officer de-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

216 Fed.Appx. 682
216 Fed.Appx. 682, 2007 WL 34424 (C.A.9 (Wash.))
(Cite as: 216 Fed.Appx. 682)

Page 3

scribed the dispatch call as limiting the fight to outside the residence, and nothing in the record suggests that the officers were informed *684 that the situation inside the house had calmed down. As a result, conflicting testimony concerning whether the fight was still in progress and whether anyone outside told the officers help was needed inside is immaterial because such testimony does not conflict with the information already known to the officers before they arrived: namely, that a fight had begun at the residence and had spilled out onto the street.

**2 It was therefore reasonable for the officers to believe that someone might need help inside-i.e., that "an injured occupant" might require assistance. It was without question their duty to investigate. *United States v. Stafford*, 416 F.3d 1068, 1073 (9th Cir.2005). This is particularly the case given that the officers were responding to a reported fight taking place at a home: "The volatility of situations involving domestic violence make them particularly well-suited for an application of the emergency doctrine." *United States v. Martinez*, 406 F.3d 1160, 1164 (9th Cir.2005). Our case law supports the reasonableness of the officers' entry even if there was no commotion coming from inside the home. *See, e.g., United States v. Black*, 466 F.3d 1143, 1144-46 n. 1 (9th Cir.2006) (finding no constitutional violation where police responded to a domestic abuse 911 call and there was no sign of continuing abuse when the officers arrived); *Martin v. City of Oceanside*, 360 F.3d 1078, 1082 (9th Cir.2004) (justifying entry where a 911 call indicated that a woman might be in danger at her home, no one answered the door, and the woman's car was parked out front). Thus, because the officers acted reasonably when they entered Harveston's home and had a "reasonable basis ... to associate the emergency with the area or place to be searched," the district court properly found that they were entitled to qualified immunity.

[2] Similarly, Harveston's argument that he was the subject of an unlawful arrest is unpersuasive. Under the Fourth Amendment, a warrantless arrest must be supported by probable cause. *See Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir.1995). "Probable cause exists when, at the time of arrest, the agents know reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." *United States v. Delgadillo-Velasquez*, 856 F.2d 1292, 1296 (9th Cir.1988). Harveston was arrested for obstructing a police officer in violation of Washington law, and he has presented no evidence to show that the officers belief that he was hindering their investigation was unreasonable. Indeed, his aggressive behavior at the time police entered was corroborated by his own witness. Thus, Harveston's arrest was not unlawful, and summary judgment was proper.

[3] Harveston also claims that Officer Cunningham used excessive force when he used pepper spray to subdue Harveston and bumped Harveston's head as he was being placed in the patrol car. In order to defeat a claim of excessive force, an officer must show that his actions were objectively reasonable. *Graham v. Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Reasonableness is evaluated in light of the specific facts of the case. *Id.* at 396, 109 S.Ct. 1865.

The use of pepper spray " 'may be reasonable as a general policy to bring an arrestee under control.' " *Headwaters Forest Defense v. County of Humboldt*, 276 F.3d 1125, 1130 (9th Cir.2002) (quoting *LaLonde v. County of Riverside*, 204 F.3d 947, 961 (9th Cir.2000)). However, as *Headwaters* has since made clear in this circuit, " 'in a situation in which an arrestee surrenders and is rendered helpless, *685 any reasonable officer would know that a continued use of the weapon ... constitutes excessive force.' " *Id.* (emphasis omitted) (quoting *LaLonde*, 204 F.3d at 961). When Officer Cunningham sprayed Harveston, Harveston was already handcuffed, and even under Officer Cunningham's account, Harveston was merely trying to roll over and stand up. Viewed in the light most favorable to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

216 Fed.Appx. 682
216 Fed.Appx. 682, 2007 WL 34424 (C.A.9 (Wash.))
(Cite as: 216 Fed.Appx. 682)

Page 4

Harveston, these facts could suggest the use of pepper spray was objectively unreasonable in violation of Harveston's constitutional rights.

