Robert Herz
Law Offices of Robert M. Herz, P.C.
425 G. Street, Suite 600
Anchorage, Alaska 99507
907-277-7171 Phone
907-277-0281 Fax

<div style="vertical-text">Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FRANK PETERSON, Individually and in ) | |
| His official capacity as a City of Kodiak ) | |
| Police Officer; JEFF HOLDEN, Individually ) | |
| and in his official capacity as a City of ) | |
| Kodiak Police Officer; CITY OF KODIAK; ) | |
| and JOHN AND JANE DOES 1-10, ) | Civil No. A05-0002 CV (RRB) |
| ) | |
| Defendants. ) | |

## OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COME NOW, plaintiff, Scott Brown, by and through counsel, Robert M. Herz, of the Law Offices of Robert Herz, P.C., hereby files his opposition to defendants' Peterson's and Holden's motion for summary judgment.

### GENUINE DISPUTES AS TO MATERIAL FACTS DO EXIST

Defendants correctly note that Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The defendants also correctly note that the moving party has the burden of proof of showing that there is no genuine dispute as to a material fact. However, defendants fail to note or cite any law that mandates that the court must draw all reasonable inferences regarding facts in favor

of the non-moving party and against the moving party, in this instance, the defendants. <u>T.W. Elec. Service v. Pacific Elec. Contractors</u>, 809 F.2d 626, 630-31 (9th Cir. 1987). This requirement is fatal to defendants' motion.

Throughout their motion defendants assume that the dispatcher was aware that the caller, Skonberg, had made the remark that the driver of the truck may be impaired. Defendants assume the dispatcher passed this information along to Frank Peterson, and that Peterson passed this information along to Holden. The legal analysis posited by defendants as to why the court should grant summary judgment depends on the court assuming that these critical underlying facts are true.

But documentary evidence exists that no such communications were made. Croyle and Peterson's testimony to the contrary are matters of credibility that are properly determinations that should be made by a jury. Credibility issues are not properly a matter that can be disposed of by way of summary judgment. As the court in <u>S.E.C. v. Koracorp Industries</u>, Inc. 575 F.2d 692, 699 (9th Cir. 1978) notes: "the courts have long recognized that summary judgment is singularly inappropriate where credibility is at issue." *See also*, <u>Harris v. Itzhaki</u>, 183 F.3d 1043, 1051 (9th Cir.1999). Indeed, defendants as much as admit that genuine issues of material fact exist that depend upon a credibility determination. Defendants have acknowledged that the "facts involving the claims are extensive and vigorously disputed. Plaintiff and his experts have asserted that the defendants and another employee ... are untruthful in some of their sworn testimony." Defendants Memorandum in Support of Defendants Motion to Permit Filing of Over-Length Summary Judgment Memorandum. Docket 73 at page 5. Indeed, the facts being disputed concern whether the dispatcher heard and was aware of the caller mentioning a possible DWI and whether the dispatcher reported

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

that information to the officers, and what the officers knew and were aware of in that regard.

There is no question that Skonberg did mention she thought the driver may be impaired. However, in the contemporaneous hand written notes made by Dispatcher Croyle he makes no notation or other mention of this fact to indicate he heard or was aware of the remark. See, Defendant's Exhibit B. According to Chief Kamai this omission is contrary to the training and instructions that Kodiak dispatchers are to follow. According to the chief, a dispatcher is expected to indicate in hand written notes that a caller is reporting a drunk driver. Kamai Depo at 38-40. That no handwritten notation exists tends to suggest Croyle was not aware of the remark when it was made. Moreover, the handwritten dispatch log or radio log contains no entry that Croyle dispatched Peterson on a REDDI call. Defendants Ex. H. Croyle contacts Peterson by telephone or personally to advise Peterson of the dispatch. See, Croyle Depo at 45-47. There is no dispatch recording or other documentary evidence to corroborate Croyle's claim that he told Peterson he was being dispatched on a DWI call. Croyle Depo at 48-51. Croyle is a close friend of Peterson's. Croyle Depo at 12-15; 28-31.

Critical documentary evidence indicates that in fact Croyle did not mention anything about a REDDI call or possible DWI to Officer Peterson. Peterson's affidavit in support of the complaint he files does not mention that he was dispatched on a DWI call. See, Exhibit T at 2. Peterson's police report does not indicate that he was dispatched on a DWI call. See, Exhibit L. Both documents indicate that he was dispatched on a reckless driving call. Peterson has filed reports in about 30 DWI cases between 2000 and 2003 and never left out the basis for having reasonable suspicion to make a stop. Where there were multiple bases for reasonable suspicion he mentioned all of them in his reports and his affidavits. If he was dispatched on a REDDI call he would mention this in his report. See, Peterson Depo at

74, 88-89, 94-95. Peterson claims that dispatch told him of this basic and most important fact but that he just omitted it from both his police report and from his affidavit in support of complaint. The trial court judge in state criminal court judged Peterson's demeanor and did not believe Peterson's testimony then. Defendants Ex. Y at 34, 48-49 and Z at 4. The jury, now, in this case has a right to make its own judgment after hearing Peterson's testimony and observing Peterson's demeanor. And in evaluating the testimony of all three men, the jury would want to know that these three men are all friends, close friends. See, Defendants Ex. I at 14; Ex at J at 28-29; Ex. A at 12-15; 28-31.

