Robert Herz
Law Offices of Robert M. Herz, P.C.
425 G. Street, Suite 600
Anchorage, Alaska 99507
907-277-7171 Phone
907-277-0281 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FRANK PETERSON, Individually and in ) <br> His official capacity as a City of Kodiak ) <br> Police Officer; JEFF HOLDEN, Individually ) <br> and in his official capacity as a City of ) <br> Kodiak Police Officer; CITY OF KODIAK; ) <br> and JOHN AND JANE DOES 1-10, ) <br> ) <br> Defendants. ) <br> ) | Civil No. A05-0002 CV (RRB) |

## OPPOSITION TO DEFENDANT CITY OF KODIAK'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, plaintiff, Scott Brown, by and through counsel, Robert M. Herz, of the Law Offices of Robert Herz, P.C., and hereby opposes defendant City of Kodiak's Motion for Summary Judgment.

Defendant, City of Kodiak, is liable under 42 U.S.C. § 1983 if it failed to train its police officers as to when it is permissible to enter a home without a warrant and/or created a policy or custom under which unconstitutional practices occurred. See Prentzel v. State, Dept. of Public Safety, 53 P.3d 587 (Alaska 2002); Fittano v. Klein, 788 F. Supp. 1451 (Ill. N.D. 1992).

The issue in a training claim is the adequacy of the training, not whether the officers received *any* training. Davis v. Mason County, 927 F.2d 1473 (9th Cir. 1991). Most importantly, while Kodiak officers may have received some training on hot pursuit and on

warrantless entries, they did not receive any training in the constitutional limits of hot pursuit and the failure to train as the legal limits of hot pursuit and when and under what circumstances a warrantless entry is allowed constitutes "deliberate indifference" as a matter of law. Davis v. Mason County, 927 F.2d 1473 (9th Cir. 1991).

A single constitutional violation may result in municipality liability when there is sufficient independent proof that the moving force of the violation was a municipal policy or custom. Vineyard v. County of Murray, Ga., 990 F.2d 1207 (11th Cir. 1993). The City, in this case knows, or should know, that its officers will have to pursue suspects. Therefore, there is need to train officers in knowing the constitutional limitations that appertain to such pursuit, such as knowing when situations give rise to a "hot pursuit" exception that might allow a warrantless entry into a suspect's home. Failing to provide such training amounts to deliberate indifference that constitutional violations will occur. As noted by the court in Allen v. Muskogee, Okla., 119 F.3d 837 (10th Cir. 1997), evidence of a single violation of federal rights, accompanied by a showing that a city has failed to train its employees to handle recurring situations, presenting an obvious potential for such a violation, is sufficient to create liability.

Here, Chief Kamai admitted that the City of Kodiak and the Kodiak Police Department has no policy or procedures concerning the pursuit of subjects into residences. Plaintiff Ex. 3 at 13-14. Not only does the department have no policies or procedures that relate to this issue, the department offers no training to officers about when they can make a warrantless entry into a home in hot pursuit of a subject. Id. at 14-20. The training is so deficient that Officer Peterson could not correctly articulate the definitions of reasonable suspicion and probable cause. In the latter case he confused this concept with the definition

Opposition to Defendant City of Kodiak's Motion for Summary Judgment
Page 2 of 3

of a civil standard regarding burden of proof. Id at 18-19. Peterson's training on hot pursuit is limited to what he learned at the police training academy and Peterson does not know, based on that training, what the constitutional limits are. Defendants Ex. I, Peterson Depo. at 198-200, 236-238.

Given the testimony of Chief Kamai and that of Officer Peterson, genuine issues of material fact exist whether the City failed to properly supervise and train Officer Peterson about when it is permissible to enter a home without a warrant, such that that failure to provide training created a policy or custom under which unconstitutional practices occurred. Consequently, the court should deny the City of Kodiak's motion for summary judgment.

DATED at Anchorage, Alaska, this 15th day of July 2008.

THE LAW OFFICES OF ROBERT HERZ, PC

s/ Robert M. Herz
425 G. Street, Suite 600
Anchorage, Alaska 99501
Phone 907-277-7171
Fax 907-277-0281
rmherz@gci.net
AK Bar No. 8706023

**CERTIFICATE OF SERVICE**
I hereby certify that on July 15, 2008, a copy of the foregoing Opposition was served electronically on Frank Koziol    s/ Robert Herz

Law Offices of Robert Herz, P.C.
425 G Street, Suite 600 • Anchorage, AK 99501
Phone 907-277-7171 • Fax 907-277-0281
E-mail rmherz@gci.net