FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
TEL: 907-258-7706
FAX: 907-258-7707
koziol@gci.net

Counsel for Defendants
FRANK PETERSON AND JEFF HOLDEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:05-CV-0002 [TMB] |
| vs. ) | |
| ) | |
| FRANK PETERSON, Individually and ) | |
| in His official capacity as a ) | |
| City of Kodiak Police Officer; ) | |
| JEFF HOLDEN, Individually and in ) | |
| his official capacity as a City ) | |
| Kodiak Police Officer; CITY OF ) | REPLY TO PLAINTIFFS' |
| KODIAK; and JOHN AND JANE DOES ) | OPPOSITION TO DEFENDANTS |
| 1-10, ) | PETERSON'S AND HOLDEN'S |
| ) | MOTION FOR SUMMARY JUDGMENT |
| Defendants. ) | |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . i

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . 1

SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . 5

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . 8

    I.  NO COLLATERAL ESTOPPEL AGAINST DEFENDANTS
        FOR ANY DECISION BY THE STATE COURT. . . . . . 8

    II.  NO FOURTH AMENDMENT VIOLATION OCCURRED
         WITH THE ENTRY INTO THE HOME. . . . . . . . . . 10

        A.  Introduction. . . . . . . . . . . . . . . 10

        B.  Hot Pursuit. . . . . . . . . . . . . . . 10

        C.  No Jury Issue Is Presented As to the Actual
           Knowledge of the REDDI Report. . . . . . 11

        D.  Peterson Had Reasonable Suspicion
           To Believe That Plaintiff Brown Had
           Committed A DUI And, Therefore, Was
           Lawfully Making An Investigatory
           Stop When Plaintiff Brown Fled. . . . . . 13

        E.  Peterson Could Lawfully Enter
           Plaintiff's Residence Without
           A Warrant Based Upon Investigatory
           Stop Authority While In Hot Pursuit. . . 14

    III.  THE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY
          FOR THE WARRANTLESS ENTRY INTO THE HOME. . . . 14

    IV.  EXCESSIVE FORCE CLAIMS SHOULD BE DISMISSED. . 14

    V.  MEDICAL CARE WAS NOT DENIED IN VIOLATION OF
        42 U.S.C. § 1983. . . . . . . . . . . . . . . 14

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

VI. STATE CLAIMS SHOULD BE DISMISSED. . . . . . . . 14

VII. CONCLUSION. . . . . . . . . . . . . . . . . . 15

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

INTRODUCTION

Plaintiff Brown has abandoned most of his claims. What remains is his contention that a genuine issue of material fact exists whether Officer Peterson knew of the REDDI report before he entered the house.

Defendants contend that (1) no such factual dispute exists and (2) even if a jury issue was presented, Defendants are still entitled to summary judgment because (a) the dispatcher's knowledge of the REDDI report is attributable to Peterson and (b) Officer Peterson could have inferred a DUI existed even if he had received the report as a reckless driving.

STATEMENT OF THE CASE

The facts relating to the REDDI report are as follows:

1. January 4, 2003 at 4:51 p.m.: Citizen reports drunk driver to Dispatcher Croyle according to the transcript of the recording.[1]

Comment: Croyle, in his handwritten notes, does not indicate a REDDI report.[2] Plaintiff Brown contends it should have been handwritten, citing portions of Chief Kamai's deposition.[3] However, Chief Kamai clearly stated that it is acceptable to put important information in the "log complaint."[4] Croyle testified he puts basic information in his notes but not

---

[1] See, Opening Brief at 1, nn.'s 3 & 4.

[2] Defendants' Exhibit B.

[3] Opposition at 3.

[4] Kamai Depo. at 41; this was filled out by Croyle at Exhibit G as "Citizen Report DWI-REDDI."

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 1 of 15

everything that may be important.[5]  There is no written policy that a dispatcher's notes contain all the important information received from a caller.

