FRANK S. KOZIOL, ESQ.
Attorney at Law
618 Christensen Drive
Anchorage, Alaska 99501
907-258-7706

Counsel for Defendant
CITY OF KODIAK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT BROWN,<br><br>        Plaintiff,<br><br>    vs.<br><br>FRANK PETERSON, Individually and in His official capacity as a City of Kodiak Police Officer; JEFF HOLDEN, Individually and in his official capacity as a City Kodiak Police Officer; CITY OF KODIAK; and JOHN AND JANE DOES 1-10,<br><br>        Defendants. | ) <br> ) <br> ) <br> ) Case No. 3:05-CV-0002 [TMB]<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) REPLY TO PLAINTIFF'S<br> ) OPPOSITION TO CITY OF<br> ) KODIAK'S MOTION FOR<br> ) <u>SUMMARY JUDGMENT</u><br> ) |

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . i

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . 1

APPLICABLE SECTION 1983 LAW . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 7

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

## INTRODUCTION

Defendants Peterson and Holden have asserted that they did not violate Plaintiff Brown's civil rights and that they are entitled to qualified immunity if any violation occurred. If summary judgment is granted to the officers, then the City of Kodiak is likewise entitled to summary judgment.

Even if the officers' Motion for Summary Judgment is denied, the City is entitled to summary judgment because the facts do not show (1) there was inadequate training, (2) that any City failure to train amounted to deliberate indifference of Brown's rights, and (3) that there was a causal connection to any deprivation of rights.

## STATEMENT OF THE CASE

The claim against the City reduces to that of a failure to train Officer Peterson in warrantless search of homes while in hot pursuit.[1] However, Officer Peterson received extensive training on that subject.

---

[1] Opposition at 1-3.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendant City of Kodiak's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 1 of 8

Officer Peterson received police training at the Sitka academy for three months from September to November, 2000.[2] He was trained that he could conduct a hot pursuit into a house if the offense was serious as opposed to a minor offense. He could not recall where exactly the line was drawn but he believed that a DUI fell within the serious offense category. He understood the exigency of the circumstances involving DUI's since the evidence of drinking may be contaminated by further alcohol intake or lost due to metabolization.[3]

Chief Kamai testified that his officers, including Officer Peterson, in addition to the training at the academy, received additional training in the law of warrantless entry into a home in hot pursuit in the orientation program, the 12 week field training program, and periodic bulletins and updates from the Attorney General's office and the Police Standards

---

[2]Exhibit I at 15-16.

[3]Exhibit I at 199-200.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendant City of Kodiak's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 2 of 8

Council.[4]

## APPLICABLE SECTION 1983 LAW

A claim for failure to train will trigger municipal liability only where "the failure to train amounts to deliberate indifference to the rights" of those whom the municipal officials will come in contact.[5] Such a claim cannot be sustained unless the municipal employees violated a clearly established federal constitutional right. To be "deliberately indifferent" requires that those rights be clearly established.[6]

The Ninth Circuit has set forth a three-part test for analyzing a failure to train allegation:

1.  Whether there was an inadequate training program.

2.  Whether there was deliberate indifference on behalf of the Municipality in training its officers.

3.  Whether the inadequate training "actually caused"

---

[4] Kamai Deposition at 14-16.

[5] See, City of Canton v. Harris, 489 U.S. 378, 388 (1989).

[6] Young v. County of Fulton, 160 F.3d 899, 903-904 (2nd Cir. 1998) (citations omitted).

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendant City of Kodiak's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 3 of 8

the deprivation of rights.[7]

Unless the circumstance presented is one of the "usual and recurring situations with which [the officers] must deal" and not a rarity, inadequate training cannot be found.[8]

As to the second prong, the deliberate indifference standard was adopted to ensure that civil rights claims against municipalities are of sufficient gravity before those entities are required to defend themselves at trial. Much of that assurance would evaporate if plaintiffs could proceed to trial on the basis of the failure to train a single officer and without showing that the failure was the result of deliberate indifference.[9]

The Ninth Circuit has ruled that three to four hours of training in the use of Tazer guns and the lack of information

---

[7] Merrit v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989).