**\*\*3** However, we find that the right was not clearly established at the time of this incident. *See Saucier,* 533 U.S. at 201, 121 S.Ct. 2151 (holding that a right is "clearly established" if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted"). Despite the fact that Harveston was handcuffed, he was not completely subdued, and he continued to resist the officers until Officer Cunningham finally used the pepper spray. Under these circumstances, a reasonable officer could conclude that the use of the pepper spray was lawful, and Harveston fails to identify persuasive authority to the contrary. Thus, because the right was not clearly established, Officer Cunningham is entitled to **qualified immunity** and summary judgment was proper on the excessive force claim for use of the pepper spray.

Furthermore, Harveston's claim that Officer Cunningham used excessive force when Harveston bumped his head as he entered the patrol car is refuted by Harveston's own testimony that Officer Cunningham was "guiding" his head into the vehicle. As such, Officer Cunningham's actions were not objectively unreasonable, and he was entitled to summary judgment on the excessive force claim for the bodily injury based on qualified immunity. *See Jackson v. City of Bremerton,* 268 F.3d 646, 653 (9th Cir.2001).

Because Officer Cunningham did not use excessive force in violation of Harveston's clearly established constitutional rights, Officer Daniels cannot be liable for preventing Officer Cunningham's actions, and summary judgment on Harveston's claim of Officer Daniels's alleged complicity in employing excessive force was also appropriate.

Since Harveston is not the prevailing party, he is not entitled to attorneys fees under 42 U.S.C. § 1988. The decision of the district court is AFFIRMED. Appellant's request for attorneys fees is DENIED.

SCHROEDER, Chief Judge, dissenting:
I respectfully disagree with the conclusion that on this record the officers are entitled to immunity. There is conflicting evidence in the record as to whether the officers were told that someone inside needed help. If the officers had information that someone inside needed help, even though there was no visible or audible disturbance at the scene when they arrived, qualified immunity would be proper. The dispatch report in the circumstances of this case is not sufficient to justify immunity for a warrantless entry into a residence. In my view there is a disputed issue of material fact and for that reason I cannot join the majority's disposition.

C.A.9 (Wash.),2007.
Harveston v. Cunningham
216 Fed.Appx. 682, 2007 WL 34424 (C.A.9 (Wash.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## FRAP 32.1

### CITING JUDICIAL DISPOSITIONS

(a) <u>Citation Permitted</u>.

A court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been;

(i) designated as "unpublished," "not for publication," "non-precedential," "not precedent," or the like; and

(ii) issued on or after January 1, 2007.

(b) <u>Copies Required</u>.

If a party cites a federal judicial opinion, order, judgment, or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of that opinion, order, judgment, or disposition with the brief or other paper in which it is cited.

*(New 12-1-06)*

(eff. Dec. 1, 2006.)

## CIRCUIT RULE 36-3

### CITATION OF UNPUBLISHED DISPOSITIONS OR ORDERS

(a) <u>Not Precedent</u>: Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.

(b) <u>Citation of Unpublished Dispositions and Orders Issued on or after January 1, 2007</u>: Unpublished dispositions and orders of this court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with Fed. R. App. P. 32.1.

(c) <u>Citation of Unpublished Dispositions and Orders Issued before January 1, 2007</u>: Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit, except in the following circumstances.
  (i) They may be cited to this Court or to or by any other court in this circuit when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.
  (ii) They may be cited to this Court or by any other courts in this circuit for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case.
  (iii) They may be cited to this Court in a request to publish a disposition or order made pursuant to Circuit Rule 36-4, or in a petition for panel rehearing or rehearing en banc, in order to demonstrate the existence of a conflict among opinions, dispositions, or orders.

## CIRCUIT RULE 36-4

### REQUEST FOR PUBLICATION

Publication of any unpublished disposition may be requested by letter addressed to the Clerk, stating concisely the reasons for publication. Such a request will not be entertained unless received within 60 days of the issuance of this Court's disposition. A copy of the request for publication must be served on the parties to the case. The parties will have 10 days from the date of service to notify the Court of any objections they may have to the publication of the disposition. If such a request is granted, the unpublished disposition will be redesignated an opinion.