Holden claims that he was told by Peterson what the dispatch call was about. Holden testified at his deposition that Peterson told him that it was a REDDI call or DWI. However, Holden's report does not mention either REDDI or DWI, his report only mentions that he was dispatched on a reckless driving call. See, Exhibit J at 20-25. Not only does Peterson omit the information from two critical documents in which the information should appear but amazingly and coincidentally Holden omits it from another critical document. In three documents where one would expect to see mention of DWIor REDDI it does not appear. Holden's report tends to corroborate that no dispatch for DWI or REDDI ever occurred.

Defendants would claim three other documents exist that corroborate Croyle's claim that he told the officers this was a REDDI/DWI call. Croyle claims that he filled out the Register of Incidents/Offenses (Defendants Ex. F) and the dispatch or complaint card (Defendants Ex. G) contemporaneously with the call. Croyle Depo at 84. However, Chief Kamai admitted that there is no way to prove these documents were filled out contemporaneously with a call and they can be and sometimes are filled-in later. The only requirement or policy is that these documents should completed by the end of a shift. Kamai

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

Depo at 42-44, 48-49, 55, 79-80, 84-86; Croyle Depo at 81-82. The Notice and Order of Revocation form (Defendants Ex. AA) filled out by Peterson is notarized three days after the incident. Peterson admits that he may have filled out this form three days after the incident, (Peterson Depo at 252) after Peterson had filed the affidavit and written the report, and after Peterson had access to the dispatch log and Register information. It is not a contemporaneous document and does not tend to corroborate what occurred at the time of the actual dispatch. So while these documents exist their content is at odds with the hand written notes made by dispatcher Croyle and they are at odds with the information contained in the reports of the officers and Peterson's affidavit.

Clearly, these facts demonstrate that genuine disputes as to material facts exist and that therefore, summary judgment is not appropriate. The defendants legal argument depends on assuming as true that the dispatcher was aware of the DWI claim by the caller and passed this on to the officers. The defendants assume the facts in a light that is most favorable to them. Defendants do not analyze whether they are entitled to summary judgment assuming the facts to be in a light most favorable to the non-moving party. However, that is what the court must do. The court must assume Croyle was only aware of a reckless driving call, and defendant officers were only dispatched to a report of a reckless driver. Under this set of facts, defendant's motion for summary judgment must fail.

FOURTH AMENDMENT VIOLATION

Defendants' analysis begins with the assumption that the officers were properly dispatched on a DWI call. The "hot pursuit" analysis proceeds from this assumption. Defendants do not address whether a "hot pursuit" exception applies to a reckless driving infraction. In fact it does not. The officers are not entitled to make a warrantless entry into a

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

home in pursuit of a person suspected of reckless driving. See, Expert Report of Mott, Plaintiff Ex. 1; See also, Defendant Ex. AT at 105-106 and Expert Report of Cynthia Strout (relied upon by Mott), attached as Plaintiff Exhibit 2.[1]

Defendants offer no law from Alaska that authorizes an officer to make a warrantless entry into a home in pursuit of someone where all the officer has is reasonable suspicion of reckless driving. Viewing the facts of the case in a light most favorable to the plaintiff, as the court must, that is exactly what happened in this case. Such conduct constitutes a violation of the fourth amendment, and any arrest based on such a warrantless entry would be unlawful and illegal as well.

THE OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

As defendants acknowledge, as provided for in <u>Menotti v. City of Seattle</u>, 409 F.3d 1113, 1152 (9th Cir. 2005), the court must determine whether the alleged facts, *in the light most favorable to the non-moving party*, show that the officer's conduct violated a constitutional right. Once again the defendants rely on facts that are most favorable to them. This is seen both by the question defendants pose (where the assumption is that the person is fleeing and had committed DWI) and by characterizing the legal basis for Peterson's attempt to stop Brown as being "at a minimum, reasonable suspicion to believe Brown had committed DWI." Defendants Memorandum at 21. Defendants further state as fact that Peterson "had received a REDDI report." But as noted in the section above, another reasonable inference

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

---

[1] The next three sections, C, D and E, are all premised on the theory and on the assumption that the officers were pursuing a DWI suspect. Defendants also claim that even if Peterson was dispatched on a reckless driving charge, if the dispatcher knew it was a REDDI call, that knowledge can be imputed to Peterson. Defendants relying on <u>State v. Prater</u> at footnote 63 of Defendants Memo is premised on Croyle actually having knowledge and awareness of the DWI issue. A fact disputed by Brown.

Opposition to Def. Mtn. for SJ
Page 6 of 10

can be drawn from the facts that being the officers only had reasonable suspicion of a person committing the offense of reckless driving.