Plaintiff Brown draws the unreasonable conclusion that Croyle never heard the citizen report of a drunk driver because that fact was not in his notes.[6]  This conclusion is unreasonable because it is undisputed that the report was made to Croyle, Croyle testified he heard the comment, and two minutes later he recorded a REDDI report.

2.   January 4, 2003 at 4:53 p.m.:  Croyle told Officer Peterson of the REDDI report, dispatches him[7], and contemporaneously enters the call as a REDDI on the register of incidents/offenses.[8]

Comment: Plaintiff Brown unreasonably asserts that Croyle never told Peterson of the REDDI report when he dispatched him because there is no dispatch recording or other documentary evidence supporting the assertion.[9]

However, Croyle dispatched Peterson by talking to him face-to-face.  Therefore, there is no recording of the dispatch and under such circumstances, there was no policy requirement to

---

[5] Exhibit A at 97.

[6] Opposition at 3.

[7] See, Opening Brief at 2, n.5.

[8] See, Opening Brief at 2 n.6.

[9] Opposition at 3.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 2 of 15

write down the dispatch.[10]

Plaintiff Brown also suggests that the entry was not made contemporaneously because Chief Kamai testified it is acceptable to enter the information before the end of the shift.[11] It is unreasonable to suggest that the entry was made not at the time Croyle testified he made it simply because it was acceptable to enter it later. There is no proof of any later entry. In any event, whether seconds, minutes or hours later, any entry by Croyle that day supports the conclusion he heard the REDDI report given by the citizen.

3. January 4, 2003, immediately after Croyle's dispatch of Peterson: Croyle filled out the log complaint as "Citizen Report DWI-REDDI."[12]

Comment: This is further evidence that Croyle heard the report as a REDDI.

4. January 4, 2003, at 5:06 p.m.: Croyle dispatches a State Trooper to the Brown house telling the trooper that Peterson and Holden were previously dispatched on a REDDI.[13]

Comment: This is further evidence that Croyle heard the report as a REDDI.

5. January 4, 2003: Peterson's affidavit in support of misdemeanor complaint indicates KPD received report of reckless

---

[10]Exhibit A at 46-48.

[11]Opposition at 4.

[12]Opening Brief at 2 n.7.

[13]Opening Brief at 2 n.8.

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 3 of 15

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

driving but does not set forth it was a REDDI.[14]

6. January 6, 2003: Peterson's police report indicates KPD received report of reckless driving but does not set forth it was a REDDI.[15] Holden's report contains a similar omission.[16]

7. January 7, 2003: Peterson fills out a Notice and Order of Revocation of Brown's driver's license which describes Brown's vehicle as a REDDI.[17]

8. March 18, 2003: Plaintiff Brown's criminal defense attorney files motion to suppress based upon an illegal entry into the home.[18]

9. The REDDI dispatch of Peterson and Holden: As stated above, Croyle testified he dispatched Peterson on a REDDI. Peterson testified Croyle dispatched him on a REDDI.[19] Peterson then dispatched Holden on the REDDI. Holden testified that Peterson dispatched him on a REDDI.[20]

Comment: We, thus, have the two participants to the conversation (Croyle and Peterson) testifying that Peterson was told of the REDDI report and another witness (Holden) who testified that Peterson knew of the REDDI report because he told

---

[14]Exhibit T at p. 2.

[15]Exhibit L at 1.

[16]Exhibit J at 22.

[17]Exhibit AA and Exhibit I at 252.

[18]Exhibit U.

[19]Exhibit I at 117.

[20]Opening Brief at 3 n.10.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 4 of 15

Holden within seconds of hearing of it.

Plaintiff Brown draws the unreasonable inference that the two conversations never occurred as described because Peterson's affidavit in support of the complaint and his police report and Holden's police report do not mention the dispatch for a REDDI but only for reckless driving.[21] Plaintiff Brown believes all three witness are not credible and are lying.