[8] Id. at 771.

[9] Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367-1368 (9th Cir. 1994), cert. denied, 513 U.S. 1083 (1995).

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendant City of Kodiak's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 4 of 8

as to the Tazer's voltage or its precise effect on the human body does not establish deliberate indifference. At most, negligence was shown.[10]

The Seventh Circuit has held that where a home was unconstitutionally searched without a warrant the municipality could not be liable for inadequate training where its officers had received basic training in search warrant law and complied with state law regarding the training of officers. The court noted that proof of a single incident of unconstitutional activity is not sufficient to impose liability unless the incident was the result of an existing, unconstitutional municipal policy.[11]

---

[10] Mateyko v. Felix, 924 F.2d 824, 826 (9th Cir. 1990), cert. denied, 502 U.S. 8914 (1991); see also, Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991) (fact that SWAT members were not trained in every conceivable hostile arrest scenario would not render their training inadequate).

[11] Tapia v. City of Greenwood, 965 F.2d 336, 338-340 (7th Cir. 1992); see also, Pineda v. City of Houston, 291 F.3d 325, 332-333 (5th Cir. 2002), cert. denied, 537 U.S. 1110 (2003) (officers' basic training in 4th Amendment law sufficient to deny inadequate training claim).

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendant City of Kodiak's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 5 of 8

ARGUMENT

First, if Officer Peterson did not violate Brown's rights by entering his home, then the City cannot be held to have been deliberately indifferent because the predicate requires that the rights be clearly established.[12]

Second, there was no inadequate training program. Basic instruction on warrantless entry into homes in hot pursuit was provided to Officer Peterson. State law was complied with by Officer Peterson's having attended the Sitka academy. Officer Peterson was correctly trained. He understood that he could enter a house in hot pursuit of a DUI suspect which Plaintiff Brown concedes to be the applicable law. Officer Peterson needed no additional training. Furthermore, this entry into Plaintiff Brown's house was unusual. There is no evidence of such entries being previously made such that a precise policy should have been written.

Third, there was no deliberate indifference by the

---

[12] See, n.6.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendant City of Kodiak's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 6 of 8

Municipality in training its officers. Only a single incident involving one officer is presented. There was no custom or practice involved of City police entering homes without a warrant because this situation was unique. There was no need for any written policy and it was sufficient for the City to rely upon the training received by its officers with updates to that training provided.

Finally, the lack of any precise City policy would not have prevented the entry to Brown's home. Indeed, the policy if written would have permitted the entry based upon reasonable suspicion and/or probable cause when in hot pursuit of a DUI suspect.

## CONCLUSION

For the aforementioned reasons, the City should be granted summary judgment.

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendant City of Kodiak's Motion for Summary Judgment
Brown v. Peterson, et al., Case No. 3:05-cv-0002 [TMB]
Page 7 of 8

LAW OFFICE OF FRANK S. KOZIOL
Attorney for Defendant City
of Kodiak

Dated: 7/30/08

By: /s Frank S. Koziol
Law Office of Frank S. Koziol
618 Christensen Drive
Anchorage, Alaska 99501
Phone: 907-258-7706
Fax: 907-258-7707
Email: koziol@gci.net
ritagutierrez.koziol@gci.net
ABA No. 7210054

THIS IS TO CERTIFY that a copy of the foregoing was served electronically and by U. S. Mail upon:

Robert M. Herz, Esq.
425 "G" Street, Suite 600
Anchorage, Alaska 99501

/s Frank S. Koziol 7/30/08

FRANK S. KOZIOL
ATTORNEY AT LAW
618 CHRISTENSEN DRIVE
ANCHORAGE, AK 99501
(907) 258-7706
FAX (907) 258-7707

Reply to Plaintiff's Opposition to Defendant City of Kodiak's Motion for Summary Judgment
*Brown v. Peterson, et al.*, Case No. 3:05-cv-0002  [TMB]
Page 8 of 8