Moreover, the facts in a light most favorable to the non-moving party are that Mr. Brown was not fleeing at all. Mr. Brown's testimony standing alone disputes this claim. However, the video evidence when viewed by a reasonable person suggests that the driver of the truck would not have known he was being pursued. Even the trial court judge in state criminal court, who one may presume is a reasonable person, came to this conclusion. See, Defendants Exhibit Z at 5-6. That reasonable people may view the same evidence but reach different conclusions is what juries are for; it is not what summary judgment is for. It may be reasonable to assume that after Mr. Brown exited his car, and as he walked quickly to go to the bathroom in his house, *saw or was aware of* a police cruiser coming up the street with lights activated. However, the fact that he sees this or is aware of the police presence does not mean be *knew* the police were *after him*. While the defendants might view Mr. Brown's testimony as "questionable" (Defendants Memorandum at 22) it will be up to the jury to determine Mr. Brown's credibility.

Thus, contrary to defendants' assertion, the question is *not* can an officer lawfully pursue a *fleeing DUI* suspect into his home based on reasonable suspicion. Rather, taking the facts in the light most favorable to Mr. Brown, the question is whether an officer can make a warrantless entry into a home to conduct an investigatory stop for reckless driving based on reasonable suspicion. Moreover, the law on this issue is well settled and clear and any reasonable officer would know that such an entry would be prohibited. See, Deposition of Mott at 105-106; Report of Expert Cynthia Strout, Plaintiff Ex. 2; Deposition of Defendant Peterson at 128-140 & 265. So under the circumstances, because there was a constitutional

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

violation of a well established law such that it would be clear to a reasonable officer that his conduct was unlawful, and in fact it was clear to these officers that such conduct was unlawful, the officers are not entitled to qualified immunity in the context of a summary judgment motion.

PLAINTIFF'S FIRST CAUSE OF ACTION:  Summary Judgment not Appropriate.

Plaintiff's first cause of action is for unlawful entry, seizure and arrest. Defendants move for summary judgment based on facts taken in a light most reasonable to them, and predicated upon the assumption that Croyle and Peterson had knowledge of and were aware of the caller's DWI report.  However, since the court must view the evidence in a light most favorable to Plaintiff, enough facts exist to support the inference that Peterson unlawfully entered the Brown home armed with nothing more than reasonable suspicion of reckless driving that occurred outside of his presence.  Officer Peterson had no consent and no warrant to enter the Brown home.  Exigent circumstances did not exist and therefore the entry was unlawful, and any arrest, being "fruit of the poisonous tree" would be unlawful as well.

EXCESSIVE FORCE

Plaintiff's excessive use of force claim is that *any* amount of force used to effectuate an unlawful arrest constitutes excessive force.  Thus, *if* the arrest is unlawful because the entry into the home was unlawful then laying hands on Mr. Brown, tackling him, pepper spraying him and other such actions constitutes excessive force, since none of that conduct is privileged. Even Defendants' own expert on force, Steven Jimmerfield, agrees with this proposition.   Defendants cite no law for the proposition that use of any amount of force is permissible where the underlying arrest is unlawful.   Defendants cite no law that countenances the use of pepper spray in the context of an unlawful arrest.

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

Any opinions by plaintiff's experts about whether the officers used excessive force assuming the arrest was lawful is not a claim being advanced by plaintiff. Therefore, Plaintiff will not respond to such argument.

NO CLAIM OF LACK OF MEDICAL CARE IS ADVANCED

Without regard to any opinion being articulated by any expert Plaintiff is not advancing any claim that he was denied medical care. Plaintiff's pre-existing ankle injury was exacerbated during the unlawful arrest process. Plaintiff asserts that evidence of this exacerbated injury is relevant to the issue of damages only.

STATE CLAIMS

Defendants correctly note that plaintiff's state claims are based upon the unlawfulness of the entry into Mr. Brown's home. Defendants assert the unlawfulness of the entry is subject to summary judgment based on qualified immunity under state law. The defendants rely upon the same analysis as presented "as set forth previously. This would also apply to the claim of excessive force." Defendants Memorandum at 42. Defendants claim immunity for any state claim of unlawful entry to the house and excessive use of force. Plaintiff asserts that for the same reasons as previously discussed, defendants' arguments fail. Defendants rely on facts and inferences viewed in a light most favorable to them. When the court applies the proper standard, genuine issues as to material facts exist that depend upon the credibility of witnesses, and therefore summary judgment is particularly inappropriate.

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

<div align="left">

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net

</div>

## CONCLUSION

For the aforementioned reasons, defendants' motion for summary judgment should be denied.

DATED at Anchorage, Alaska, this 15th day of July 2008.

THE LAW OFFICES OF ROBERT HERZ, PC

s/ Robert M. Herz
425 G. Street, Suite 600
Anchorage, Alaska 99501
Phone 907-277-7171
Fax 907-277-0281
rmherz@gci.net
AK Bar No. 8706023

---

**CERTIFICATE OF SERVICE**
I hereby certify that on July 15, 2008, a copy of the foregoing Opposition was served electronically on Frank Koziol      s/ Robert Herz

---