The evidence is undisputed that the earliest Peterson could have known that a legal attack on his entry into the house would occur was March 18, 2003 when the motion to suppress was filed.[22] Peterson had already recorded that he knew of the REDDI report as set forth in the Notice and Order of Revocation dated January 7, 2003. There was no motive to lie about the REDDI report prior to March 18, 2003. The failure to include that fact in his police report and affidavit was an innocent mistake. The inclusion of it in the Notice and Order was truthful. This is the only reasonable conclusion to draw from the inconsistency. No reasonable inference can be drawn that the mistake was a lie.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.

---

[21] Opposition at 3.

[22] Brown did tell Officer Peterson in the processing room that he would sue him but the assertion was over the pepper spraying. Exhibit Q at 23.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 5 of 15

The moving party has the burden of showing that there is no genuine dispute as to material fact.[23] The moving party need not present evidence; it needs only point out the lack of any genuine dispute as to material fact.[24] Once the moving party has met this burden, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[25]

All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[26] However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[27]

A dispute over a "genuine" material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the nonmoving party.[28] "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement

---

[23]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[24]*Id.* at 323-325.

[25]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-249 (1986).

[26]*Id.* at 255.

[27]*Id.* at 248-249.

[28]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 6 of 15

is that there be no genuine issue of material fact."[29] The nonmoving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial.[30] However, mere allegations of factual dispute, without more, will not defeat an otherwise proper motion.[31] A mere scintilla of evidence is insufficient to defeat a motion for summary judgment.[32]

Plaintiff Brown asserts that the two defendants and the dispatcher are not "credible" and, therefore, believes that the summary judgment motion should be defeated.[33] However, a party opposing summary judgment may not merely "recite the incantation 'Credibility', and have a trial on the hope that a jury may disbelieve factually uncontested proof."[34] If this was true, no summary judgment would ever be granted and all cases would proceed to trial.

Nor may the non-moving party defeat a summary judgment motion by asserting that the jury might disbelieve the opponent's

---

[29] Id. at 247-248.

[30] Celotex Corp. v. Catrett, 477 U.S. at 322-323.

[31] Angel v. Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir. 1981) ("A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported by factual data.").

[32] Giles v. General Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007).

[33] Opposition at 2-3.

[34] Rinieri v. Scanlon, 254 F.Supp. 469, 474 (D.C.N.Y. 1966).

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 7 of 15

affidavit to that effect.[35] Furthermore, a party's affidavit which contradicts that party's deposition testimony will be disregarded and will not create a genuine issue of material fact.[36] This same rule should apply to a moving party's deposition testimony which may be contradicted by documentary evidence. A genuine issue of material fact will not be created.

There are cases where a party's state of mind is an important issue. In such cases, it is difficult to obtain summary judgment when such state of mind is central to the case resolution.[37] Plaintiff Brown has cited two such cases.[38]

However, for the qualified immunity analysis, an objective standard of reasonableness is applied, and not a subjective, state of mind, of the particular officer.[39]

ARGUMENTS

I.   NO COLLATERAL ESTOPPEL AGAINST DEFENDANTS FOR ANY DECISION BY THE STATE COURT.

Plaintiff Brown does not contend that collateral should

---

[35] Schoonejongen v. Curtiss-Wright Corp., 143 F.3d 120, 129 (3rd Cir. 1998).

[36] Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1462 (9th Cir. 1985).

[37] 10B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedural Civ.3d § 2730 (2008).

[38] Opposition at 2.

[39] Defendants' Opening Brief at 19-21.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 8 of 15

apply.[40] Nevertheless, he invites this Court to rely upon the conclusion of the criminal trial judge that Peterson did not receive the REDDI report from the officer.[41] This is improper argument. Collateral estoppel does not apply and the findings of the criminal trial judge cannot be relied upon.

Furthermore, the State judge was not shown the Notice and Order of Revocation, did not hear the testimony of Croyle (including the documents he authored which set forth the REDDI report) and did not hear the testimony of Officer Holden. Any conclusion reached by the State judge was, thus, unreliable because he was not given all the facts.

---

[40] Collateral estoppel does not apply because the Defendants were not parties to the criminal proceedings and did not have the opportunity to litigate the issue of qualified immunity. See, Lombardi v. City of El Cajon, 117 F.3d 1117, 1121 (9th Cir. 1997), where a state judge, in a prior case, suppressed evidence obtained by a search warrant because a police officer deliberately omitted material facts in his affidavit, which if included, would have negated probable cause for the warrant to be issued. Plaintiff then filed a § 1983 claim and sought collateral estoppel against the officer for a violation of his Fourth Amendment rights. The 9th Circuit refused to apply collateral estoppel because (1) the § 1983 claim raised a qualified immunity defense issue not determined by the state judge and (2) suppression rulings not followed by convictions or acquittals were not final judgments under California law.

[41] Opposition at 4.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 9 of 15

### II. NO FOURTH AMENDMENT VIOLATION OCCURRED WITH THE ENTRY INTO THE HOME.

#### A. Introduction.

Plaintiff Brown concedes that Peterson made a lawful entry into the house if he had received the REDDI report. Brown contends that a jury issue is presented on this issue. Defendants assert that no reasonable jury could conclude that Peterson did not have such knowledge.

Even if Peterson had not actually received the REDDI report, Defendants believe the entry was lawful because a DUI could be inferred from the report of reckless driving.

Finally, even if Peterson had not received the REDDI report, so long as Croyle received it, the entry was lawful.

#### B. Hot Pursuit.

Brown argues that it was not a hot pursuit because he denies he was fleeing.[42] Brown then suggests the video evidence supports the conclusion and that the criminal trial judge so concluded.[43]

First, the denial that he was fleeing is undercut by his admission on the processing tape that he saw Peterson before he entered the house.[44] Brown tries to handle this inconvenient fact by suggesting he did see Peterson before entering the house but was unaware the police were after him.[45] Nevertheless, to

---

[42] Opposition at 7.

[43] Id.

[44] Opening Brief at 23 n.87.

[45] Opposition at 7.

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 10 of 15

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

any reasonable officer's perception it would appear that Brown was fleeing.

Second, the video cam shows the gold flat bed truck pulling into the driveway and the driver's door opening and closing while the police lights were illuminated. Brown was fleeing.

Third, Brown's reference to the State judge's statements should be disregarded since collateral estoppel does not apply. Furthermore, the State judge's remarks were in the context of evaluating the crime of eluding a police officer and not an attempt to determine Brown's state of mind.[46]

An objective test should be employed, and given the short time frame, a hot pursuit occurred with no jury issue presented.

> C. No Jury Issue Is Presented As to the Actual Knowledge of the REDDI Report.

To disbelieve Peterson's testimony that he knew of the REDDI report before he entered the house, a jury would have to not only believe that Peterson is lying but also Croyle and Holden are lying.

In order to do so, the jury would have to believe that Croyle did not hear the words spoken to him by the reporting citizen. But then what explanation is there for his writing down the REDDI report on two separate documents at least by his

---

[46] "And it might very well be that the defendant was concerned that he didn't want to be found with alcohol in the vehicle, if he did have alcohol in the vehicle, or he didn't want the officer to find evidence that he was driving under the influence of alcohol, if he was. But that's a different question from eluding."
Exhibit Z at 5.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 11 of 15

shift's end if he did not hear the report?

And if Croyle heard it as a REDDI report, why would he have not stated it to Peterson? No explanation is offered.

And if Peterson heard it from Croyle as a REDDI report it would explain why he so stated to Holden and why he filled out the Notice and Order of Revocation as a REDDI. There is no other reasonable explanation for filling out this form three days after the incident if Peterson had not heard the REDDI report from Croyle. Peterson had no motive to falsify the Notice since there was no issue raised at that point about the legality of the search.

There exists no prior contradictory statements impeaching these three witnesses. There are only omissions in certain documents about the REDDI report. These omissions do not rise above a scintilla. If they did, there would be no summary judgment ever granted because no witness ever fully records all important facts mistake free.[47]

This Court should conclude that the omissions are not of sufficient materiality to permit a reasonable inference of lying and that no reasonable jury would so find. There are stronger reasons for rejecting the materiality of these omissions than rejecting a party's affidavit that contradicts deposition

---

[47]Brown suggests that Peterson's omission in the present case was the only important omission he ever made in filling out reports and affidavits in DUI cases. Opposition at 3-4. In fact, Peterson testified, upon review of those cases, to at least three other mistakes in separate cases. Exhibit I at 170.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 12 of 15

testimony which the 9th Circuit has permitted.[48]

    D.    Peterson Had Reasonable Suspicion To Believe That Plaintiff Brown Had Comitted a DUI And, Therefore, Was Lawfully Making An Investigatory Stop When Plaintiff Brown Fled.

Brown concedes, without argument to the contrary, that if Peterson knew of the REDDI report, that reasonable suspicion existed and he could make an investigatory stop.

Even if Peterson was not told of the REDDI, so long as Croyle was told, that knowledge is attributable to Peterson.[49] To this argument Brown responds that it is a disputed fact that Croyle knew of the REDDI report.[50]

Defendants believe that it is not reasonably disputed that Croyle received the REDDI report. If the Court agrees, summary judgment should be granted on this ground.

Even if Peterson was not told of the REDDI report, and even if Croyle's knowledge of the REDDI report is not imputable to Peterson, a reasonable police officer could have inferred a DUI from the report of reckless driving and the fleeing into the house.[51] Brown does not respond to this argument in his opposition. This is a separate reason to grant summary judgment.

---

[48] See, n.36 supra.

[49] Opening Brief at 15 n.63.

[50] Opposition at 6 n.1.

[51] Opening Brief at 18 & n.73.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 13 of 15

  E. Peterson Could Lawfully Enter Plaintiff's Residence Without A Warrant Based Upon Investigatory Stop Authority While In Hot Pursuit.

Brown concedes, without argument to the contrary, that Peterson could lawfully enter the house without a warrant based upon investigatory stop authority.

 III. THE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY FOR THE WARRANTLESS ENTRY INTO THE HOME.

There does not appear to be any significant disagreement as to the applicable law. Rather, Brown sees fact issues where the Defendants do not.

Defendants do not believe that either officer violated any of Brown's constitutional rights. Even if any such rights were violated, qualified immunity would apply. This would be especially true for Holden because he was simply responding to an officer in distress who needed help when he entered the house. For this separate reason, Holden should be entitled to qualified immunity.

 IV. EXCESSIVE FORCE CLAIMS SHOULD BE DISMISSED.

Brown has abandoned any excessive force claim.

 V. MEDICAL CARE WAS NOT DENIED IN VIOLATION OF 42 U.S.C. § 1983.

Brown has abandoned any denial of medical care claim.

 VI. STATE CLAIMS SHOULD BE DISMISSED.

Brown concedes that his State claims are based upon an

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 14 of 15

unlawful entry, that is, no unlawful entry no State claims.[52] Given the page limitation, Defendants will not further demonstrate the correctness of this statement. If the federal claims are dismissed, so should the State claims.

## VII. CONCLUSION.

For the aforementioned reasons, Defendants should be granted summary judgment.

        LAW OFFICE OF FRANK S. KOZIOL
        Attorney for Defendants Frank
        Peterson and Jeff Holden

Dated 7/30/2008

By: /s Frank S. Koziol
Law Office of Frank S. Koziol
618 Christensen Drive
Anchorage, Alaska 99501
Phone: 907-258-7706
Fax: 907-258-7707
Email: koziol@gci.net
ritagutierrez.koziol@gci.net
ABA No. 7210054

THIS IS TO CERTIFY that a copy of the foregoing was served electronically and by U. S. Mail upon:

Robert M. Herz, Esq.
425 "G" Street, Suite 600
Anchorage, Alaska 99501

/s Frank S. Koziol 7/30/08

---

[52] Opposition at 9.

Reply to Plaintiff's Opposition to Defendants Peterson's and Holden's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002 [TMB]
Page 15 of 15

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707